IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CITY AND COUNTY OF BUTTE-SILVER BOW,<br><br>    Plaintiff,<br><br>vs.<br><br>3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY); DUPONT DE NEMOURS, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; GLOBE MANUFACTURING COMPANY, LLC; W.L. GORE & ASSOCIATES, INC.; and LION GROUP, INC.,<br><br>    Defendants. | CV 25-36-BU-KLD<br><br>ORDER |

Defendant 3M Company has filed two motions, both of which are opposed by Plaintiff City and County of Butte-Silver Bow: (1) a motion to stay the July 1, 2025, deadline for all Defendants to answer or otherwise respond to the Complaint pending resolution of 3M Company's forthcoming motion to transfer venue (Doc. 20); and (2) a motion for an extension of time for all Defendants to answer or otherwise respond to the Complaint in the event the motion for a stay is denied (Doc. 22).

In its motion to stay, 3M Company advises the Court that it intends to file a motion to transfer venue under 28 U.S.C. § 1404 to a more convenient forum—the District of Delaware—by July 1, 2025. (Doc. 21). 3M Company contends that staying the July 1, 2025, deadline for all Defendants to respond to the Complaint pending resolution of the forthcoming motion to transfer venue will promote the efficient use of resources for all involved, so that the parties do not begin or complete Rule 12 briefing under the controlling caselaw of a less convenient venue, should transfer to the occur. (Doc. 20).

Plaintiff counters that 3M Company's motion to stay should be denied for four reasons: (1) 3M Company already requested and received—without objection by Plaintiff—a 60-day extension for all Defendants to answer to otherwise respond to the Complaint, and 3M Company dilatorily waited until eighteen days before the deadline to seek a stay; (2) 3M Company has not provided a colorable argument that a motion for transfer to the District of Delaware will have merit; (3) 3M Company has not cited the appropriate legal standard for the motion to stay; and (4) 3M Company has not pointed to any substantive differences between Ninth Circuit law and the law of the Third Circuit, of which Delaware is part. (Doc. 27).

The Court has the discretion to stay proceedings under its inherent authority to control its docket and promote judicial efficiency. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55

(1936). In determining whether a stay is appropriate, the district court should consider the "(1) 'possibility damage may result from the granting of a stay,' (2) 'hardship or inequity which a party may suffer in being required to go forward,' and (3) 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Romoff v. Johnson & Johnson Consumer Inc.*, 2022 WL 1122850, at *1 (S.D. Cal. Apr. 14, 2022) (granting an opposed motion to stay the deadline to respond to the complaint pending a ruling on the defendant's motion to transfer venue) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Under the circumstances, and having considered these factors, the Court will grant 3M Company's request to stay the July 1, 2025, deadline for all Defendants to answer or otherwise respond to the Complaint pending resolution of the forthcoming motion to transfer venue. Granting a temporary stay will promote judicial efficiency and conserve the resources of the parties. If, for example, Defendants are required to respond to the Complaint on July 1, 2025, and the case is later transferred to the District of Delaware, briefing of any Rule 12 motions under Ninth Circuit and Third Circuit law would likely require duplication of effort by the parties. And if the motion to transfer is granted and different affirmative defenses are available under Delaware or Third Circuit law, filing Amended

Answers to assert those defenses would likely require duplication of effort by Defendants.

To minimize any hardship or inequity to Plaintiff, the Court will hold 3M Company to the July 1, 2025, deadline it proposes for the filing of a motion to transfer venue. **If 3M Company does not file its motion to transfer venue on July 1, 2025, the Court will vacate the stay and require all Defendants to answer or otherwise respond to the Complaint on or before July 15, 2025.**

Although Plaintiff has filed a return of service for all Defendants, only 3M Company and W.L. Gore & Associates, Inc. have entered an appearance in the case. To facilitate the orderly course of these proceedings, the Court will also require all remaining Defendants to file a Notice of Appearance no later than July 1, 2025.  Accordingly,

IT IS ORDERED that 3M Company's a motion to stay (Doc. 20) is GRANTED. The July 1, 2025, deadline for all Defendants to answer or otherwise respond to the Complaint is STAYED pending resolution of 3M Company's forthcoming motion to transfer venue. In light of this temporary stay,

IT IS FURTHER ORDERED that 3M Company's motion for an extension of time for all Defendants to answer or otherwise respond to the Complaint (Doc. 22) is DENIED AS MOOT. Finally,

IT IS FURTHER ORDERED that any Defendant who has not yet entered an appearance in the case must file a Notice of Appearance on or before July 1, 2025. Counsel for 3M Company shall be responsible for providing a copy of this Order to those Defendants who have not yet entered an appearance.

DATED this 27th day of June, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge