Michael A. Bliven
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
Email:  mike@blivenlawfirm.com

John Heenan
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Telephone:  (406) 839-9091
Email:  john@lawmontana.com

Steve W. Berman (*pro hac vice*)
Craig R. Spiegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com
          craigs@hbsslaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| CITY AND COUNTY OF BUTTE-SILVER BOW,<br><br>    Plaintiff,<br><br>  v.<br><br>3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY); DUPONT DE NEMOURS, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; GLOBE MANUFACTURING COMPANY, LLC; W.L. GORE & ASSOCIATES, INC.; and LION GROUP, INC.,<br><br>    Defendant(s). | Case No. 2:25-cv-00036-BMM |

## PLAINTIFF'S OPPOSITION TO DEFENDANT
## W.L. GORE & ASSOCIATES, INC.'S
## <u>MOTION TO DISMISS</u>

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................................1

II.    ARGUMENT.............................................................................................1

    A.    BSB has standing to sue Gore. ...................................................1

    B.    BSB alleges a valid RICO claim. ...............................................6

        1.    The indirect-purchaser rule does not bar the RICO claim. ...................................................................................6

        2.    BSB sufficiently alleges that Gore proximately caused its injuries. .............................................................7

    C.    BSB adequately alleges its state-law claims. .............................8

        1.    BSB sufficiently alleges causation and reliance. ........................8

        2.    BSB is a consumer for purposes of the MCPA. .........................9

        3.    Rule 9(b) is inapplicable. ..........................................................12

        4.    The claim under the Georgia Fair Business Practices Act should not be dismissed for lack of pre-suit notice...............................................................13

III.    CONCLUSION......................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*1-800-411.I.P. Holdings, LLC v. Georgia Inj. Ctrs., LLC*,
  71 F. Supp. 3d 1325 (S.D. Fla. 2014) ........................................................................4

*Abrams v. CIBA Specialty Corp.*,
  2008 WL 4183344 (S.D. Ala. Sept. 10, 2008) .......................................................5

*Albright v. Christensen*,
  24 F.4th 1039 (6th Cir. 2022) ...............................................................................14

*Amin v. Mercedes-Benz USA, LLC*,
  349 F. Supp. 3d 1338 (N.D. Ga. 2018) ....................................................................5

*Anderson v. ReconTrust Co., N.A.*,
  407 P.3d 692 (Mont. 2017) ...............................................................................9, 10

*Biederman v. FCA US LLC*,
  2025 WL 1266907 (N.D. Cal. May 1, 2025) ...........................................................6

*Boswell v. Bonial & Assocs. P.C.*,
  2021 WL 5033991 (N.D. Ga. June 28, 2021) ........................................................14

*Bravo v. Cnty. of San Diego*,
  2014 WL 555195 (N.D. Cal. Feb. 10, 2014) ...........................................................4

*In re Broiler Chicken Antitrust Litig.*,
  290 F. Supp. 3d 772 (N.D. Ill. 2017) ....................................................................12

*Clinger v. Edgewell Pers. Care Brands, LLC*,
  2023 WL 2477499 (D. Conn. Mar. 13, 2023) .........................................................5

*Coleman v. Bos. Sci. Corp.*,
  2011 WL 1532477 (E.D. Cal. Apr. 20, 2011) .........................................................5

*In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig.*,
  87 F.4th 315 (6th Cir. 2023) ...................................................................................3

*Frederick-Osborn v. Twitter, Inc.*,
    2024 WL 1354529 (N.D. Cal. Mar. 29, 2024) ......................................................11

*Goodman v. Intervet, Inc.*,
    2023 WL 5127336 (D.N.J. Aug. 10, 2023) ..................................................13, 14

*Hicks v. Boeing Co.*,
    2014 WL 1284904 (D. Del. Mar. 21, 2014) .........................................................6

*Hobbs v. Wells Fargo Bank, N.A.*,
    2024 WL 5212969 (D. Mont. Dec. 23, 2024) ......................................................12

*Jennings v. Bonus Bldg. Care, Inc.*,
    2014 WL 1806776 (W.D. Mo. May 7, 2014).........................................................7

*Lindstrom v. Polaris Inc.*,
    2024 WL 4275619 (D. Mont. Sept. 24, 2024).....................................................14

*Lucey v. Saint-Gobain Performance Plastics Corp.*,
    2018 WL 2926289 (N.D.N.Y. June 11, 2018) .......................................................8

*Martin v. Pierce Cnty.*,
    34 F.4th 1125 (9th Cir. 2022) ...........................................................................14

*Med. Marijuana, Inc. v. Horn*,
    604 U.S. 593 (2025)..............................................................................................7

*In re NJOY, Inc. Consumer Class Action Litig.*,
    2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ...................................................12

*Oki Semiconductor Co. v. Wells Fargo Bank*,
    298 F.3d 768 (9th Cir. 2002) ...............................................................................3

*Parris v. 3M Co.*,
    595 F. Supp. 3d 1288 (N.D. Ga. 2022)..................................................................5

*Peeler v. SRG Glob. Coatings, LLC*,
    2024 WL 4625640 (E.D. Mo. Oct. 30, 2024).....................................................3, 8

*Peterson v. 3M Co.*,
    2025 WL 2784485 (D. Minn. Sept. 30, 2025)....................................................3, 4

*PNC Bank, N.A. v. Wilson*,
   2015 WL 3887602 (D. Mont. June 23, 2015) .................................................9, 10

*Reynolds v. FCA US LLC*,
   546 F. Supp. 3d 635 (E.D. Mich. 2021) ...........................................................13

*Riley v. Am. Honda Motor Co.*,
   259 Mont. 128, 856 P.2d 196 (1993)...................................................................8

*Rohrer v. Knudson*,
   203 P.3d 759 (Mont. 2009)........................................................................11, 12

*Sanchez v. Green Messengers, Inc.*,
   2021 WL 5012150 (N.D. Cal. Oct. 28, 2021) ....................................................4

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010)...................................................................................1, 14

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ...........................................................................13

*Wash. Envtl. Council v. Bellon*,
   732 F.3d 1131 (9th Cir. 2013) .......................................................................1, 2

*Winans v. Ornua Foods N. Am. Inc.*,
   731 F. Supp. 3d 422 (E.D.N.Y. 2024)................................................................5

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
   601 F. Supp. 3d 625 (C.D. Cal. 2022)................................................................9

## OTHER AUTHORITIES

Fed. R. Civ. P. 201(b) ........................................................................................2

## I.    INTRODUCTION

Defendant Gore's motion to dismiss should be denied in its entirety,[1] as all grounds underlying Gore's motion are flawed. First, plaintiff Butte-Silver Bow ("BSB") unwittingly purchased contaminated gear and can trace its injury to Gore. This establishes Article III standing. Second, BSB has been proximately injured by the PFAS Concealment Enterprise, and the "indirect purchaser rule" does not bar BSB's RICO claims. Third, BSB has valid claims under Montana law and can assert claims under the laws of other states at this stage. Fourth, Georgia's pre-suit notice requirement does not apply because: (1) there is no evidence that Gore maintains a place of business in Georgia or keeps assets there; and (2) pre-suit notice requirements do not apply in federal court, under *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).

## II.    ARGUMENT

### A.    BSB has standing to sue Gore.

To meet the "irreducible constitutional minimum" for Article III standing, a plaintiff must allege an injury that is "fairly traceable to the challenged conduct." *See Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139-40 (9th Cir. 2013) (citing

---

[1] *See* W. L. Gore & Associates, Inc.'s Brief in Support of its Motion to Dismiss ("Gore Br."), ECF No. 104. Gore seeks dismissal of the Complaint and Demand For Jury Trial ("Complaint), Dkt. No. 1, ¶¶ 112–53. References to "¶" are to paragraphs in the Complaint unless otherwise noted.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To establish traceability as to Gore, BSB must allege a "line of causation" that is "more than attenuated" exists between Gore's conduct—*i.e.*, the company's manufacture and distribution of PFAS-containing materials—and its injuries. *See id.* at 1141. Gore argues that because the Complaint does not establish this line of causation, it fails to establish traceability, as well as the causation element of BSB's claims.

While Gore repeatedly asserts that BSB fails to assert that its turnout gear contains any product manufactured by Gore, this argument reflects a misreading of the Complaint. *See, e.g.*, Gore Br. at 1, 4, 8. The Complaint plausibly alleges that Gore manufactured, marketed, and sold PFAS-containing materials that Defendants Globe and Lion used in the production of turnout gear purchased by BSB. *See* ¶¶ 83, 101–102, 104, 108, 110–111, 133, 142, 145, 151, 194, 254–256.[2] Importantly, BSB is not required to allege that Gore is the "sole source" of its injuries. *See Wash. Env't Council*, 732 F.3d at 1142. Moreover, "[a] causal chain does not fail simply because it has several links, provided those links are not hypothetical or tenuous." *Id.* at 1141-42. BSB's allegations draw a clear line of traceability and establish causation as to

---

[2] Notably, Gore advertises that it manufactures fabrics specifically for use in fire emergencies and that "official Gore partner[s]" the company "work[s] closely with" include Defendant Globe and Defendant Lion. *See Manufacturing Partners*, Gore-Tex Brand, https://www.goretexprofessional.com/about-us/our-partners (last visited Nov. 12, 2025); *see also* Fed. R. Civ. P. 201(b) (permitting court to notice a fact if it is "not subject to reasonable dispute").

Gore. *Cf, e.g., Peeler v. SRG Glob. Coatings, LLC*, 2024 WL 4625640, at \*4 (E.D. Mo. Oct. 30, 2024) (causation established where plaintiff alleged defendant manufactured PFAS used in another defendant's manufacturing processes).

Gore also ignores that tracing a sale of PFAS gear to BSB by *any* member of the PFAS Concealment Enterprise subjects all members of that enterprise to joint liability. The Ninth Circuit has explained that "[h]olding RICO conspirators jointly and severally liable for the acts of their co-conspirators reflects the notion that the damage wrought by the conspiracy 'is not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.'" *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 775 (9th Cir. 2002) (citation omitted).

Gore also incorrectly argues that the Complaint relies on impermissible "shotgun allegations as to all Defendants," emphasizing certain allegations that refer to all Defendants collectively. *See* Gore Br. at 8. In so arguing, Gore ignores other allegations in the Complaint that unequivocally establish Gore's contribution to BSB's injuries. *See, e.g.*, ¶¶ 83, 101–102, 104, 110–111. As such, the cases that Gore cites for its argument that the Complaint relies on impermissible shotgun pleading are distinguishable. *See, e.g., In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig. ("Hardwick")*, 87 F.4th 315, 318–21 (6th Cir. 2023) (emphasizing bare allegations, choice to treat defendants "as a collective," and failure to allege "any plausible pathway" by which the defendants could have injured plaintiff); *Peterson*

*v. 3M Co.*, 2025 WL 2784485, at \*4 (D. Minn. Sept. 30, 2025) (allegations attributing PFAS products at issue to non-defendant and grouping defendants together with same non-defendant undermined traceability, "especially absent any statements plausibly pleading that Plaintiffs' carpets were treated with PFAS products"); *Sanchez v. Green Messengers, Inc.*, 2021 WL 5012150, at \*2 (N.D. Cal. Oct. 28, 2021) (vague allegation as to "some or all of the defendants" did not establish Amazon's control over plaintiff's employment).

To the extent the Complaint refers to multiple Defendants at a time, nothing in the federal pleading rules precludes this. "The practice only runs afoul of the applicable pleading standard where it denies a defendant notice of the specific claim against it." *See 1-800-411.I.P. Holdings, LLC v. Georgia Inj. Ctrs., LLC*, 71 F. Supp. 3d 1325, 1330 (S.D. Fla. 2014); *see also Bravo v. Cnty. of San Diego*, 2014 WL 555195, at \*2 (N.D. Cal. Feb. 10, 2014) (where complaint "continually ma[de] broad conclusions that are not supported by factual allegations," "often group[ed] all of the defendants together," and "fail[ed] to allege which defendants engaged in what activity and when," complaint "fail[ed] to provide the defendants fair notice of the claims against them" as required by Rule 8). Here, BSB's allegations against Gore are more than sufficient—indeed, Gore's "own arguments for dismissal reveal that

it understands in detail the nature of and basis for the claims against it." *Cf. Parris v. 3M Co.*, 595 F. Supp. 3d 1288, 1312 (N.D. Ga. 2022).[3]

Finally, Gore implies that BSB is required to "have tested" all of its turnout gear products, as well as identify the specific PFAS-containing materials that Gore supplied to Defendants Lion and Globe for incorporation into the turnout gear BSB purchased. *See* Gore Br. at 3, 4. Neither is required at the pleading stage. *See, e.g., Winans v. Ornua Foods N. Am. Inc.*, 731 F. Supp. 3d 422, 428 (E.D.N.Y. 2024) (expressly declining, in PFAS contamination case, to impose "a rule that would require plaintiffs to provide laboratory testing results of the product to satisfy standing"); *Clinger v. Edgewell Pers. Care Brands, LLC*, 2023 WL 2477499, at *3 (D. Conn. Mar. 13, 2023) ("[T]he fact that the plaintiffs did not actually test the products that they purchased does not mean that they lack standing."); *Coleman v. Bos. Sci. Corp.*, 2011 WL 1532477, at *3 (E.D. Cal. Apr. 20, 2011) (plaintiff not

---

[3] *See also Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1351 (N.D. Ga. 2018) ("Indeed, the balance of Daimler's own motion, which segues from a Rule 8(a)(2) attack into a traditional 12(b)(6) attack, belies any such notion. Rather, if the Complaint was so incomprehensible such that Daimler had no fair notice of the specific claims being interposed and the grounds upon which those claims rest, the Court finds it improbable that Daimler would be able to formulate coherent arguments as to why each of Plaintiff's individual causes of action fail to state a claim upon which relief can be granted."); *Abrams v. CIBA Specialty Corp.*, 2008 WL 4183344, at *5 (S.D. Ala. Sept. 10, 2008) ("Indeed, defendants' own filings in support of their Rule 12(b) Motion reveal that they understand, at least in general terms, the nature of the claims against them. This is simply not a case in which a defendant is unable to respond to an unintelligible pleading ….").

required to "specifically identify" products at issue under federal pleading rules); *Hicks v. Boeing Co.*, 2014 WL 1284904, at *2 (D. Del. Mar. 21, 2014) (rejecting argument that complaint must "identify the specific Boeing product that is the subject of Plaintiffs claims" and collecting cases).

## B.    BSB alleges a valid RICO claim.

### 1.    The indirect-purchaser rule does not bar the RICO claim.

Gore incorrectly argues that the indirect-purchaser rule ("IPR") bars BSB's RICO claim. *See* Gore Br. at 10-11 (relying on defendants 3M's IPR argument). BSB explains in its Opposition to 3M's motion to dismiss that for two reasons, the IPR does not require dismissal of its RICO claim. *First*, the Ninth Circuit has agreed to hear an appeal under 28 U.S.C. § 1292(b) "as to whether *Illinois Brick* applies to claims brought under 18 U.S.C. § 1964(c)." *Biederman v. FCA US LLC*, 2025 WL 1266907, at *3 (N.D. Cal. May 1, 2025), *permission to appeal granted*, *Biederman v. FCA US, LLC, et al.*, Case No. 25-3063 (9th Cir.), Dkt. No. 9.1. Because the issue is pending before the Ninth Circuit, BSB respectfully suggests that this Court should deny Gore's motion to dismiss on the IPR ground pending the Ninth Circuit's ruling in *Biederman*.

*Second*, BSB demonstrates in its Opposition to 3M's motion to dismiss that the IPR rule does not apply to BSB's RICO claim, which does not seek the types of derivative damages at issue in claims under the Clayton Act. As the Supreme Court

recently explained, "to the extent our modern antitrust precedent forecloses recovery for certain economic harms, it does so because of a requirement that we have expressly declined to extend to civil RICO." *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 607 (2025). The Court stated that "we … reiterate today that the Clayton Act and § 1964(c) are not 'interchangeable.'" *Id*. at 608 (quoting *RJR Nabisco v. Eur. Cmty*., 579 U.S. 325, 352 (2016)).

### 2.      BSB sufficiently alleges that Gore proximately caused its injuries.

Gore also erroneously argues that the Complaint fails to allege proximate causation under RICO. *See* Gore Br. at 12. Gore incorrectly contends that BSB "does not allege that the turnout gear it purchased contains any Gore materials, let alone any PFAS-containing materials, and as such, Gore could not have proximately caused Plaintiff's alleged injury." *Id.* As shown above in Section II.A, that argument is incorrect. And Gore's argument is not supported by its citation to a case in which the "Complaint lacks enough factual allegations for this statement [about proximate causation] to rise above an impermissible, 'formulaic recitation of [one of] the elements of a cause of action.'" *Jennings v. Bonus Bldg. Care, Inc*., 2014 WL 1806776, at *9 (W.D. Mo. May 7, 2014). As again shown above in Section II.A., BSB's detailed allegations are anything but formulaic.

**C.     BSB adequately alleges its state-law claims.**

**1.     BSB sufficiently alleges causation and reliance.**

Gore argues that BSB's claims under Montana law for strict liability (design defect), strict liability (failure to warn), implied warranty of merchantability, and violation of the Montana Consumer Protection Act ("MCPA") fail because the Complaint's allegations do not establish causation. *See* Gore Br. at 13. As previously explained in Section II.A, *supra*, BSB plausibly alleges that Gore manufactured, marketed, and sold PFAS-containing materials that Defendants Globe and Lion used in the production of turnout gear purchased by BSB. *See* ¶¶ 83, 101–102, 104, 110–111, 133, 142, 145, 151, 194, 254–256. These allegations establish causation. *Cf., e.g., Peeler*, 2024 WL 4625640, at *4 (causation established where plaintiff alleged defendant manufactured PFAS that were used in another defendant's manufacturing processes); *Lucey v. Saint-Gobain Performance Plastics Corp.*, 2018 WL 2926289, at *9 (N.D.N.Y. June 11, 2018) (causation established were defendants allegedly manufactured PFAS and discharged into environment by other defendants). Notably, under Montana law, causation is ordinarily a question of fact for the jury, except for in rare circumstances "where reasonable minds can reach but one conclusion regarding causation." *Riley v. Am. Honda Motor Co.*, 259 Mont. 128, 132, 856 P.2d 196, 198 (1993).

### 2. BSB is a consumer for purposes of the MCPA.

Gore also erroneously argues that BSB's MCPA claim should be dismissed because BSB is not a "consumer" within the meaning of the Act and BSB has failed to plead "detrimental reliance." *See* Gore Br. at 14. BSB explains in its Opposition to 3M's motion to dismiss that BSB has standing to sue under the MCPA because it bought the turnout gear for the personal use of its firefighters. *See* ¶ 76 ("Turnout gear is the personal protective equipment (PPE) used by fire fighters…."). As to the latter argument, BSB's claim under the MCPA "does not require [it] to plead and prove the individual elements of fraud … including detrimental reliance. Instead, [it] need only identify plausible unfair or deceptive acts committed by [Gore][,]" which BSB has done. *PNC Bank, N.A. v. Wilson ("PNC Bank")*, 2015 WL 3887602, at *7 (D. Mont. June 23, 2015); *see also* ¶¶ 83, 101–102, 104, 108, 110–111, 133–134, 142, 145, 151, 155, 157, 189, 194, 197–200, 254–261.

In *In re ZF-TRW Airbag Control Units Prods. Liab. Litig. ("In re ZF-TRW")*, 601 F. Supp. 3d 625, 788 (C.D. Cal. 2022), a California federal court called *PNC Bank* into doubt when it interpreted *Anderson v. ReconTrust Co., N.A.*, 407 P.3d 692 (Mont. 2017), as requiring a plaintiff to plead detrimental "reliance on a defendant's unfair or deceptive acts" to state a claim under the MCPA. However, *In re ZF-TRW* misinterpreted *Anderson*.

In *Anderson*, the plaintiffs defaulted on a mortgage, causing the scheduling of a foreclosure sale. The plaintiffs then asked their bank about a loan modification. *Id.* at 695. Their claims "boil[ed] down to no more than that [the bank] [mistakenly] told [them] that they qualified for a loan modification and then, within a matter of days, backtracked and told them they did not." *Id.* at 699. After the plaintiffs experienced foreclosure, they sued their bank, including under the MCPA. *Id.* Addressing the MCPA claim, the Montana Supreme Court explained that nothing in the complaint indicated that, "but for their reliance" on the bank's mistake, the plaintiffs "would have timely cured their default and avoided foreclosure." *Id.* at 700. In other words, the plaintiffs did not sustain a loss *as a result of* the bank's mistake. *Id. Anderson* is consistent with *PNC Bank*, where the Court explained that, under the MCPA, "[a]ny consumer who sustains a loss *as a result of* conduct that is unlawful may pursue a cause of action for relief." *PNC Bank*, 2015 WL 3887602, at *8 (emphasis added). *Anderson* does not (and, assuredly, does not claim to) set forth a rule that detrimental reliance is an element of MCPA claims.

The Court does not need to address this apparent disagreement among federal courts, however, because BSB plausibly pleads detrimental reliance. BSB alleges that Gore knew of the risks associated with using PFAS and PTFE-laden materials in firefighter turnout gear but failed to disclose these risks, actively concealing them from both BSB and the public. *See, e.g.*, ¶¶ 133–134, 142, 145, 151, 187, 189, 194,

196–200. Taken together, the Complaint's allegations establish that BSB relied on Gore's unfair and deceptive omissions. *See, e.g.*, ¶¶ 155, 187, 189, 194, 196–200, 254–261. Gore acknowledges BSB's allegations that it reasonably relied on *all Defendants'* omissions but urges the Court to infer that these allegations are "not applicable to a component part manufacturer like Gore." *See* Gore Br. at 14 (citing ¶¶ 254–56). Thus, Gore asks the Court to ignore reasonable inferences supported by the allegations and, instead, "draw inferences in [Gore's] favor," which is improper at this stage. *See Frederick-Osborn v. Twitter, Inc.*, 2024 WL 1354529, at *5 (N.D. Cal. Mar. 29, 2024) (it is "improper[]" to "draw inferences in Defendants' favor at the motion to dismiss stage").

Gore also broadly asserts, but does not meaningfully argue, that the MCPA, "paralleling Section 5(a)(1) of the FTC Act, requires 'substantial injury to consumers,' which Plaintiff does not allege." *See* Gore Br. at 14. For this argument, Gore cites *Rohrer v. Knudson*, 203 P.3d 759 (Mont. 2009), which Gore misinterprets. In *Rohrer*, the Montana Supreme Court clearly stated that "[w]hile the MCPA declares both unfair and deceptive acts or practices unlawful, this opinion only addresses unfair acts or practices." *See id.* at 764 n.3. Moreover, the court explained that it was adopting a "version" of the criteria used by the FTC, ruling that "an unfair act or practice [under the MCPA] is one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous *or*

substantially injurious to consumers." *Id.* at 764 (emphasis added). Though not required, BSB does allege substantial injury. *See, e.g.,* ¶ 20 ("The presence of PFAS in turnout gear requires that the PFAS-impregnated gear be replaced as soon as possible. The cost of turnout gear … is approximately $3,000 per suit, with many departments providing two suits for each firefighter.").

### 3.    Rule 9(b) is inapplicable.

Finally, Gore argues that BSB's allegations do not satisfy Rule 9(b)'s heightened pleading standard. Gore cites no authority indicating that a claim for unfair or deceptive conduct under the MCPA is subject to Rule 9(b). *Cf. In re Broiler Chicken Antitrust Litig.*, 290 F. Supp. 3d 772, 820 (N.D. Ill. 2017). To the extent necessary, however, the Complaint adequately pleads that Gore's omissions were fraudulent. *See, e.g., Hobbs v. Wells Fargo Bank, N.A.*, 2024 WL 5212969, at *4 (D. Mont. Dec. 23, 2024) (to extent MCPA claim is predicated on fraud, Rule 9(b)'s heightened standard applies). Fraudulent omissions are subject to "somewhat relaxed" standards as compared to fraudulent misrepresentations; to satisfy Rule 9(b), the plaintiff must "set forth an explanation as to why [the] omission complained of was false and misleading." *See In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at *6 (C.D. Cal. Oct. 20, 2014). BSB does so here, so that the Complaint's allegations are "specific enough to give [Gore] notice of the particular misconduct which is alleged to constitute the fraud charged so that [Gore] can defend

against the charge and not just deny that [it has] done anything wrong." *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In particular, the Complaint identifies the facts that Gore omitted and actively concealed, explains why Gore's omissions were misleading, and indicates that, *at the very least*, the omitted information should have accompanied the turnout gear products that BSB purchased in the form of a label or warning. *See, e.g.,* ¶¶ 133–134, 142, 145, 151, 155, 187, 189, 194, 196–200.

### 4. The claim under the Georgia Fair Business Practices Act should not be dismissed for lack of pre-suit notice.

Gore incorrectly argues that Count XXVII under the Georgia Fair Business Practices Act ("GFBPA") should be dismissed for lack of pre-suit notice. *See* Gore Br. at 15-16 (citing Ga. Code Ann. § 10-1-399(b)). Section 10-1-399(b) states that the "demand requirements of this subsection shall not apply if the prospective respondent does not maintain a place of business or does not keep assets within the state." Gore does not provide any evidence that it maintains a place of business in Georgia or keeps assets there. Moreover, BSB is not required to allege that the notice requirement does not apply. *See Reynolds v. FCA US LLC*, 546 F. Supp. 3d 635, 658 (E.D. Mich. 2021) (denying motion to dismiss GFBPA claims for lack of pre-suit notice, where "Defendant does not argue that the exception is inapplicable but only that Hancock failed to affirmatively plead that the notice requirement does not apply"). *Accord*, *Goodman v. Intervet, Inc.*, 2023 WL 5127336, at *5 (D.N.J. Aug.

10, 2023) ("Plaintiffs are correct that nothing [in their complaint] suggests that Defendant maintains a place of business or assets in Georgia, thus, the pre-litigation notice is inapplicable."); *Boswell v. Bonial & Assocs. P.C.*, 2021 WL 5033991, at *11 n.12 (N.D. Ga. June 28, 2021) (same).

Gore's argument should be rejected for the independent reason that pre-suit notice requirements do not apply in federal court under *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). In *Albright v. Christensen*, 24 F.4th 1039, 1049 (6th Cir. 2022), the Sixth Circuit applied *Shady Grove*, which Gore does not even acknowledge, in holding that "Michigan's affidavit-of-merit and presuit-notice requirements do not apply in diversity actions." In *Martin v. Pierce Cnty.*, 34 F.4th 1125, 1130 (9th Cir. 2022), the Ninth Circuit subsequently cited *Albright* favorably, describing it as "holding that Michigan's affidavit-of-merit and presuit-notice requirements do not apply in federal court as they were displaced by Rules 3, 8(a), 9, 11, and 12(b)(6) of the Federal Rules of Civil Procedure." *See also Lindstrom v. Polaris Inc.*, 2024 WL 4275619, at *7 (D. Mont. Sept. 24, 2024) (applying *Shady Grove* in holding that "[s]ince the MCPA class prohibition remains procedural in nature, Rule 23 applies to determine whether a claim may be brought as a class action") (citing *Wittman v. CBI*, 2016 WL 3093427, at *5 (D. Mont. June 1, 2016)). Gore does not even try to establish otherwise as to Georgia's law, so its argument should be rejected for these two independent reasons.

## III.    CONCLUSION

Gore's motion to dismiss should be denied in its entirety.

DATED: November 20, 2025                    Respectfully submitted,

By: /s/ *John Heenan*
    John Heenan
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Telephone:  (406) 839-9091
Email:  john@lawmontana.com

By: /s/ *Michael A. Bliven*
    Michael A. Bliven
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
Email:  mike@blivenlawfirm.com

By: /s/ *Steve W. Berman*
    Steve W. Berman (*pro hac vice*)
By: /s/ *Craig R. Spiegel*
    Craig R. Spiegel (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email:  steve@hbsslaw.com
    craigs@hbsslaw.com

By: /s/ *Ian W. Sloss*
Ian W. Sloss (*pro hac vice*)
Jennifer Sclar (*pro hac vice* forthcoming)
Silver Golub & Teitell LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Email:  jsclar@sgtlaw.com
        isloss@sgtlaw.com

By: /s/ *Kyle J. McGee*
Kyle J. McGee (*pro hac vice* forthcoming)
Grant & Eisenhoffer P.A.
123 S. Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Email:  kmcgee@gelaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d), I certify that the above brief is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, and the word count, calculated by Microsoft Office Word, is 3,550 words, excluding the caption, certificate of compliance, table of contents and authorities, and certificate of service.

*/s/ John Heenan*
John Heenan

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Montana using the CM/ECF system, causing it to be electronically served on all attorneys of record.

*/s/ John Heenan*
John Heenan