# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| CITY AND COUNTY OF BUTTE-SILVER BOW,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY); DUPONT DE NEMOURS, INC.; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC., GLOBE MANUFACTURING COMPANY LLC; W.L. GORE & ASSOCIATES, INC.; AND LION GROUP INC,<br><br>Defendants. | CV-25-36-BU-BMM<br><br>**ORDER**<br><br>**on Supplemental Authority** |

## INTRODUCTION

Defendant Dupont De Nemours, Inc., The Chemours Company, The Chemours Company FC, LLC, and Corteva, Inc. (collectively "Dupont") filed a notice of supplemental authority on January 2, 2026. (Doc. 158). Dupont contends that an order in *Ryan v. Newark Grp., Inc.*, Civ. No. 4:22-cv-40089-MRG, __ F.

1

Supp. 3d __, 2025 WL 3764916 (D. Mass. Dec. 30, 2025) ("Ryan"), proved relevant to Dupont's personal jurisdiction arguments made in Dupont's motion to dismiss. (Doc. 106 at 7-12). The Court reviewed *Ryan* before filing its order denying Dupont's motion to dismiss. The Court determined that the court's decision and analysis in *Ryan* did not change the Court's personal jurisdiction analysis contained within its order on the matter. (*See* Doc. 159). A review of *Ryan* proves instructive.

In *Ryan*, the court explained the plaintiff had failed to make a *prima facie* showing of personal jurisdiction over the defendant, Dupont, in Massachusetts. (Doc. 517 at 16.) *Ryan* reasoned that the evidence provided by plaintiff did not establish "any connection to how Dupont's PFAS ended up in Massachusetts." (*Id*. at 15.) The plaintiffs in *Ryan* did not offer affidavits, testimony, or other evidence to establish Dupont's purposeful availment toward Massachusetts. (*Id*.) Dupont provided evidence that it had made no connections or sales in Massachusetts. (*Id*.) The plaintiffs in *Ryan* did not contradict these assertions by Dupont. (*Id*.) As a result, the court held that the plaintiff had failed to demonstrate the requisite relatedness, purposeful availment, and reasonableness to allow the District of Massachusetts to exercise personal jurisdiction over Dupont.

The same does not prove true here. Plaintiff City and County of Butte Silver Bow ("Plaintiff") provided the Court with affidavits and other evidence that

Dupont purposefully has directed its conduct toward Montana. The Court found relevant Dupont's conduct of awarding Montana fire departments turnout gear sets in an annual giveaway. (Doc. 129 at 19.) Plaintiff provided declarations that Dupont, in collaboration with another Defendant, Globe, had shipped similar turnout gear at issue in this case to Montana fire departments as winners of the giveaway. (Doc. 132 ¶ 6.) Plaintiff asserted that Defendants had encouraged the Montana fire departments who received the Dupont/Globe turnout gear sets to advertise the winnings and charitable acts of Dupont/Globe on social media. (*Id.*)

Plaintiff further provided an affidavit by Diane Evankovich attesting that she had been made aware of these Dupont/Globe giveaways in Montana. (Doc. 132.) The Court also found relevant Plaintiff's assertion that Evankovich and Zach Osborne, the Butte Silver Bow Fire Chief, attested that they were contacted about and marketed directly to purchase turnout gear containing Dupont's PFAS. (Docs. 129 at 19, 132, 46-1, and 46-2.) Dupont's action in directing turnout gear to Montana and seeking to advertise and market such gear to Montana fire departments differs from the facts of *Ryan*. Dupont's actions indicate Dupont's encouragement for Montana residents, particularly fire departments, to purchase and use Dupont products allegedly containing PFAS.

The Court was provided contrary evidence for Dupont's assertions that it did not direct sales, marketing, or other activities into Montana. Plaintiff provided the

requisite evidence to establish personal jurisdiction over Dupont in Montana. The Court found that personal jurisdiction over Dupont comported with due process. Dupont's conduct indicates purposeful directed activities to Montana, specifically about the product at issue, firefighter turnout gear.

The Court's review of the supplemental authority provided by Dupont does not alter the Court's determination that the Court may exercise personal jurisdiction over Dupont in this action. Dupont's conduct directed at Montana was not simply based on the "random, fortuitous, or attenuated" contacts "[Dupont] ma[de] by interacting with other persons affiliated with the state." *Cataraha v. Elemental Prism, LLC*, 2018 WL 3448283, at *4 (D. Mont. July 17, 2018) (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

DATED this 12th day of January 2026.

_____
Brian Morris, Chief District Judge
United States District Court