Brianne C. McClafferty
Brent R. Bihr
HOLLAND & HART LLP
401 North 31st Street, Suite 1200
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252.2166
*BCMcClafferty@hollandhart.com*
*BRBihr@hollandhart.com*

Gregg J. Costa (*pro hac vice*)
Gibson Dunn & Crutcher LLP
811 Main Street, Suite 3000
Houston, TX 77002-6117
Telephone: (346) 718.6649
*GCosta@gibsondunn.com*

Adam I. Steene (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 777.9326
*ASteene@gibsondunn.com*

Lauren R. Goldman (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
*lgoldman@gibsondunn.com*

Michael B. Hewes (*pro hac vice*)
Butler Snow LLP
1300 25th Avenue, Suite 204
Gulfport, MS 39501
Telephone: (228) 575.3039
*Michael.Hewes@butlersnow.com*

Caroline D. Walker (*pro hac vice forthcoming*)
Butler Snow LLP
One Federal Place
1819 Fifth Avenue N, Suite 1000
Birmingham, AL 39501
Telephone: (205) 297-2200
*Caroline.Walker@butlersnow.com*

**ATTORNEYS FOR DEFENDANT 3M COMPANY**

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

CITY AND COUNTY OF BUTTE-
SILVER BOW,

               Plaintiff,

    v.

3M COMPANY (F/K/A MINNESOTA
MINING AND MANUFACTURING
COMPANY); DUPONT DE
NEMOURS, INC.; THE CHEMOURS
COMPANY; THE CHEMOURS

COMPANY FC, LLC; CORTEVA,
INC.; GLOBE MANUFACTURING
COMPANY, LLC; W.L. GORE &
ASSOCIATES, INC.; and LION
GROUP, INC.,

Defendants.

Defendant 3M Company ("3M") submits this Answer and Affirmative and Other Defenses to Plaintiff's Complaint filed by the City and County of Butte-Silver Bow, individually and on behalf of all others similarly situated ("Plaintiff"). 3M denies each and every allegation contained in the Complaint except as may be hereinafter admitted, qualified, or explained, and states and alleges as follows:

To the extent any allegations in the Complaint relate to the health effects of per- and polyfluoroalkyl substances ("PFAS"), 3M denies each and every one of those allegations on the basis that a causal connection has not been established between exposure to any PFAS at levels typically found in the environment and any human health effects.

## I.  <u>INTRODUCTION</u>

1.     Every day, hundreds of thousands of firefighters work to protect property and save lives. When called to respond, one of their first actions is to don "turnout" or "bunker" gear, which consists of a helmet, hood, jacket, pants, suspenders, boots, gloves, and, when needed, respirators. The turnout gear contains chemicals in the "PFAS" family.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.　　Per- and polyfluoroalkyl substances, abbreviated "PFAS," are human-made chemicals consisting of a chain of carbon and fluorine atoms used in manufactured products to, inter alia, resist and repel oil, stains, and water.

**ANSWER:** 3M admits that certain PFAS are human-made chemicals. 3M admits that PFAS include carbon and fluorine atoms and that certain PFAS have been used in certain manufactured products to resist and repel oil, stains, and water. 3M denies the remaining allegations contained in Paragraph 2 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters.

3.　　PFAS are known as "forever chemicals" and, per the Stockholm Convention on Persistent Organic Pollutants (to which the United States is a signatory), are defined as: persistent (because they do not break down through organic processes or in the environment); transboundary (as they migrate through surface and ground water, as well as in the atmosphere and through wildlife); and bio-accumulative (as they concentrate within our bodies and are passed to the fetus within the womb and though breast milk). Exposure to PFAS in humans can occur through inhalation, ingestion, and dermal contact.

**ANSWER:** The allegations contained in Paragraph 3 of the Complaint purport to refer to the Stockholm Convention on Persistent Organic Pollutants. Any such Convention speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M admits that, under certain circumstances, certain PFAS may resist biodegradation and have the potential to persist in the environment. 3M denies the remaining allegations contained in Paragraph 3 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

4.    PFAS have been associated with multiple and serious adverse health effects in humans, including cancer, tumors, liver damage, immune system, endocrine disorders, high cholesterol, thyroid disease, ulcerative colitis, birth defects, decreased fertility, and pregnancy-induced hypertension. PFAS have also been found to concentrate in human blood, bones, and organs.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 4 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

5.    Turnout gear is impregnated with PFAS in the manufacturing process. Firefighters are exposed to PFAS from turnout gear through dermal exposure, the shedding of PFAS during normal use and aging of turnout gear. Firefighters are developing cancer at an alarming rate higher than the general population.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.    Fire fighter occupational cancer is the leading cause of line-of-duty deaths in the fire service.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.    At the 2022 TAFF Fallen Fire Fighter Memorial, almost 75% of the names added to the wall (348 out of 469) were members who had died from occupational cancer.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      On March 6, 2023, President Joseph R. Biden, speaking in Washington, pledged: "We're going after toxic exposure to PFAS, so-called 'forever chemicals' that for years have been in your gear, your equipment … that you depend on to be able to do your job."

**ANSWER:** Any statements by former President Biden speak for themselves. 3M denies the characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Plaintiff brings this action against Defendants 3M Company (f/k/a Minnesota Mining and Manufacturing Company), DuPont de Nemours, Inc., The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., Globe Manufacturing Company, LLC, W.L. Gore & Associates, Inc., and Lion Group, Inc. (collectively, "Defendants") for harm resulting from the sale of turnout gear containing PFAS to fire departments and fire responding agencies.

**ANSWER:** The allegations contained in Paragraph 9 of the Complaint characterize the Complaint and state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 9 of the Complaint as they pertain to 3M.  3M denies that Plaintiff is entitled to any relief whatsoever as against 3M and further denies any and all allegations of wrongdoing by 3M.

10.      3M and Chemours intentionally manufactured, distributed, marketed, and/or sold PFAS to companies, including Defendants Globe, Gore, and Lion, which also manufacture, distribute, or sell turnout gear without disclosing to Plaintiffs and the putative class the dangers of PFAS that were known to each of those entities.

**ANSWER:** 3M admits that it has, at certain times, manufactured and sold certain PFAS and PFAS-containing products, including to Defendant W.L. Gore.

3M denies the remaining allegations contained in Paragraph 10 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint as they pertain to other Defendants.

11.    For decades, while fully aware of the health risks posed by PFAS products, Defendants, through a common enterprise (the "PFAS Concealment Enterprise"), sold PFAS-infused products to fire departments and public entities that respond to fires without disclosing the toxicity of turnout gear.

**ANSWER:** 3M denies the allegations contained in Paragraph 11 of the Complaint as they pertain to 3M, including any allegation that 3M participated in any "PFAS Concealment Enterprise" or engaged in any concealment. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint as they pertain to other Defendants.

12.    Defendants never disclosed to fire departments and public entities using turnout gear that PFAS in turnout gear is extremely dangerous to health, property, and the environment. Instead, those entities collaborated to conceal the truth and such concealment was a common purpose of the PFAS Concealment Enterprise.

**ANSWER:** 3M denies the allegations contained in Paragraph 12 of the Complaint as they pertain to 3M. 3M specifically denies any allegation that it participated in any enterprise or collaborated to conceal any information. 3M lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 12 of the Complaint as they pertain

to other Defendants.

13.     By way of example, the common purpose and actions of Defendants DuPont and Chemours to hide the truth about PFAS and PFAS-infused products is exemplified by a 3M Material Safety Data Sheet that 3M had sent to Old DuPont in 1997. To protect workers who are exposed to hazardous chemicals in their work environment, OSHA adopted the Hazard Communication Standard in November 1983. The standard requires chemical manufacturers and importers to evaluate the hazards of chemicals that they produce and distribute. The Hazard Communication Standard requires information about hazards and protective measures to be disseminated on container labels and Material Safety Data Sheets. All employers with employees exposed to regulated chemicals must provide access to the labels and the Material Safety Data Sheets. Employers using the manufactured chemicals must also train employees to understand the information provided by the Material Safety Data Sheets and the labels and how to use the information to protect themselves. The Hazard Communication Standard covers all chemicals in American workplaces.[1]

**ANSWER:** The allegations contained in Paragraph 13 of the Complaint

purport to refer to OSHA standards and their requirements. Any such standards and

requirements speak for themselves, and 3M denies any characterization thereof by

Plaintiff. 3M denies the allegations contained in Paragraph 12 of the Complaint as

they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 13 of the

Complaint.

---

[1] "Hazard Communication in the 21st Century Workforce," Hearing Before the Subcommittee on Employment, Safety, and Training of the Committee on Health, Education, Labor, and Pensions, United States Senate (Mar. 25, 2004), https://www.govinfo.gov/content/pkg/CHRG-108shrg92926/html/CHRG-108shrg92926.htm.

14.    The 1997 Material Safety Data Sheet that 3M sent only to Old DuPont stated: CANCER: WARNING: Contains a chemical which can cause cancer. (3825-24-1) (1983 and 1993 studies conducted jointly by 3M and Dupont)."

**ANSWER:** The allegations contained in Paragraph 14 of the Complaint

purport to refer to the contents of a Material Safety Data Sheet. Any such

document speaks for itself, and 3M denies the characterization of any such

document by Plaintiff.

15.    The "chemical" referred to in that document was PFOA[2], which is a particularly harmful PFAS and which 3M and DuPont knew, based on their own joint studies as shown in detail in this Complaint, could cause cancer.

**ANSWER:** The allegations contained in Paragraph 15 of the Complaint

purport to refer to the contents of a Material Safety Data Sheet. Any such

document speaks for itself, and 3M denies the characterization of any such

document by Plaintiff. 3M denies the remaining allegations contained in Paragraph

15 of the Complaint as they pertain to 3M. 3M further denies that PFOA "is a

particularly harmful PFAS" or that it is known to cause cancer.  3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 15 of the Complaint.

16.    Instead of informing the public of those dangers, 3M and DuPont suppressed the 1997 Material Safety Data Sheet as part of the wrongful conduct of the PFAS Concealment Enterprise. A former Minnesota Attorney General testified before a Unites States House Committee about a lawsuit by Minnesota against 3M for PFAS pollution. In part, she testified about the 1997 Material Safety Data Sheet

---

[2] See Robert Bilott, Exposure (2019), at 351.

that 3M gave to DuPont.[3] After quoting from the document, she testified that "3M removed the label that same year and for decades sold PFAS products without warning the public of its dangers."[4] Her testimony only concerned 3M, but the same is true of DuPont, which associated with 3M to suppress the truth and to sell PFAS products for decades without warning the public of the dangers of those products.

 **ANSWER:** The allegations contained in Paragraph 16 of the Complaint

purport to refer to the contents of a Material Safety Data Sheet. Any such

document speaks for itself, and 3M denies the characterization of any such

document by Plaintiff. 3M denies the remaining allegations contained in Paragraph

16 of the Complaint as they pertain to 3M. 3M specifically denies any allegation

that it worked to conceal any information. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 16 of the Complaint as they pertain to other Defendants.

 17. Defendants 3M and DuPont have been forced to pay for some environmental harms caused by their PFAS products, but they have not paid a penny for harms caused by turnout gear that was treated with Defendants' PFAS products. For example, 3M has agreed to pay $10.3 billion to settle claims that it contaminated public water systems with PFAS, while Old DuPont, Chemours, and Corteva, Inc. agreed to pay $1.19 billion to settle similar claims.[5] Objections to the settlement were filed by "22 governments and agencies in New York, Texas, Colorado, California and elsewhere. They said the settlements will not fully cover

---

[3] Testimony of Lori Swanson, Former Minnesota Attorney General, Before the Committee on Oversight and Reform, Subcommittee on Environment, United States House of Representatives (Sept. 10, 2019), at 3, https://docs.house.gov/meetings/GO/GO28/20190910/109902/HHRG-116-GO28-Wstate-Swans onL-20190910.pdf. The Material Safety Data Sheet cited by Swanson is attached to that testimony as Exhibit A.

[4] *Id.*

[5] Clark Mindock, "3M, DuPont PFAS settlements called inadequate by cities, other objectors," Reuters (Nov. 13, 2023), https://www.reuters.com/legal/litigation/3m-dupont-pfas-settlements-called-inadequate-by-citiesother-objectors-2023-11-13/.

cleanup and legal costs facing water providers after the companies allegedly polluted drinking water with per- and polyfluoroalkyl substances, or PFAS."[6]

**ANSWER:** 3M admits that it has settled certain PFAS-related claims

brought by certain public water systems, including a nationwide class action that

was approved by a federal court. 3M further admits that certain states and other

agencies submitted objections to the class settlement agreement as originally

proposed, but those objections were all either withdrawn or overruled by the court,

which found that the final settlement agreement "fairly and adequately" remedied

the alleged harms to the class members. 3M denies the remaining allegations of

Paragraph 17 of the Complaint as they pertain to 3M. 3M specifically denies that

by entering into any settlement it admitted any wrongdoing or liability. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 17 of the Complaint as they pertain

to other Defendants.

18.    Other examples are the $12 million class action settlement by 3M and Daikin in 2022 to resolve claims they contaminated residential water sources in Alabama. And 3M and another company agreed to a $54 million settlement with property owners in Michigan whose homes are atop toxic PFAS contamination.

**ANSWER:** 3M admits that it has settled certain PFAS-related claims

brought by certain plaintiffs in Alabama and Michigan. 3M denies the remaining

---

[6] *Id.*

allegations of Paragraph 18 of the Complaint.  3M specifically denies that by

entering into any settlement it admitted any wrongdoing or liability.

19.    All of the Defendants either manufactured or sold, at some point during the class period, a range of products that use PFAS in addition to turnout gear. In addition, each of the Defendants in the manufacturing process of turnout gear and other products pollute their manufacturing sites with PFAS, causing water pollution in the water systems near their manufacturing sites. Beginning as early as 2000, in the case of 3M and DuPont, and at later times for other Defendants, each Defendant was gravely concerned that any admission regarding the toxicity of turnout gear or PFAS-laden products would expose them to liability not only for turnout gear, but would (1) call into question PFAS toxicity in for a wide range of products they sold and with respect to manufacturing sites for such products and (2) encourage competition in that other companies would compete by developing turnout gear without PFAS. Fearful of these developments, which could expose them to billions in additional liabilities and create competitors with their product lines, each of the Defendants entered into an agreement to form an enterprise, the purpose of which was to conceal the dangers of PFAS and PFAS in turnout gear.

**ANSWER:** 3M admits that it has, at certain times, manufactured and sold

certain PFAS and PFAS-containing products. 3M denies the remaining allegations

contained in Paragraph 19 of the Complaint as they pertain to 3M. 3M specifically

denies any allegation that it entered into any agreement to form an enterprise or to

conceal any information.  3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 19 of the

Complaint as they pertain to other Defendants.

20.    Although some Defendants have paid billions of dollars as a result of water pollution from their PFAS production, Defendants in this action have not paid a dime for selling turnout gear infused with PFAS to fire departments. Plaintiff files this action to remedy that injustice. The presence of PFAS in turnout gear requires that the PFAS-impregnated gear be replaced as soon as possible. The cost of turnout gear (excluding respirators) is approximately $3,000 per suit, with

many departments providing two suits for each firefighter. There are approximately 1,042,000 firefighters in the United States, so replacement costs could and should run into the billions.

**ANSWER:** 3M denies the allegations contained in Paragraph 20 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint as they pertain to other Defendants.

21.    Plaintiff, on behalf of a class of fire departments and responding agencies who bought turnout gear treated/infused with PFAS, brings claims under the Racketeering Influenced and Corrupt Organization Act ("RICO") and various state laws seeking damages in the form of money to replace turnout gear and a corrective notice to all members of the class that provides a proper warning regarding the dangers of PFAS-infused turnout gear.

**ANSWER:** The allegations contained in Paragraph 21 of the Complaint characterize the Complaint as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 21 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

## II.    PARTIES

### A.    Plaintiff

22.    Plaintiff, the City and County of Butte-Silver Bow, in the state of Montana, is a consolidated city and county government. Butte was established as a mining camp in the early 1860s and quickly became the nation's largest supplier of copper, attracting immigrants from around the world to work in Butte's mines. In 1977, the city and county governments consolidated to form the sole entity of Butte-Silver Bow ("BSB"), encompassing 717 square miles. The City and County

of Butte-Silver Bow continues to operate as a consolidated city-county government in Southwest Montana. Its current total population is estimated at nearly 36,000.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     The Butte Fire Department opened its first fire station in 1883 and today the Butte-Silver Bow Fire Department ("BSBFD") employs 176 full-time and volunteer fire fighters and supports nine volunteer fire departments throughout both the city and the county. Over the years, BSBFD has responded to wildfires and structure fires in addition to medical emergencies, automobile accidents, aircraft crashes, and other emergencies. The department is professionally run and managed, and provides organizational structure and expert advice to various volunteer fire departments. BSBFD is an active department, responding on average to at least one structure fire per week.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     BSBFD currently owns approximately 400 sets of turnout suits to protect its full-time firefighters and volunteers. Within the full-time cadre, BSBFD typically has available two sets of turnout gear per fire fighter for emergency response. After each deployment where gear is used as intended, such as responding to a structure or other fire, it must be washed and dried prior to use on another emergency run. BSBFD currently uses turnout gear manufactured by Defendants Lion Group, Inc. and Globe Manufacturing Company, LLC.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Within Butte-Silver Bow, the BSBFD serves the communities of Butte, Buxton, Centerville, Divide, Melrose, Ramsay, Rocker, Silver Bow, and—although Walkerville is a separate municipality—BSBFD assists the community when requested. The volunteer fire departments include Big Butte, Boulevard,

Centerville, Floral Park, Home Atherton, Little Basin Creek, Racetrack, Rocker, and Terra Verde.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    The mission of the Fire Department is to provide the highest level of fire protection by means of prevention, suppression, and education. Divisions within the department include suppression, prevention, training, communications, and maintenance. The functions of the Fire Department include providing manpower and equipment to suppress fires, fire prevention services, building inspections, fire investigation, and delivery of emergency medical services.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    The BSBFD is served by 36 full-time firefighters and over 125 volunteer fire department personnel.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.    BSBFD has purchased turnout gear sold by Globe and Lion, with purchases being made from 2008 through 2024. Most BSBFD's firefighters have a primary set of gear and a spare.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

**B**.    **Defendants**

29.    Defendant 3M Company ("3M"), formerly known as Minnesota Mining and Manufacturing Company, is a Delaware corporation that does business

14

throughout the United States, including in Montana. 3M has its principal place of business in St. Paul, Minnesota.

**ANSWER:** 3M admits that it is a Delaware corporation with its principal place of business in St. Paul, Minnesota. The remaining allegations contained in Paragraph 29 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M admits that it does business at various locations within the United States but denies the remaining allegations contained in Paragraph 293M.

30.    Defendant DuPont de Nemours, Inc. ("New DuPont") is a Delaware corporation that does business throughout the United States, including in Montana. New DuPont has its principal place of business in Wilmington, Delaware.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant The Chemours Company ("Chemours") is a Delaware corporation that does business throughout the United States, including in Montana. Chemours has its principal place of business in Wilmington, Delaware. In 2015, Old DuPont spun off its performance chemical business as a new, publicly traded company, Chemours. In connection with the transfer, Chemours assumed certain Old DuPont assets and liabilities, which include business lines and liabilities relating to the design, manufacture, marketing, distribution, and/or sale of certain materials and/or chemicals that are the subject of this lawsuit.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant The Chemours Company, FC, LLC ("Chemours FC") is a Delaware limited liability company that does business throughout the United States, including in Montana. Chemours FC has its principal place of business in

Wilmington, Delaware. Chemours FC operates as a subsidiary of Chemours and manufactures certain materials and/or chemicals that are the subject of this lawsuit.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant Corteva, Inc. ("Corteva") is a Delaware corporation that does business throughout the United States, including in Montana. Corteva has its principal place of business in Indianapolis, Indiana. In 2019, New DuPont spun off its agricultural business as a new, publicly traded company, Corteva, which currently holds Old DuPont as a subsidiary. In connection with these transfers, Corteva assumed certain Old DuPont assets and liabilities, which include business lines and liabilities relating to the design, manufacture, marketing, distribution, and/or sale of certain materials and/or chemicals that are the subject of this lawsuit. This Complaint refers to DuPont de Nemours, Inc., The Chemours Company, The Chemours Company FC, LLC, and Corteva, Inc. collectively as "DuPont."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant Globe Manufacturing Company, LLC ("Globe") is a New Hampshire limited liability company that does business throughout the United States, including in Montana. Globe has its principal place of business in Pittsfield, New Hampshire. Globe, at times relevant to this action, sold turnout gear with PFAS.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant W. L. Gore & Associates, Inc. ("Gore") is a Delaware corporation that does business throughout the United States, including in Montana. Gore has its principal place of business in Newark, Delaware. Gore, at times relevant to this action, sold turnout gear with PFAS.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

16

36.    Defendant Lion Group, Inc. ("Lion") is an Ohio corporation that does business throughout the United States, including in Montana. Lion has its principal place of business in Dayton, Ohio.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    Plaintiff alleges that each named Defendant is in some manner responsible for the acts alleged herein and that they proximately caused injuries to Plaintiff and members of the Class, as alleged herein.

**ANSWER:** 3M denies the allegations contained in Paragraph 37 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint as they pertain to other Defendants.

38.    Plaintiff alleges that each named Defendant derived substantial revenue from the equipment, materials, and/or chemicals that are the subjects of this lawsuit. Defendants designed, developed, manufactured, tested, packaged, promoted, marketed, advertised, distributed, and/or sold the equipment, materials, and/or chemicals in Montana and caused harm to Plaintiff and members of the Class in Montana.

**ANSWER:** 3M denies the allegations contained in Paragraph 38 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint as they pertain to other Defendants.

39.    Defendants expected or should have expected their actions to have consequences in Montana.

**ANSWER:** The allegations contained in Paragraph 39 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 39 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 39

of the Complaint as they pertain to other Defendants.

40.    Defendants purposefully availed themselves of the privilege of conducting activities in Montana, thus invoking the benefits and protections of its laws.

**ANSWER:** The allegations contained in Paragraph 40 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 40 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 40

of the Complaint as they pertain to other Defendants.

## III.    JURISDICTION AND VENUE

41.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because it is a class action where the aggregate claims of all members of the proposed Class exceed $5,000,000.00, exclusive of interests and costs, and the Plaintiff and most members of the proposed Class are citizens of a state different from each Defendant. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, as this case asserts claims under 18 U.S.C. § 1964(a).

**ANSWER:** The allegations contained in Paragraph 41 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M admits that plaintiff seeks to represent a class whose

aggregate claims exceed $5 million. 3M lacks knowledge or information sufficient

to form a belief as to the citizenship of parties other than 3M. 3M denies that

Plaintiff is entitled to any relief against 3M.

42.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because each Defendant transacts business in, is found in, and/or has agents in this District, and because some of the actions giving rise to this Complaint took place within this District.

**ANSWER:** The allegations contained in Paragraph 42 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 42 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 42

of the Complaint.

43.    This Court has personal jurisdiction over Defendants because Defendants have maintained substantial contacts, and/or committed overt acts in furtherance of the conduct alleged in the Complaint throughout the United States, including within Montana. The conduct was directed at, or had the effect of, causing injury to persons residing in, located in, or doing business throughout the United States, including within Montana.

**ANSWER:** The allegations contained in Paragraph 43 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 43 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 43

of the Complaint as they pertain to other Defendants.

## IV.    SUBSTANTIVE ALLEGATIONS

**A.    General Allegations Regarding Per- and Polyfluoroalkyl Substances**

44.    Per- and polyfluoroalkyl substances ("PFAS" or "PFAS Chemicals") are a class of synthetic chemical compounds that consist of nearly indestructible chains of carbon and fluorine atoms.

**ANSWER:** 3M admits that certain PFAS are synthetic chemical compounds and that PFAS contain carbon and fluorine atoms. 3M denies the remaining allegations contained in Paragraph 44 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters.

45.    PFAS do not exist naturally in the environment.

**ANSWER:** 3M admits that certain PFAS are human-made chemicals.

46.    PFAS were first developed in the 1930s and 1940s.

**ANSWER:** 3M admits that certain PFAS were first developed in the 1930s and 1940s.

47.    PFAS' high chemical and thermal stability have led to their use in a wide range of commercial products and industries.

**ANSWER:** 3M admits that certain PFAS have high chemical and thermal stability and have been used in various commercial products and industries.

48.    PFAS' same qualities cause them to persist in the environment and in the human body for long (if not indefinite) periods of time, earning them the nickname "forever chemicals."

**ANSWER:** 3M admits that, under certain circumstances, certain PFAS may resist biodegradation and have the potential to persist in the environment. 3M denies the remaining allegations contained in Paragraph 48 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

49.    In recent decades, researchers, environmentalists, and government agencies have all raised concerns regarding the persistence and toxicity of PFAS, as well as their ability to absorb into and bioaccumulate in the human body.

**ANSWER:** 3M admits that certain researchers, environmentalists, and government agencies have raised concerns regarding certain PFAS. 3M denies the remaining allegations contained in Paragraph 49 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters.

50.    Such concerns have prompted a dramatic increase in epidemiological studies regarding the adverse effects of PFAS exposure on human health.

**ANSWER:** 3M admits that a substantial number of scientific studies have investigated whether exposure to certain PFAS may be associated with certain human health effects. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and

any human health effects. 3M denies the allegations contained in Paragraph 51 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

51.    Peer-reviewed scientific research reflecting the best and most recent scientific information available has concluded that nearly any amount of PFAS exposure is hazardous to human health.

**ANSWER:** The allegations contained in Paragraph 51 of the Complaint purport to refer to unidentified scientific research. Any such research speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 51 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

52.    PFAS exposure in humans can occur via dermal absorption, as well as ingestion and inhalation. PFAS also crosses the placenta from mother to fetus and by passing to infants through breast milk.

**ANSWER:** 3M denies the allegations contained in Paragraph 52 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

53.    When exposed to heat, PFAS can off-gas, break down, and degrade into highly mobile and toxic particles and dust[7], increasing the risk of PFAS exposure via dermal absorption, ingestion, and inhalation.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 53 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

54.    PFAS exposure has been linked to multiple, serious adverse health effects in humans, including various cancers, tumors, liver damage, immune system and endocrine disorders, high cholesterol, thyroid disease, ulcerative colitis, birth defects, decreased fertility, and pregnancy-induced hypertension.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 54 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

---

[7] A.S. Young et al., Per- and Polyfluoroalkyl Substances (PFAS) and Total Fluorine in Fire Station Dust, J. Expo. Sci. Environ. Epidemiology (2021), https://pubmed.ncbi.nlm.nih.gov/33542478/.

55.    PFAS have been found to concentrate in human blood, bones, and organs.

**ANSWER:** 3M admits that certain PFAS have been detected in human blood and certain organs. 3M denies the remaining allegations contained in Paragraph 55 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters.

56.    Perfluorooctanoic Acid ("PFOA") and other PFAS bioaccumulate in humans' blood and organs, including the kidneys and the liver.

**ANSWER:** 3M denies the allegations contained in Paragraph 56 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

57.    PFOA and other PFAS interfere with the human body's functions, including the functions of the organs and immune systems, leading to adverse health outcomes.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 57 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

58.    Negative health effects may occur because of exposure to PFOA and other PFAS at levels below most laboratories' ability to detect at this time.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 58 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

59.    The following is a non-exhaustive list of adverse health outcomes that can result from exposure to PFOA and other PFAS, many of which can manifest after years of exposure:

a.    increased risk of kidney cancer, testicular cancer, thyroid cancer, prostate cancer, bladder cancer, breast cancer, and ovarian cancer;

b.    reduced ability of the body's immune system to fight off infections, including reduced vaccine response;

c.    interference with the body's natural hormones and liver enzymes;

d.    changes in liver enzymes; e. reproductive effects including decreased fertility;

e.    developmental effects or delays in children, including low birthweight, accelerated puberty, bone variations, or behavioral changes;

f.    increased cholesterol levels and/or risk of obesity;

g.    increased risk of high blood pressure or pre-eclampsia in pregnant women; and

h.    interference with and suppression of vaccine response (decreased serum antibody concentrations) in children.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 59 of the Complaint and each of its subparts, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

60.    PFOA has additionally been observed to cause Leydig cell tumors, pancreatic cancer cell tumors, and hepatocellular adenomas in rats.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 60 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

61.    The United States Environmental Protection Agency ("EPA") has classified PFOA as likely human carcinogens.

**ANSWER:** The allegations contained in Paragraph 61 of the Complaint purport to refer to EPA classifications. Any such classifications speak for themselves, and 3M denies any characterization of such classifications by Plaintiff. 3M denies the remaining allegations contained in Paragraph 61 of the Complaint.

62.    The EPA has concluded that there is *no safe level* of PFOA exposure in human beings.

**ANSWER:** The allegations contained in Paragraph 62 of the Complaint

purport to refer to EPA statements. Any such statements speak for themselves, and

3M denies any characterization of such statements by Plaintiff. 3M denies the

remaining allegations contained in Paragraph 62 of the Complaint.

63.    In 2022, the EPA initiated a proposed rulemaking to designate PFOA and other PFAS as a hazardous substance under the Comprehensive Environmental Response, Compensation, and Liability Act. In support of this rulemaking, the EPA stated that "evidence indicates that these chemicals may present a substantial danger to public health or welfare or the environment[.]"

**ANSWER:** The allegations contained in Paragraph 63 of the Complaint

purport to refer to EPA rulemaking and statements. Any such rulemaking and

statements speak for themselves, and 3M denies any characterization thereof by

Plaintiff. 3M denies the remaining allegations contained in Paragraph 63 of the

Complaint.

64.    On or around April 10, 2024, the EPA finalized a National Primary Drinking Water Regulation (NPDWR) establishing legally enforceable levels, called Maximum Contaminant Levels (MCLs), for six PFAS in drinking water. The EPA also finalized health-based, non-enforceable Maximum Contaminant

| Compound | Final MCLG | Final MCL (enforceable levels) |
|---|---|---|
| PFOA | Zero | 4.0 parts per trillion (ppt) (also expressed as ng/L) |
| PFOS | Zero | 4.0 ppt |
| PFHxS | 10 ppt | 10 ppt |
| PFNA | 10 ppt | 10 ppt |
| HFPO-DA (commonly known as GenX Chemicals) | 10 ppt | 10 ppt |
| Mixtures containing two or more of PFHxS, PFNA, HFPO-DA, and PFBS | 1 (unitless) Hazard Index | 1 (unitless) Hazard Index |

Level Goals (MCLGs) for the six PFAS. Notably, the MCLGs for both PFOA is listed as "Zero."

**ANSWER:** The allegations contained in Paragraph 64 of the Complaint

purport to refer to EPA regulations. Any such regulations speak for themselves,

and 3M denies any characterization thereof by Plaintiff. 3M denies the remaining

allegations contained in Paragraph 64 of the Complaint.

65.    The International Agency for Research on Cancer has classified PFOA as "carcinogenic to humans" based on strong evidence that it has some of the key properties of a carcinogen in people who are exposed to it and sufficient evidence it can cause cancer in lab animals.

**ANSWER:** The allegations contained in Paragraph 65 of the Complaint

purport to refer to classifications by the International Agency for Research on

Cancer. Any such classifications speak for themselves, and 3M denies any

characterization thereof by Plaintiff. 3M denies the remaining allegations

contained in Paragraph 65 of the Complaint.

66.    In 2022, the California Office of Environmental Health Hazard Assessment listed PFOA as a chemical known to the state of California to cause cancer.

**ANSWER:** The allegations contained in Paragraph 66 of the Complaint

purport to refer to California state agency listings. Any such listings speak for

themselves, and 3M denies any characterization thereof by Plaintiff. 3M denies the

remaining allegations contained in Paragraph 66 of the Complaint.

67.     PFAS includes polytetrafluorethylene ("PTFE"), one of the most well-known and commonly used PFAS Chemicals.

**ANSWER:** 3M admits that PTFE is a type of PFAS under certain

definitions of the term. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 76 of the

Complaint.

68.     The use of fluoropolymers (including PTFE) in manufacturing and commercial products poses substantial risks to human health.

**ANSWER:** 3M denies that a causal connection has been established

between exposure to any PFAS at levels typically found in the environment and

any human health effects. 3M denies the allegations contained in Paragraph 68 of

the Complaint, including on the basis that they are incomplete and/or inaccurate

descriptions of complex scientific and technical matters and therefore the proper

subject of expert testimony.

69.     When PTFE is used in commercial products such as textiles, other PFAS used in the manufacturing process will generally be present and pose substantial risks to human health.

**ANSWER:** 3M denies that a causal connection has been established

between exposure to any PFAS at levels typically found in the environment and

any human health effects. 3M denies the allegations contained in Paragraph 69 of

the Complaint, including on the basis that they are incomplete and/or inaccurate

descriptions of complex scientific and technical matters and therefore the proper

subject of expert testimony.

70.    Peer-reviewed scientific research has cautioned that:

a.    "there is no sufficient evidence to consider fluoropolymers as being of low concern for environmental and human health";

b.    "a blanket statement that [fluoropolymers] cannot enter cells is factually inaccurate";

c.    "there is no scientific basis to separate and subsequently remove fluoropolymers from discussions of other PFAS as a class or in terms of their impacts on human or environmental health";

d.    "[t]he conclusion that all fluoropolymers are of low concern … ignores major [PFAS] emissions linked to their production," among other issues; and

e.    "it would be impossible to verify the safety of all fluoropolymer products n the market based on the information available in the public domain."

**ANSWER:** The allegations contained in Paragraph 70 of the Complaint and each of its subparts purport to refer to unidentified scientific research. Any such research speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the remaining allegations contained in Paragraph 70 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

71.    The use of fluorinated polymers in manufacturing and commercial products poses substantial risks to human health.

**ANSWER:** 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 71 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

72.    The use of fluorinated polymers in manufacturing and commercial products such as textiles can lead (and often leads) to the formation of non-polymeric PFAS (e.g., PFOA and PFOS), which can then contaminate (and often contaminate) human beings, as well as the environment.

**ANSWER:** 3M denies the allegations contained in Paragraph 72 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

73.    The EPA has denied certain exemptions to side-chain fluorinated polymers as a result of the serious risks involved in their use.[8]

**ANSWER:** The allegations contained in Paragraph 73 of the Complaint purport to refer to EPA actions. Any such actions speak for themselves, and 3M

---

[8] EPA, Premanufacture Notification Exemption for Polymers; Amendment of Polymer Exemption Rule to Exclude Certain Perfluorinated Polymers; 2010; Vol. 75, https://www.federalregister.gov/documents/2010/01/27/2010-1477/premanufacture-notification-e xemption-for-polymers-amendment-of-polymer-exemption-rule-to-exclude.

denies any characterization thereof by Plaintiff. 3M denies the remaining

allegations contained in Paragraph 73 of the Complaint.

74.     The EPA has cautioned that it "can no longer conclude that [side-chain fluorinated polymers] 'will not present an unreasonable risk to human health or the environment.'"[9]

**ANSWER:** The allegations contained in Paragraph 74 of the Complaint

purport to refer to EPA statements. Any such statements speak for themselves, and

3M denies any characterization thereof by Plaintiff. 3M denies the remaining

allegations contained in Paragraph 74 of the Complaint.

## B.     General Allegations Regarding PFAS-Containing Turnout Gear

75.     Plaintiff and members of the class have employees who, as first responders to fire, hazardous materials incidents, and other emergency and medical calls, risk their lives on a daily basis. They not only save lives and protect property, but they also provide emergency services and medical care, perform rescues, and offer support to people in traumatic circumstances. To prepare them for and protect them during this enormously challenging work, fire fighters wear turnout gear and receive extensive and ongoing training in fire suppression.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.     Turnout gear is the personal protective equipment (PPE) used by fire fighters, depicted below. During their training, and when responding to fires, fire fighters wear turnout gear intended to provide limited thermal, chemical, and biological protection.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 76 of the Complaint.

---

[9] *Id.*

77.     Turnout gear includes several components, namely helmets, hoods, jackets, pants (with suspenders), boots, and gloves.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     These components are made up of three layers: a durable water repellant outer shell, a middle moisture barrier, and an inner thermal liner closest to the wearer's skin.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     The primary purpose of the outer shell is to protect the fire fighter from direct flame.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     The primary purpose of the middle moisture barrier is to block the penetration of water, liquid chemicals, and heat, while also allowing perspiration and body heat to escape. Liquid resistance and vapor permeability are particularly important for the prevention of steam burns, which can occur if water and heat get trapped inside the turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     The primary purpose of the thermal liner is to protect the fire fighter from ambient heat.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.    Peer-reviewed scientific research has confirmed that *all three* layers of the turnout gear contain PFAS.

**ANSWER:** The allegations contained in Paragraph 82 of the Complaint purport to refer to unidentified scientific research. Any such research speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82 of the Complaint.

83.    In a 2020 study conducted by a group of physicists at the University of Notre Dame (the "Peaslee study")[10], turnout gear (specifically, jackets and pants) was collected from fire fighters across the United States and tested. The study included turnout gear manufactured by Defendants Globe and Lion, as well as turnout gear manufactured with specialty fabrics from Defendant Gore, over several production years.

**ANSWER:** The allegations contained in Paragraph 83 of the Complaint purport to refer to a scientific study. Any such study speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Complaint.

---

[10] Graham F. Peaslee, et al., "Another Pathway for Firefighter Exposure to Per- and Polyfluoroalkyl Substances: Firefighter Textiles," Environmental Science & Technology Letters 2020, 7, 8, 594-599 (June 23, 2020), https://pubs.acs.org/doi/10.1021/acs.estlett.0c00410.

84.    In the Peaslee study, the researchers found significant quantities of PFAS in every layer of both new (still in the original packaging) and used turnout gear.

**ANSWER:** The allegations contained in Paragraph 84 of the Complaint purport to refer to a scientific study. Any such study speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the Complaint.

85.    In "every textile sample tested," the researchers found "very high" total fluorine levels (a reliable indicator of total PFAS concentration) in both the moisture barrier and outside shell layers.[11]

**ANSWER:** The allegations contained in Paragraph 85 of the Complaint purport to refer to a scientific study. Any such study speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint.

86.    The turnout gear also contained significant levels of a number of other PFAS, including PTFE.

**ANSWER:** The allegations contained in Paragraph 86 of the Complaint purport to refer to scientific findings. Any such findings speak for themselves, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or

---

[11] *Id.*

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Complaint.

87.    In the middle moisture barriers, total fluorine levels were typically greater than 30%, a result too high to be quantified by particle-induced gamma-ray emission and consistent with use of PTFE in the middle moisture barriers.

**ANSWER:** The allegations contained in Paragraph 87 of the Complaint purport to refer to scientific findings. Any such findings speak for themselves, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the Complaint.

88.    In all three layers of tested turnout gear, PFOA was present at alarmingly high levels—for instance, in one set of gear that was tested, the outer shell contained 182 parts per billion and the thermal liner contained 78 parts per billion.

**ANSWER:** The allegations contained in Paragraph 88 of the Complaint purport to refer to scientific findings. Any such findings speak for themselves, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the Complaint.

89.    To put these numbers into perspective, the EPA has set the MCL for PFOA in drinking water at 4 parts per trillion. The amount of PFOA present in the turnout gear that was tested was 182,000 parts per trillion (182 parts per billion) in the outer shell and 78,000 parts per trillion (78 parts per billion) in the thermal liner. In the thermal liners, "significant fluorine signatures" were found, indicating that "PFAS appear to migrate from the highly fluorinated layers and collect in the untreated layer of clothing worn against the skin."[12]

**ANSWER:** The allegations contained in Paragraph 89 of the Complaint purport to refer to EPA regulations and scientific findings. Any such regulations and findings speak for themselves, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Complaint.

90.    "Startlingly, garment-to-hand transfer of total fluorine [] was also observed when researchers simply manipulated the textiles in our laboratory," which is an observation that "strongly supports the premise that side-chain



Credit: *Environ. Sci. Technol. Lett.*

---

[12] *Id.*

fluoropolymers and the PFAS they bind do release to the environment upon wear."[13]

**ANSWER:** The allegations contained in Paragraph 90 of the Complaint purport to refer to scientific findings. Any such findings speak for themselves, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 of the Complaint.

91.    Lead researcher Graham Peaslee commented that fire fighter turnout gear is composed of "the most highly fluorinated textiles [he had] ever seen"[14] and that the level of PFAS in the turnout gear means that fire fighters are "swimming in a sea of [PFAS]. Those numbers for scientists are scarily high[.]"[15]

**ANSWER:** The allegations contained in Paragraph 91 of the Complaint purport to refer to statements by a researcher. Any such statements speak for themselves, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 of the Complaint.

92.    Other peer-reviewed scientific research has confirmed that elevated blood levels of PFAS have been found in fire fighters, with dermal absorption

---

[13] *Id.*

[14] Raleigh McElvery, Protective Gear Could Expose Firefighters to PFAS, Chemical and Engineering News (July 1, 2020), https://cen.acs.org/environment/persistent-pollutants/Protective-gear-expose-firefighters-PFAS/9 8/i26?fbclid=IwAR3ktyIcasjnxHiv3RNDRJldZmunQleAEoS3Av225uOscj2hFbffVcO3-Go.

[15] Andrew Wallender, Firefighters Face New Possible Risk From Toxic PFAS: Their Gear, Bloomberg Law (June 23, 2020), https://news.bloomberglaw.com/pfas-project/firefighters-face-new-possible-risk-from-toxic-pfas-their-gear.

through direct contact between the fire fighters' skin and turnout gear being "a key exposure route."[16]

**ANSWER:** The allegations contained in Paragraph 92 of the Complaint purport to refer to scientific research. Any such research speaks for itself, and 3M denies any characterization thereof by Plaintiff. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of the Complaint.

93.    Occupational cancer is presently the leading cause of line-of-duty death in the fire service.[17]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.    Over the past thirty to forty years, the leading cause of line-of-duty death in the fire services has changed from cardiac events to cancer.[18]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.    From 2015 to 2020, 75% of the fire fighters added to the IAFF Fallen Fire Fighter Memorial died from occupational cancer.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

---

[16] G.E. Campbell, et al., PFAS-free Moisture Barriers in Structural Firefighting Gear, in Toward a PFAS-free Future: Safer Alternatives to Forever Chemicals, Green Chemistry Series No. 81 (Simona A. Bălan, Thomas A. Bruton, and Kimberly G. Hazard, ed., 2024).

[17] Peaslee, supra note 12.

[18] *Id.*

96.     Seventy percent of firefighters are predicted to die eventually from cancer, which is significantly higher than the general population.[19]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

### C.     Defendants' Contributions to PFAS-Containing Turnout Gear

97.     In 1938, a chemist employed by Defendant DuPont invented PTFE. Less than a decade later, DuPont commercialized PTFE.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     By the 1950s, PFAS were widely used in commercial manufacturing, including by Defendants 3M and Dupont. Prior to the 1950s, PFAS had never been detected in the bodies or blood of human beings.

**ANSWER:** 3M admits that it has, at certain times, manufactured and sold certain PFAS and PFAS-containing products and that it was not technologically possible to detect PFAS in human blood or tissue as of the 1950s. 3M denies the remaining allegations contained in Paragraph 98 of the Complaint as they pertain to 3M, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 98 of the Complaint as they pertain to other Defendants.

---

[19] *Id.*

99.     Since the 1950s, 3M and Dupont have continued to manufacture, market, and sell PFAS.

**ANSWER:** 3M admits that it has, at certain times, manufactured and sold certain PFAS and PFAS-containing products.3M denies that it continues to manufacture, market, and sell PFAS. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 of the Complaint as they pertain to other Defendants.

100.    In 1966, Defendant Globe began manufacturing, marketing, and selling turnout gear containing PFAS.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Since 1966, Globe has continued to manufacture, market, and sell turnout gear containing PFAS, using PFAS-containing materials supplied by Defendants 3M, DuPont, Gore, and PFAS manufactured by Defendants 3M and/or DuPont.

**ANSWER:**  3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    In 1969, Robert Gore, an employee of his father's company, Defendant Gore, invented an expanded form of PTFE ("ePTFE"). Shortly thereafter, Gore commercialized ePTFE.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.   In 1970, Defendant Lion began manufacturing, marketing, and selling turnout gear containing PFAS.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.   Since 1970, Defendant Lion has continued to manufacture, market, and sell turnout gear containing PFAS, using PFAS-containing materials supplied by Defendants DuPont and Gore and PFAS manufactured by Defendants 3M and/or DuPont.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

105.   In 2013, DuPont announced that it was planning to spin off its "performance chemicals business" into a new publicly traded company, which ultimately became Defendant Chemours.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.   In 2015, Chemours began manufacturing, marketing, and selling performance chemicals, including PFAS.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.   Since 2015, Chemours has continued to manufacture, market, and sell performance chemicals, including PFAS.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.   Defendants designed, developed, manufactured, tested, packaged, promoted, marketed, advertised, distributed, and/or sold PFAS and the turnout gear

worn by Plaintiff, and members of the Class and/or the PFAS-containing materials therein and/or the PFAS therein.

**ANSWER:** 3M admits that it has, at certain times, manufactured and sold certain PFAS and PFAS-containing products. 3M denies the remaining allegations contained in Paragraph 108 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 of the Complaint as they pertain to other Defendants.

109.   Defendants 3M and DuPont expected their PFAS to reach their ultimate users without substantial change in the condition in which they were designed and manufactured, and they did so reach Plaintiff and members of the Class.

**ANSWER:** 3M denies the allegations contained in Paragraph 109 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 109 of the Complaint as they pertain to other Defendants.

110.   Defendants 3M, DuPont, and Gore expected their PFAS-containing materials to reach their ultimate users without substantial change in the condition in which they were designed and manufactured, and they did so reach Plaintiff and members of the Class.

**ANSWER:** 3M denies the allegations contained in Paragraph 110 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Complaint as they pertain to other Defendants.

111.   Defendants Globe and Lion expected their turnout gear to reach their ultimate users without substantial change in the condition in which they were designed and manufactured, and they did so reach Plaintiff and members of the Class.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

### D.    Defendants' Knowledge of the Dangers of PFAS

#### 1.    Defendant 3M's Long-Standing Knowledge of the Dangers of PFAS

112.   Defendant 3M was the largest manufacturer of PFAS in the United States from the 1940s through the early 2000s.

**ANSWER:** 3M admits that it manufactured certain PFAS and PFAS-containing products at certain times. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 112 of the Complaint.

113.   3M has known for decades that PFAS exposure is associated with adverse, substantial, and potentially lethal effects on human health.

**ANSWER:** 3M denies the allegations contained in Paragraph 113 of the Complaint. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects.

114.   As early as the 1950s, 3M began a series of studies on the physiological and toxicological properties of PFAS, concluding that PFAS were harmful to animals, humans, and the environment. The findings of these studies

were discussed internally (and often shared with DuPont), but they were not publicized or shared with any regulatory agencies. Notably:

     f.   In 1950, 3M documented that PFAS bioaccumulate in the blood of mice following exposure.

     g.   In 1963, 3M documented PFAS as being "toxic," stable in the environment, and "completely resistant to biological attack."

     h.   By the 1970s, 3M had documented PFAS in fish and were aware that PFAS were hazardous to marine life.

     a.   In 1976, 3M began monitoring the blood of its employees for PFAS because the company was concerned about potential health effects.

     b.   In 1978, 3M conducted multiple PFAS studies in monkeys and rats. The studies showed that PFAS affected the liver and gastrointestinal tract of the animals tested. 3M documented that PFAS "should be regarded as toxic."

     c.   In 1979, an internal 3M report stated that the PFAS were "more toxic than anticipated," recommending that "lifetime rodent studies [] be undertaken as soon as possible."[20]

     d.   In 1979, an internal 3M memo concluded that it was "paramount to begin now an assessment of the potential (if any) of long term (carcinogenic) effects for these compounds which are known to persist for a long time in the body and thereby give long term chronic exposure."

     e.   In 1981, 3M moved twenty-five female employees "of childbearing potential" off production lines at its Decatur, Alabama plant "[a]s a precautionary measure" based on internal researching showing that PFAS were causing birth defects in rats.[21]

---

[20] Sharon Lerner, 3M Knew About Dangers of Toxic Chemicals Decades Ago, Internal Documents Show, The Intercept (July 31, 2018), https://www.typeinvestigations.org/investigation/2018/07/31/3m-knew-dangers-pfoa-pdos-decad es-ago-internal-documents-show/.

[21] Id.

    f.  In 1987, 3M shared with DuPont the results of a two-year study where rats were fed a diet with added PFAS, resulting in the growth of cancerous tumors.

    g.  In 1989, a review of mortality data among 3M's chemical division workers found, compared to Minnesota death rates, a "statistically significant excess" of deaths by "cancer of the digestive organs and peritoneum."

**ANSWER:** The allegations contained in Paragraph 114 of the Complaint and each of its subparts purport to refer to 3M internal studies, reports, memos, and documents. Any such documents speak for themselves, and 3M denies the characterization of those documents by Plaintiff. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the remaining allegations contained in Paragraph 114 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex scientific and technical matters and therefore the proper subject of expert testimony.

115.   Section 8(e) of the Toxic Substances Control Act (TSCA) requires chemical manufacturers and distributors to immediately notify the EPA if they have information that "reasonably supports the conclusion that such substance or mixture presents a substantial risk of injury to health or to the environment." TSCA § 8(e), 15 U.S.C. § 2607(e). This reporting requirement has been included in the TSCA since its enactment in 1976. See Pub. L. 94-469, Title I, § 8, Oct. 11, 1976, 90 Stat. 2027.

**ANSWER:** The allegations contained in Paragraph 185 state a legal conclusion, to which no response is required.  To the extent that a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 185 of the Complaint.

116.   Despite the decades of alarming data, 3M did not share any of its concerns about the risks of PFAS with regulatory agencies until 1998, when the company submitted a TSCA § 8(e) letter to the EPA regarding PFOS.

**ANSWER:** 3M admits that it submitted a letter to the EPA in 1998

regarding PFOS pursuant to TSCA § 8(e). 3M denies the remaining allegations and

characterizations contained in Paragraph 116 of the Complaint.

117.   In 1998, the EPA first learned that PFAS was in the blood of the general human population. Shortly thereafter, 3M produced over 1,000 studies it had previously withheld from the EPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 117 of the

Complaint.

118.   In 2006, 3M agreed to pay the EPA a penalty of more than $1.5 million after being cited for violations of the TSCA, including violations for failing to disclose studies regarding PFOA and other PFAS.

**ANSWER:** 3M admits that it entered into a consent agreement with the

EPA in 2006. Any such consent agreement speaks for itself. 3M denies the

characterizations contained in Paragraph 118 of the Complaint.

119.   In 2022 and following a multi-year probe into both companies, the state of California announced that it was suing 3M, along with DuPont, for manufacturing PFAS with knowledge of its carcinogenic properties. In response, 3M spokesperson Carolyn LaViolette released a statement that the company "acted

responsibly in connection with products containing PFAS and will defend its record of environmental stewardship."[22]

**ANSWER:** 3M admits that the state of California filed a lawsuit against 3M and other defendants in 2022. Any such lawsuit and any statements made by 3M speak for themselves. 3M denies the characterizations contained in Paragraph 119 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

120.    The same year, 3M announced that it would work to discontinue the use of PFAS across its product portfolio by the end of 2025. In its announcement, 3M fell far short of transparency: Mike Roman, 3M's chairman and chief executive officer, asserted that "[w]hile PFAS can be safely made and used, we also see an opportunity to lead in a rapidly evolving external regulatory and business landscape for those we serve."[23] In connection with the announcement, 3M falsely maintained that "3M's products are safe for their intended uses."[24]

**ANSWER:** 3M admits that it announced in 2022 that it would work to discontinue the use of PFAS across its product portfolio by the end of 2025. Any such announcement speaks for itself. 3M denies the characterizations contained in Paragraph 120 of the Complaint, including the allegation that any statement made by 3M was false.

---

[22] California sues 3M, DuPont over toxic 'forever chemicals', CNN (Nov. 10, 2022), https://www.cnn.com/2022/11/10/business/california-3m-dupont/index.html.

[23] 3M to Exit PFAS Manufacturing by the End of 2025, 3M (Dec. 20, 2022), https://news.3m.com/2022-12-20-3M-to-Exit-PFAS-Manufacturing-by-the-End-of-2025#:~:text =3M%20will%3A,obligations%20during%20the%20transition%20period.

[24] *Id.*

2.    **Defendant DuPont's Long-Standing Knowledge of the Dangers of PFAS**

121.    Prior to spinning off portions of the company into other entities, DuPont was the largest chemical company in the world in terms of sales.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122.    Dupont has known for decades that PFAS exposure is associated with adverse, substantial, and potentially lethal effects on human health.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123.    In 1935, DuPont established Haskell Laboratories, one of the first in-house toxicology facilities, at the urging of a staff doctor worried over the company's demonstrated "tendency to believe [chemicals] are harmless until proven otherwise."[25]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124.    In 1954, a DuPont employee named R.A. Dickinson noted that he had received an inquiry regarding PFOA's "possible toxicity."[26]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125.    As early as the 1960s, DuPont was repeatedly made aware, via both internal and external research and data, that PFAS were harmful to animals, humans, and the environment. Notably: As early as the 1960s, DuPont was

---

[25] Sheron Lerner, The Teflon Toxin: DuPont and the Chemistry of Deception, The Intercept (Aug. 11, 2015), https://theintercept.com/2015/08/11/dupont-chemistry-deception/.

[26] *Id.*

repeatedly made aware, via both internal and external research and data, that PFAS were harmful to animals, humans, and the environment.

Notably:

    a. In 1961, a team of in-house researchers at DuPont concluded that PFOA was indeed toxic and should be "handled with extreme care." By 1962, a series of experiments by in-house researchers at DuPont had confirmed that PFOA was associated with the enlargement of various, specific organs in rats.[27]

    b. In 1965, fourteen employees at DuPont, including the then-director of Haskell Laboratories, received a memo describing preliminary studies that even low doses of a related surfactant could increase the size of rat's livers, a classic response to exposure to a poison.

    c. In 1978, Dupont alerted employees to the results of a study done by 3M, which showed that 3M's employees were accumulating PFOA in their blood. Later the same year, DuPont began reviewing employee medical records and measuring the levels of PFOA in the blood of its own workers, noting adverse patterns, including increased rates of endocrine disorders.

    d. By 1979, Dupont was aware of studies showing that beagles exposed to PFOA had abnormal enzyme levels "indicative of cellular damage" as well as a recent 3M study showing that some rhesus monkeys died when exposed to PFOA.[28]

    e. In 1981, DuPont transferred women out of work assignments with potential for exposure to PFOA, alerting them to the results of a 3M study which suggested an association between PFAS exposure and birth defects.

    f. By 1982, DuPont's corporate medical director had become worried about the possibility of "current or future exposure of members of the local community from emissions leaving the plant's perimeter," as he explained in a letter to a colleague.[29] g. By the 1990s, DuPont knew

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

that PFOA caused cancerous testicular, pancreatic, and liver tumors in lab animals.

g.  In the 1990s, DuPont began developing an alternative to PFOA. In 1993, an interoffice memo announced that "for the first time, we have a viable candidate" that appeared to be less toxic and stayed in the body for a much shorter duration of time. "Discussions were held at DuPont's corporate headquarters to discuss switching to the new compound. DuPont decided against it [because] [p]roducts manufactured with PFOA were an important part of DuPont's business, worth $1 billion in annual profit."[30]

h.  In 1994, a small committee drafted a top-secret document, which was distributed to high-level DuPont employees around the world, discussing the need to "evaluate replacement of [PFOA] with other more environmentally safe materials" and presenting evidence of toxicity, which included study finding an association between prostate cancer and exposure to PFOA.[31]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 125 of the Complaint and

each of its subparts.

126.   In 2000, DuPont and 3M met to "clear [the parties'] mutual understanding of the pertinent data on PFOA." Meeting notes documented that "DuPont was interested in any measurements of PFOA in general population samples." 3M informed DuPont that the half-life of PFOA was much longer than animal studies showed.[32]

**ANSWER:** 3M admits that representatives of 3M and DuPont met in or

around 2000 to discuss issues relating to PFOA. Any meeting notes referenced

---

[30] Nathaniel Rich, The Lawyer Who Became DuPont's Worst Nightmare, The New York Times Magazine (Jan. 6, 2016), https://www.nytimes.com/2016/01/10/magazine/the-lawyer-who-became-duponts-worst-nightma re.html.

[31] Lerner, supra note 22.

[32] Internal DuPont Memorandum, DuPont Haskell Laboratory Visit Meeting Minutes (June 30, 2000), https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1721.pdf.

speak for themselves, and 3M denies the characterization thereof by Plaintiff. 3M

denies the remaining allegations contained in Paragraph 126 of the Complaint,

including on the basis that they are incomplete and/or inaccurate descriptions of

complex scientific and technical matters.

127.   In 2001, a class action lawsuit was filed against DuPont on behalf of people whose water had been contaminated by the nearby DuPont chemical plant where PFAS were manufactured.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 127 of the Complaint.

128.   In 2003, a consultant service with substantial experience helping companies manage issues "allegedly related to environmental exposures," beginning with Agent Orange in 1983, wrote to DuPont in anticipation of a planned meeting:

> The constant theme which permeates our recommendations on the issues faced by DuPont is that DUPONT MUST SHAPE THE DEBATE AT ALL LEVELS. We must implement a strategy at the outset which discourages government agencies, the plaintiff's bar, and misguided environmental groups from pursuing this matter any further than the current risk assessment contemplated by the Environmental Protection Agency (EPA) and the matter pending in West Virginia. …
>
> As we understand this situation, there is currently a great deal of attention focused on the safety of perfluorochemicals generally and PFOA in particular. Specifically, due to the situation in West Virginia and the activities of the Environmental Working Group, the threat of expanded litigation and additional regulation by the EPA has become

acute. In response to this threat, it is necessary for DuPont to prepare an overall technical and scientific defense strategy.[33]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    In 2005, the EPA reached a settlement with Dupont related to violations of the TSCA for concealing the environmental and health effects of PFOA. The settlement included the largest civil administrative penalty the EPA had ever obtained under any environmental statute, $10.25 million, and further required DuPont to perform supplemental environmental projects worth $6.25 million.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    In 2015, DuPont spun off its "performance chemicals" business, as well as two-thirds of its environmental liabilities and 90% of its active litigation to Defendant Chemours.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint.

131.    In 2019, Paul Kirsch, then-president of the fluoroproducts business at Chemours, testified before Congress that "DuPont designed the separation of Chemours to create a company where it could dump its liabilities and protect itself from environmental cleanup and related responsibilities."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    In 2022 and following a multi-year probe into both companies, the state of California announced that it was suing DuPont, along with 3M, for manufacturing PFAS with knowledge of its carcinogenic properties. DuPont's

---

[33] Letter from P. Terrance Gaffney, Esq. of The Weinberg Group to Jane Brooks, Vice President, Special Initiatives, DuPont de Nemours & Company, regarding PFOA (April 29, 2003).

response was to deny its role and maintain that California's claims were without merit:

> DuPont has never manufactured PFOA, PFOS or firefighting foam, said spokesperson Daniel Turner, referring to two PFAS substances. He added the company believes the complaint incorrectly names it as a defendant. "We believe these complaints are without merit … We look forward to vigorously defending our record of safety, health and environmental stewardship."[34]

ANSWER: 3M admits that the state of California filed a lawsuit against 3M, DuPont, and over a dozen other defendants in 2022. 3M denies the remaining allegations as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 133 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

### 3. The Remaining Defendants' Knowledge of the Dangers of PFAS

133. Defendant Gore openly advertises that its in-house scientists "are active participants in the scientific community, lending their expertise, research and time to broaden the understanding of [PFAS]."[35] For example, in efforts to garner support for its open, long-standing commercial use of PTFE, Gore asserts:

> The present paper brings together fluoropolymer toxicity data, human clinical data, and physical, chemical, thermal, and biological data for review and assessment to show that fluoropolymers satisfy widely accepted assessment criteria to

---

[34] California sues 3M, DuPont over toxic 'forever chemicals', supra note 24.

[35] Gore's Commitment to Material Stewardship, GORE, https://www.gore.com/about/materials-stewardship.

be considered as "polymers of low concern" (PLC) and to show that fluoropolymers are distinctly different enough from other classes of PFAS to not be grouped with them for hazard assessment or regulatory purposes.

Scientists, regulators, and concerned communities often fall into one of two groups: one says all PFAS should be banned and the other says PFAS are so different that each must be evaluated, classified, and regulated individually. Barbara J. Henry, PhD, a toxicologist with [Gore], says there's a middle way forward if PFAS are grouped by their properties.[36]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants have continued to misrepresent the safety of PFAS and engaged in campaigns aimed to direct the public's attention away from the issue of PFAS in their products.

**ANSWER:** 3M denies the allegations contained in Paragraph 134 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 134 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

---

[36] *Id.*

135.    Defendant 3M maintains and publicly advertises that "[PFAS] are safely used in many modern products for their important properties and can be safely manufactured."[37]

**ANSWER:** 3M admits that it has made public statements regarding the safe use and manufacturing of certain PFAS. 3M denies any characterization of those statements as misrepresentations and denies the remaining allegations contained in Paragraph 135 of the Complaint.

136.    3M maintains and publicly advertises that:

> Researchers from around the world have studied these materials for decades and haven't found a definitive causal relationship between PFOA or PFOS exposure and any health condition … . While some research shows that these materials are associated with negative health outcomes, other studies don't reach the same conclusions.[38]

**ANSWER:** The quoted language in Paragraph 136 of the Complaint purports to quote from 3M's website, and the quoted language speaks for itself. 3M admits that scientific research to date has not found a definitive causal relationship between PFOA or PFOS exposure and any health condition. 3M denies any characterization of those statements as misrepresentations and denies the remaining allegations contained in Paragraph 136 of the Complaint.

137.    Defendant New DuPont maintains and publicly advertises that:

> In June 2019, DuPont de Nemours, Inc. (DuPont) was established as a new multi-industrial specialty products

---

[37] Health, Safety & Environmental Stewardship, 3M, https://pfas.3m.com/health-safety-and-environmental-stewardship.

[38] How Fluorochemistries Are Safely Used, 3M, https://pfas.3m.com/how-fluorochemistries-are-safely-used.

company. DuPont de Nemours has never manufactured PFOA, PFOS or firefighting foam. While DuPont is not a PFAS commodity chemical manufacture, it does use select PFAS compounds within industrial processes pursuant to relevant environmental, health and safety rules and standards. Such uses are necessary to impart specific product performance criteria and only in products that are essential to safety and the critical functioning of society.[39]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138.   Defendant Chemours maintains and publicly advertises that: "We take very seriously our obligation to manage the PFAS compounds in our manufacturing processes in a responsible manner and our commitment to eliminate at least 99% of our PFAS air and water emissions from our manufacturing processes by 2030." Chemours further maintains and publicly advertises that "not all PFAS are the same," arguing that fluoropolymers such as PTFE are "critical to modern life" and "enable nearly every major sector of the economy."[40]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139.   In 2017, Defendant Lion's President, Stephen Schwartz, wrote a letter to the editor of The Columbus Dispatch demanding the newspaper's *retraction* of a story headlined "Lawyer: Firefighters' gear may be hazardous." Schwartz asserted:

PFOAs and PFOSs have never been components of Lion's turn-out gear, either as a coating or as a textile. All textiles we use are woven or knit with technical fibers that are engineered to be heat, flame and abrasion resistant, some of which are treated with a PTFE durable water repellant finish … . [B]ecause these manufacturers used PFOA in their manufacturing process as a processing aid, it is possible that trace amounts may have been

---

[39] DuPont de Nemours, Inc. Statement on Poly and Per-Fluorinated Alkyl Substances (PFAS), DuPont, https://www.dupont.com/pfas.html.

[40] Our Commitment to Responsible Chemistry, CHEMOURS, https://www.chemours.com/en/sustainability/sustainability-safety/our-commitment-to-pfas-stewardship.

present as a residue when the films and finishes were incorporated into Lion's turn-out gear. However, based on all available scientific data, such nominal trace amounts … would not have posed any health risks to firefighters. There is absolutely no connection at all between PFOS and firefighter turnout gear. …

We, as a part of the fire protective equipment industry, are concerned and saddened by the undeniable scientific evidence that firefighters have elevated cancer risks … . However, the elevated risks derives from the hazardous substances produced by the fire, not the turnout gear that protects firefighters.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

140.    In 2017, Defendant Lion launched its "NOT IN OUR HOUSE" initiative to "spread awareness of the cancer threat facing the fire service" and "educat[e] firefighters on the actions they can take to reduce their exposure to cancer-causing agents."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141.  In 2019, Lion issued a "Customer Safety Alert" for "PFOA and Turnout Gear," asserting: "Your Lion turnout gear continues to be safe and ready for action especially when properly maintained. It is extremely important that firefighters continue to wear and properly care for their gear to stay safe on the

**HERE'S ALL YOU NEED TO KNOW ABOUT PFOA AND YOUR TURNOUT GEAR.**

**What is PFOA and why are we talking about it?**

**Perfluorooctanic Acid (PFOA) is a chemical that until recently was used in the process to make many different industrial chemicals and products.** The manufacture and use of PFOA was mostly phased out by major chemical companies by 2010. By 2015, its manufacture was eliminated in the United States.

In the firefighting protective clothing industry, PFOA was used as a processing agent in the manufacture of resins used to make PFTE films – the primary component of the moisture barrier used in turnout gear. While most residual PFOA was eliminated from the manufacturing process of PTFE, some tiny trace amounts remained.

**LION does not use PFOA or PFOS in our turnout gear or any of our protective products.**

PFOS has never been a component of turnout gear. PFOS health and environmental concerns are largely related to AFFF foams and are not connected to turnout gear.

job."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 of the Complaint.

142.  In 2019, Defendant Gore issued a public statement, asserting that "the potential exposures and associated risks of cancer effects from PFOA alternatives and non-polymeric perfluoroalkyl substances in Gore Components [turnout gear] are insignificant."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint.

143.  In 2020, Paul Chrostowski, Ph.D., a consultant hired by Defendant Lion, took out a full page in the publication Firefighter Nation to argue that turnout

gear is completely safe and that any evidence to the contrary, including the Peaslee study, is unreliable fearmongering. Chrostowski argued:

> The evidence [] shows that firefighters are not exposed to PFAS at levels greater than control groups including the general population. So even if PFAS were found in their turnout gear, at this time there is no credible evidence that it ends up in firefighters bodies in amounts that would be higher than the general population …

> At this point, it would be irresponsible to dissuade firefighters from using their protective gear out of fear of cancer. The materials used in turnout gear are the safest materials available, and without them, firefighters would be at extreme risk for burns and exposure to known cancer-causing toxic chemicals present on the fireground, as well as metabolic heat stress.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Complaint.

144.   In 2021, Defendant Lion confirmed that the representations articulated by Chrostowski reflect the company's position.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint.

145.   In 2021, Defendant Gore maintained in a New York Times article that its turnout gear products were safe for wearers.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.    In 2022, Defendant 3M publicly stated that it was not necessary or appropriate to declare any PFAS hazardous.

**ANSWER:** The allegations contained in Paragraph 146 of the Complaint

purport to refer to an unidentified public statement by 3M. Any such statement

speaks for itself, and 3M denies any characterization thereof by Plaintiff.

147.    Moreover, Defendants have repeatedly represented to Fire Fighter unions and the public that their products are safe for their intended uses, including the ways in which Plaintiff has alleged they were used.

**ANSWER:** 3M denies the allegations contained in Paragraph 147 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

147 of the Complaint. 3M also lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained as they pertain to other

Defendants.

148.    For example, Defendant DuPont maintains and publicly advertises that turnout gear manufactured with DuPont's materials "work hard to help keep your professionals safe, inside and out," "help protect professionals even when the fire is out," and "are helping keep first responders safe."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 148 of the Complaint.

149.    Fire-Dex, a not-yet-named defendant, maintains and publicly advertises that its turnout gear is made with "the best materials the industry has to offer" and provides the specific benefit of "reduc[ing] [] carcinogen exposure." Fire-Dex advertises that the company goes "beyond industry standards to ensure a

proper fit for your comfort and safety," making its turnout gear products "key to keeping your crew safe!"

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint.

150.   Defendant Globe maintains and publicly advertises that the company is "committed to firefighter health & safety" and that:

> At [Globe], your health, safety and well-being are what drive us to not only develop technologically-advanced safety equipment to help protect you on the job, but to advocate for your well-being. In fact, after more than 100 years in business, our mission remains unchanged: that men and women may work in safety and live in health.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint.

151.   Defendant Gore maintains and publicly advertises that the company's protective fabrics enable fire fighters "to stay safe and engaged," emphasizing that to do their jobs, fire fighters "need protective garments that keep them protected with a limited amount of physiological burden."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint.

152.   Another manufacturer, Honeywell, maintains and publicly advertises that its fire fighter turnout gear is "[d]esigned to provide safety," referring to its turnout gear products as "the pioneer of safety by design."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint.

153.   Defendant Lion maintains and publicly advertises that the company "makes the gear emergency service providers, civilian responders and militaries

need to stay safe in the line of duty," emphasizing that "[w]hen it comes to firefighting, safety is a top concern."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint.

154.    Another manufacturer, StedFast, maintains and publicly advertises that all of its products "are manufactured with safety in mind," asserting that "[k]eeping people safe is a core value of our business."

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint.

**E.    Defendants' Failure to Provide Safety Warnings on Product Labels**

155.    As alleged above, the turnout gear does not contain any labeling information or warnings:

    a.  indicating that the gear contains or may contain PFAS,

    b.  indicating that the gear specifically contains or may specifically contain PFOA,

    c.  regarding the health risks associated with exposure to PFAS, or

    d.  regarding the health risks associated with exposure to PFOA.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint, including each of its subparts.

156.    Below are photos typical of warning labels for turnout gear designed, manufactured, marketed, sold, and distributed by Globe, Honeywell, and Lion. As depicted below, the labels do not disclose that the turnout gear contains PFAS or PFAS-containing materials, and contain no warning that handling, wearing, or

using the turnout gear as it was intended to be handled, worn, or used can result in exposure to PFAS and adverse effects to human health.



Garment Safety Label



Garment Cleaning Label                                                                          Garment Information Label



Garment Liner Attachment Safety Label



Drag Rescue Device (DRD) Label

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the Complaint.

F.    **Defendants' Ability to Design Safer Turnout Gear**

157.    PFAS-free turnout gear was, at all relevant times, technologically and economically feasible.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 157 of the Complaint.

158.    In fact, certain companies now offer PFAS-free options for waterproof fabrics, durable fabrics, and/or outer shells in turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 158 of the Complaint.

159.    For example, in or around 2021, Gore announced its upcoming launch of a PFAS-free fabric-waterproofing technology, which was praised for its apparent potential to "greatly increase the availability of PFAS-free water-repellant garments."[41]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 159 of the Complaint.

160.    In or around 2021, Todd Herring, Vice President of Product Innovation and Strategy at Fire-Dex, stated in a press release that the company had "partnered with Milliken to develop a non-fluorinated version of our exclusive materials … that meets the increasing market demand for PFAS free PPE material options."[42]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 160 of the Complaint.

---

[41] WL Gore to release PFAS-free waterproof material for apparel, Enhesa (Oct. 4, 2021), https://product.enhesa.com/346695/wl-gore-to-release-pfas-free-waterproof-material-for-apparel.

[42] Fire-Dex Launches Non-Fluorinated PPE Fabrics, Firehouse (Feb. 17, 2021), https://www.firehouse.com/safety-health/ppe/turnout-gear/press-release/21210722/fire-dex-fire-d ex-launches-nonfluorinated-ppe-fabrics.

161.    In or around 2021, Deana Stankowski, Senior Offering Manager for first responder gear at Honeywell spoke out about Honeywell's newly available PFAS-free outer shell layer "options," explaining: "We are making sure that we have every PFAS-free outer shell available in the market as part of our portfolio … . We have customers field testing PFAS-free outer shells, and we will eventually transition over completely to PFAS free." Stankowski added:

> There's no reason to offer both options … . Any minor tradeoffs with PFAS-free fabrics are outweighed by worker safety. And the protection level is unchanged. PFAS-free gear offers the same thermal protection and moves the same way … . The color fastness and wear remain the same.[43]

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 161 of the Complaint.

162.    In or around 2022, a group of students at UC Berkley's Center for Green Chemistry, in partnership with the IAFF, conducted their own semester-long study into safer alternatives to PFAS in turnout gear and were able to offer multiple, alternative recommendations for manufacturers. For example, the students concluded that polyethylene laminate could be used as a potential alternative to PTFE in the middle moisture barrier of fire fighter turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 162 of the Complaint.

## V.    CLASS ALLEGATIONS

163.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of themselves, their members, and the following individuals (the "Class"):

> All entities in the United States who bought turnout gear that was manufactured, designed, or sold, in whole or in part, by any of the named Defendants during the Class Period.

---

[43] Ronnie Wendt, Innovations in Turnout Gear, Industrial Fire World (Mar. 17, 2021), https://www.industrialfireworld.com/598931/innovations-in-turnout-gear.

**ANSWER:** The allegations contained in Paragraph 163 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 163 of the Complaint and expressly denies that the proposed classes may be properly certified or maintained under the Federal Rules of Civil Procedure.

164.   Plaintiff reserves the right to expand, narrow, or otherwise modify or refine the definition of the Class based on additional information obtained through further investigation and discovery, and/or in order to address or accommodate any of the Court's manageability concerns.

**ANSWER:** The allegations contained in Paragraph 164 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 164 of the Complaint and expressly denies that the proposed classes may be properly certified or maintained under the Federal Rules of Civil Procedure.

165.   Excluded from the Class are: (a) any Judge or Magistrate Judge presiding over the Action and members of their staff, as well as members of their families; (b) Defendants and Defendants' predecessors, parents, successors, heirs, assigns, subsidiaries, and any entity in which any Defendant or its parents have a controlling interest, as well as Defendants' current or former employees, agents, officers, and directors; (c) persons who properly execute and file a timely request for exclusion from the Class; (d) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (e) counsel for Plaintiff and Defendants; and (f) the legal representatives, successors, and assigns of any such excluded persons.

**ANSWER:** The allegations contained in Paragraph 165 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 165 of the

Complaint and expressly denies that the proposed classes may be properly certified

or maintained under the Federal Rules of Civil Procedure.

166. **Ascertainability**. The proposed Class is readily ascertainable because it is defined using objective criteria, so as to allow class members to determine if they are part of the Class. Further, the members of the class can be readily identified through records and information in Defendants' possession, custody, or control.

**ANSWER:** The allegations contained in Paragraph 166 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 166 of the

Complaint and expressly denies that the proposed classes may be properly certified

or maintained under the Federal Rules of Civil Procedure.

167. **Numerosity**. The Class is so numerous that joinder of individual members is impracticable. While the exact number of members of the Class is not known to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believe that there are thousands of class members.

**ANSWER:** The allegations contained in Paragraph 167 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 167 of the

Complaint. 3M expressly denies that the proposed classes may be properly

certified or maintained under the Federal Rules of Civil Procedure

168.   **Commonality and Predominance**. Common questions of fact and law exist for each cause of action and predominate over questions solely affecting individual members of the Class, including the following:

   a.   Whether Defendants violated RICO;

   b.   Whether Defendants engaged in the conduct alleged herein;

   c.   Whether Defendants designed, advertised, marketed, distributed, leased, sold, or otherwise placed PFAS products into the stream of commerce in the United States; d. Whether Defendants knew about the dangers of PFAS and, if so, how long they have known;

   d.   Whether Defendants are liable under RICO;

   e.   Whether there is an enterprise within the meaning of RICO;

   f.   Whether Defendants participated in the enterprise;

   g.   Whether Plaintiff and the other Class members are entitled to damages and other monetary relief and, if so, in what amount;

   h.   Whether Defendants breached their duty to warn the members of the Class of, and protect the members of the Class from, the long-term health risks and consequences of exposure to high levels of PFAS; and

   i.   Whether Defendants violated applicable state laws.

**ANSWER:** The allegations contained in Paragraph 168 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 168 of the Complaint and expressly denies that the proposed classes may be properly certified or maintained under the Federal Rules of Civil Procedure.

169.   **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff, and members of the Class sustained damages arising out of Defendants' common course of conduct as described in this Complaint. The

injuries of Plaintiff, and each member of the Class were directly caused by Defendants' wrongful conduct, and Plaintiff and members of the Class assert similar claims for relief.

**ANSWER:** The allegations contained in Paragraph 169 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 169 of the Complaint and expressly denies that the proposed classes may be properly certified or maintained under the Federal Rules of Civil Procedure.

170.   **Adequacy**. Plaintiff has and will continue to fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest that is antagonistic to those of the Class, and Defendants have no known defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to those of the other members of the Class.

**ANSWER:** The allegations contained in Paragraph 170 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint and expressly denies that the proposed classes may be properly certified or maintained under the Federal Rules of Civil Procedure.

171.   **Substantial Benefits**. This class action is appropriate for certification because class proceedings are superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Classes is impracticable. This proposed class action is manageable. Plaintiff knows of no

special difficulty to be encountered in the maintenance of the action that would preclude its maintenance as a class action.

**ANSWER:** The allegations contained in Paragraph 171 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 171 of the Complaint and expressly denies that the proposed classes may be properly certified or maintained under the Federal Rules of Civil Procedure.

## VI.    TOLLING AND ESTOPPEL OF APPLICABLE STATUTE OF LIMITATIONS DISCOVERY RULE TOLLING

172.    Defendants had knowledge of the hazard to the health and safety of Plaintiff, and Class members caused by exposure to PFAS Chemicals for decades.

**ANSWER:** 3M denies the allegations contained in Paragraph 172 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172 of the Complaint as they pertain to other Defendants.

173.    Beginning in the 1960s and continuing through to the 1990s, Defendants conducted internal studies that demonstrated the toxicity of PFAS Chemicals.

**ANSWER:** The allegations contained in Paragraph 173 of the Complaint purport to refer to unidentified internal studies. Any such studies speak for themselves, and 3M denies any characterization thereof by Plaintiff.  3M denies the allegations contained in Paragraph 173 of the Complaint as they pertain to 3M, including on the basis that they are incomplete and/or inaccurate descriptions of

complex legal, business, and technical matters.3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173 of the Complaint as they pertain to other Defendants.

174.   Defendants knew or should have known that they were creating an unacceptable health risk to Plaintiff, and Class members by designing, manufacturing, and selling turnout gear that was infused with PFAS.

**ANSWER:** The allegations contained in Paragraph 174 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 174 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174 of the Complaint as they pertain to other Defendants.

175.   Defendants intentionally concealed this information from Plaintiff, Class members, and the public.

**ANSWER:** The allegations contained in Paragraph 175 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 175 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 175 of the Complaint as they pertain to other Defendants.

176.   Defendants intentionally and continuously misrepresented the safety of the turnout gear, PFAS-contaminated materials, and/or PFAS therein, assuring

firefighters, the government, and the public that the turnout gear, PFAS-contaminated materials, and PFAS were safe.

**ANSWER:** The allegations contained in Paragraph 176 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 176 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 176 of the Complaint as they pertain to other Defendants.

177.   At all relevant times, Plaintiff, and the Class members did not know or have reason to know of the Defendants' conduct that caused PFAS contamination.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 of the Complaint. 3M denies the remaining allegations contained in Paragraph 177 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations contained in Paragraph 177 of the Complaint as they pertain to other Defendants

178.   Neither Plaintiff, nor any other Class members, through the exercise of reasonable care, could have discovered the conduct by Defendants alleged herein. Further, Plaintiff and Class members did not discover and did not know of facts that would have caused a reasonable person to suspect that Defendants were engaged in the conduct alleged herein.

**ANSWER:** The allegations contained in Paragraph 178 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 178 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

178 of the Complaint as they pertain to other Defendants.

179.   For these reasons, all applicable statutes of limitation have been tolled
by the discovery rule with respect to claims asserted by Plaintiff and the Class
members.

**ANSWER:** The allegations contained in Paragraph 179 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 179 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

179 of the Complaint as they pertain to other Defendants.

## VII.    FRAUDULENT CONCEALMENT TOLLING

180.   Defendants concealed their conduct and the existence of the claims
asserted herein from Plaintiff, and Class members for decades.

**ANSWER:** 3M denies the allegations contained in Paragraph 180 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

180 of the Complaint as they pertain to other Defendants.

181.   Because of Defendants' active and ongoing concealment of the
hazards of PFAS Chemicals, and the unique dangers posed to fire fighters through
dermal absorption, ingestion, and inhalation of PFAS Chemicals through off-

gassing and migration, Plaintiff could not have reasonably discovered the causes of action alleged herein.

**ANSWER:** 3M denies the allegations contained in Paragraph 181 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 181 of the Complaint as they pertain to other Defendants.

182.   For this reason, applicable limitations of actions and claims, at law or in equity, asserted herein or any statute of limitations that otherwise may apply to the claims of Plaintiff or Class members should be tolled.

**ANSWER:** The allegations contained in Paragraph 182 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 182 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 182 of the Complaint as they pertain to other Defendants.

## VIII.    CLAIMS ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS

### COUNT I (against all Defendants) Violations of Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. § 1962(c), (d)

183.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 182 of the Complaint as if fully set forth herein.

184.   Plaintiff brings this Count individually and on behalf of the Class against all Defendants.

**ANSWER:** The allegations contained in Paragraph 184 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 184 of the Complaint.

185.   All Defendants are "persons" under 18 U.S.C. § 1961(3) because they are capable of holding, and do hold, "a legal or beneficial interest in property."

**ANSWER:** The allegations contained in Paragraph 185 state a legal conclusion, to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 185 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

186.   Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Section 1962(d), in turn, makes it unlawful for "any person to conspire to violate."

**ANSWER:** The allegations contained in Paragraph 186 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 186 of the Complaint.

187.   For many years, each of the Defendants created and/or participated in the affairs of an illegal enterprise (the "PFAS Concealment Enterprise") whose purpose was to conceal the dangers of their PFAS products, including PFAS-infused products sold to turnout gear manufacturers. As set forth below, the acts of Defendants in furtherance of the PFAS Concealment Enterprise violate Section 1962(c) and (d).

**ANSWER:**  The allegations contained in Paragraph 187 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 187 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 187 of the Complaint as they pertain to other Defendants.

## 1.    The members of the PFAS Concealment Enterprise

188.   The PFAS Concealment Enterprise members are all defendants.

**ANSWER:** The allegations contained in Paragraph 188 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 188 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 188 of the Complaint as they pertain to other Defendants.

189.   Concealment of the dangers of PFAS benefitted the enterprise in several ways. First, many of the Defendants, including 3M, Chemours, DuPont, and Gore, make other products infused with PFAS. To disclose the dangers of PFAS in turnout gear would have called into question the safety of other products they manufactured. Second, DuPont, Gore, and Chemours were facing increasing

and substantial potential liability for environmental damage caused by the manufacture of PFAS in the United States and other countries. Defendants were thus unwilling to state the truth about the dangers of PFAS in turnout gear so as to avoid fueling the fire about their products. Third, if Defendants had disclosed the dangers caused by PFAS in turnout gear, other firms would have competed far earlier to develop PFAS free turnout gear.

**ANSWER:** 3M denies the allegations contained in Paragraph 189 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 189 of the Complaint as they pertain to other Defendants.

190.    3M had substantial control over (and participated in) the affairs of the PFAS Concealment Enterprise by:

a.  Manufacturing, distributing, and selling turnout gear to fire departments and others;

b.  Misrepresenting and omitting (or causing such misrepresentations and omissions to be made) the truth about turnout gear to Plaintiff, members of the Class, and the public generally;

c.  Introducing PFAS-laden turnout gear into the stream of U.S. commerce;

d.  Concealing from government regulators the truth about the dangers of PFAS in PFAS-infused turnout gear;

e.  Persisting in the manufacturing and distribution of PFAS products despite knowing about their dangers; and

f.  Designing and distributing marketing materials that misrepresented and concealed the truth about the dangers of PFAS in PFAS-infused turnout gear.

**ANSWER:** 3M denies the allegations contained in Paragraph 117 of the Complaint.

191.    Old DuPont and Chemours had substantial control over (and participated in) the affairs of the PFAS Concealment Enterprise by:

    a.  Manufacturing, distributing, and selling turnout gear to fire departments;

    b.  Misrepresenting and omitting (or causing such misrepresentations and omissions to be made) the truth about turnout gear to fire departments, Plaintiff, members of the Class, and the public generally;

    c.  Concealing from government regulators the truth about the dangers of PFAS in PFAS-infused products;

    d.  Persisting in the manufacturing and/or distribution of PFAS products despite knowing about their dangers; and

    e.  Designing and distributing marketing materials that misrepresented and concealed the truth about the dangers of PFAS in turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 191 of the Complaint.

192.    Lion Group, Inc. had substantial control over (and participated in) the affairs of the PFAS Concealment Enterprise by:

    a.  Manufacturing, distributing, and selling turnout gear to fire departments and others;

    b.  Misrepresenting and omitting (or causing such misrepresentations and omissions to be made) the truth about turnout gear to Plaintiff, members of the Class, and the public generally;

    c.  Introducing PFAS-laden turnout gear into the stream of U.S. commerce;

    d.  Concealing from government regulators the truth about the dangers of PFAS in PFAS-infused turnout gear;

    e.  Persisting in the manufacturing and distribution of PFAS products despite knowing about their dangers; and

 f. Designing and distributing marketing materials that misrepresented and concealed the truth about the dangers of PFAS in PFAS-infused turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Complaint.

193. Globe Manufacturing Company, LLC had substantial control over (and participated in) the affairs of the PFAS Concealment Enterprise by:

 a. Manufacturing, distributing, and selling turnout gear to fire departments and others;

 b. Misrepresenting and omitting (or causing such misrepresentations and omissions to be made) the truth about turnout gear to Plaintiff, members of the Class, and the public generally;

 c. Introducing PFAS-laden turnout gear into the stream of U.S. commerce;

 d. Concealing from government regulators the truth about the dangers of PFAS in PFAS-infused turnout gear;

 e. Persisting in the manufacturing and distribution of PFAS products despite knowing about their dangers; and

 f. Designing and distributing marketing materials that misrepresented and concealed the truth about the dangers of PFAS in PFAS-infused turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint.

194. Gore and Associates, Inc. had substantial control over (and participated in) the affairs of the PFAS Concealment Enterprise by:

 a. Manufacturing, distributing, and selling turnout gear to fire departments and others;

    b.   Misrepresenting and omitting (or causing such misrepresentations and omissions to be made) the truth about turnout gear to Plaintiff, members of the Class, and the public generally;

    c.   Introducing PFAS-laden turnout gear into the stream of U.S. commerce;

    d.   Concealing from government regulators the truth about the dangers of PFAS in PFAS-infused turnout gear;

    e.   Persisting in the manufacturing and distribution of PFAS products despite knowing about their dangers; and

    f.   Designing and distributing marketing materials that misrepresented and concealed the truth about the dangers of PFAS in PFAS-infused turnout gear.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint.

195.   All members of the PFAS Concealment Enterprise directed and controlled the ongoing organization necessary to implement the scheme at meetings and through communications of which Plaintiff cannot fully know at present because such information lies in Defendants' and others' hands.

**ANSWER:** 3M denies the allegations contained in Paragraph 195 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 195 of the Complaint as they pertain to other Defendants.

196.   All members of the PFAS Concealment Enterprise served the common purpose of concealing the emissions dangers of PFAS-infused products from turnout gear manufacturers, Plaintiff, members of the Class, and the public generally. Each member of the PFAS Concealment Enterprise shared the bounty generated by the PFAS Concealment Enterprise—i.e., by continuing to sell PFAS-

infused products for decades even though they knew that PFAS in those products posed grave dangers.

**ANSWER:** 3M denies the allegations contained in Paragraph 196 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 196 of the Complaint as they pertain to other Defendants.

197.    Concealment of the dangers of PFAS benefitted the enterprise in several ways. First, many of the Defendants, including 3M, Chemours, DuPont, and Gore, make other products infused with PFAS. To disclose the dangers of PFAS in turnout gear would have called into question the safety of other products they manufactured. Second, DuPont, Gore, and Chemours were facing potential liability for environmental damage caused by the manufacture of PFAS. Defendants were thus unwilling to state the truth about the dangers of PFAS. Third, if Defendants had disclosed the truth about the dangers caused by PFAS in turnout gear, other firms would have competed far earlier to develop turnout gear.

**ANSWER:** 3M denies the allegations contained in Paragraph 197 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 197 of the Complaint as they pertain to other Defendants.

198.    So, for example, Gore manufactures Gore-Tex Fabric[44] and spends considerable marketing resources to position itself as an exemplary environmental steward while also promising that its products represent a sound choice for the environmentally conscious consumer if fabric used in many brands of rain gear has forms of PFAS. More specifically, Gore relies on an umbrella public relations campaign with "Responsible Performance" and "Committed to Sustainability" and

---

[44] Gore-Tex Fabric means material produced by Gore and consisting of an ePTFE (expanded polytetrafluoroethylene) based Gore-Tex membrane and/or a durable water treatment ("DWR") that contains PFAS (per- and polyfluoroalkyl substances).







"Environmentally Sound" themes to consistently disseminate environmental stewardship claims.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint.

199.   Gore promotes its products via its distinctive "Hang Tags" that are affixed to all products that are made with Gore-Tex Fabric. The Hang Tags are prominently attached to all Gore-Tex Fabric products at point of sale and must be removed prior to use:

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint.

200.   Disclosing the danger in PFAS in turnout gear would potentially call into question the validity of these claims.

**ANSWER:** The allegations contained in Paragraph 200 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 200 the Complaint.

201.   Likewise, 3M makes dozens of products that have PFAS and faced billions of dollars in potential liabilities. As noted in its 2024 SEC Form 10-K, its PFAS liability is substantial and was for years a liability 3M sought to concede:

> The Company has been voluntarily cooperating with various local, state, federal (primarily the U.S. Environmental Protection Agency (EPA)), and international agencies in their reviews of the environmental and health effects of certain PFAS produced by the Company. 3M currently is defending lawsuits concerning various PFAS-related products and chemistries, and is subject to unasserted and asserted claims and governmental regulatory proceedings and inquiries related to the production and use of PFAS in a variety of jurisdictions, as discussed in Note 19, "Commitments and Contingencies," within the Notes to Consolidated Financial Statements. 3M has seen increased public and private lawsuits being filed on behalf of states, counties, cities, and utilities alleging, among other things, harm to the general public and damages to natural resources, some of which are pending in the AFFF multi-district litigation and some of which are pending in other jurisdictions. Various factors or developments in these and other disclosed actions could result in future charges that could have a material adverse effect on 3M. For example, the Company recorded a pre-tax charge of $897 million, inclusive of legal fees and other related obligations, in the first quarter of 2018 with respect to the settlement of a matter brought by the State of Minnesota involving the presence of PFAS in the groundwater, surface water, fish or other aquatic life, and sediments in the state. In addition, as described in greater detail in Note 19,

"Commitments and Contingencies," within the Notes to Consolidated Financial Statements, in June 2023, the Company entered into a class-action settlement ("PWS Settlement") to resolve a wide range of drinking water claims by public water suppliers in the United States regarding PFAS. The court approved that settlement in March 2024. 3M will pay $10.5 billion to $12.5 billion in total to resolve the claims released by the PWS Settlement, with payments to be made from 2024 through 2036, in exchange for a release of certain claims, as described further in Note 19. Unexpected events related to the PWS Settlement, including the potential impact of the PWS Settlement on other PFAS-related matters, could have a material adverse effect on the Company's results of operations, cash flows or consolidated financial position. In addition, as previously disclosed, in connection with the separation of Solventum, the Company agreed to retain liabilities related to PFAS for certain products sold by the Company's health care businesses prior to the separation and by Solventum for a limited period of time following the separation.

Governmental inquiries, lawsuits, or laws and regulations involving PFAS could lead to the Company incurring liability for damages or other costs, civil or criminal proceedings, the imposition of fines and penalties, or other remedies, including orders to conduct remediation, as well as restrictions on or added costs for business operations going forward, including in the form of restrictions on discharges at manufacturing facilities, requiring the installation of control technologies, suspension or shutdown of facility operations, switching costs in seeking alternative sources of supply, potential customer damage claims due to supply disruptions or otherwise, restoration of and/or compensation for damages to natural resources, personal injury and property damages, and reporting requirements or bans on PFAS and PFAS-containing products manufactured by the Company. The Company may also record asset retirement obligations, some of which may be material, depending in part on how the Company manages related assets in connection with these activities. Any of the foregoing could have a material adverse effect on the Company's results of operations, cash flows or consolidated financial position.

**ANSWER:** The allegations contained in Paragraph 201 of the Complaint purport to refer to 3M's 2024 SEC Form 10-K. That document speaks for itself, and 3M denies the characterization of those documents by Plaintiff. 3M denies the remaining allegations contained in Paragraph 201 of the Complaint, including on the basis that they are incomplete and/or inaccurate descriptions of complex legal, business, and technical matters.

202.  Likewise, Globe in its parent company's 10-K is also facing substantial liabilities that it fought for years to concede:

> Globe, a subsidiary of the Company, is defending claims in which plaintiffs assert that certain products allegedly containing per- and polyfluoroalkyl substances ("PFAS") have caused harm, including injury or health issues. PFAS are a large class of substances that are widely used in everyday products. Specifically, Globe builds firefighter turnout gear from technical fabrics sourced from a small pool of specialty textile manufacturers. These protective fabrics have been tested and certified to meet current National Fire Protection Association safety standards, and some of them as supplied to Globe contain or historically have contained PFAS to achieve performance characteristics such as water, oil, or chemical resistance.

> Globe believes it has valid defenses to these claims. These matters are at a very early stage with numerous factual and legal issues to be resolved. Defense costs relating to these lawsuits are recognized in the Consolidated Statements of Income as incurred. Globe is also pursuing insurance coverage and indemnification related to the lawsuits. As of February 4, 2025, Globe was named as a defendant in approximately 663 lawsuits comprised of about 8,801 claims, predominantly styled as individual personal injury claims and including two putative class actions. Certain of these lawsuits include MSA Safety Inc. or other Globe affiliates as defendants.

MSA LLC is also a defendant in a number of PFAS lawsuits predominantly relating to Aqueous Film-Forming Foam. The Purchaser assumed responsibility for these and any similar future claims specific to MSA LLC, including such claims that have been or may be brought against MSA Safety Inc. or its subsidiaries, under the terms of the Purchase Agreement governing the Company's January 5, 2023, divestiture of MSA LLC. Further information about the transaction can be found in the Company's Current Report on Form 8-K filed on January 6, 2023

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 202 of the Complaint.

## 2.    The Predicate Acts

203.   To carry out or attempt to carry out the scheme to defraud, the members of the PFAS Concealment Enterprise conducted or participated in the conduct of the affairs of that enterprise through a pattern of racketeering activity that employed the use of mail and wire facilities, in violation of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud).

**ANSWER:** 3M denies the allegations contained in Paragraph 203 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 203 of the Complaint as they pertain to other Defendants.

204.   Specifically, the members of the PFAS Concealment Enterprise participated in the scheme to defraud by using mail, telephone, and the Internet to transmit writings travelling in interstate or foreign commerce.

**ANSWER:** 3M denies the allegations contained in Paragraph 204 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

204 of the Complaint as they pertain to other Defendants.

205.    The PFAS Concealment Enterprise members' use of the mails and wires include but are not limited to the transmission, delivery, or shipment of the following by the members or third parties that were foreseeably caused to be sent as a result of the PFAS Concealment Enterprise members' illegal scheme:

a.   PFAS products to fire departments and others;

b.   Documents and communications accompanying the shipments of PFAS products to fire departments and others;

c.   False or misleading Material Safety Data Sheets, Safety Data Sheets, Technical Data Sheets, and product labels;

d.   Sales and marketing materials, including advertising, websites, product packaging, brochures, and labeling, which misrepresented and concealed the true nature of turnout gear products;

e.   Documents intended to facilitate the manufacture and sale of PFAS-infused products, including invoices, shipping records, reports and correspondence;

f.   Documents to process and receive payment for PFAS-infused turnout products, including invoices and receipts;

g.   Payments to the PFAS Concealment Enterprise members for PFAS-infused turnout gear;

h.   Deposits of proceeds from sales of PFAS-infused turnout gear by PFAS Concealment Enterprise members; and

i.   Other documents and things, including electronic communications.

**ANSWER:** 3M denies the allegations contained in Paragraph 205 of the

Complaint, including each of its subparts, as they pertain to 3M. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 205 of the Complaint as they pertain to other Defendants.

206.   The PFAS Concealment Enterprise members utilized the interstate and international mail and wires for the purpose of obtaining money or property by means of the omissions, false pretense, and misrepresentations described therein.

**ANSWER:** 3M denies the allegations contained in Paragraph 206 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 206 of the Complaint as they pertain to other Defendants.

207.   The PFAS Concealment Enterprise members also communicated by U.S. Mail, by interstate facsimile, and by interstate electronic mail with various other affiliates, regional offices, divisions, dealerships, and other third-party entities in furtherance of the scheme.

**ANSWER:** 3M denies the allegations contained in Paragraph 207 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 207 of the Complaint as they pertain to other Defendants.

208.   The mail and wire transmissions described herein were made in furtherance of the PFAS Concealment Enterprise members' scheme and common course of conduct to deceive regulators and consumers and lure turnout gear manufacturers into purchasing products that the PFAS Concealment Enterprise members knew emit PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 208 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

208 of the Complaint as they pertain to other Defendants.

209.   Many of the precise dates of the fraudulent uses of U.S. Mail and interstate wire facilities have been deliberately hidden and cannot be alleged without access to the PFAS Concealment Enterprise members' books and records. But Plaintiff has described the types of, and in some instances, occasions on which the predicate acts of mail and/or wire fraud occurred. They include thousands of communications to perpetuate and maintain the scheme, including the things and documents described in the preceding paragraphs.

**ANSWER:** 3M denies the allegations contained in Paragraph 209 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

209 of the Complaint as they pertain to other Defendants.

210.   The PFAS Concealment Enterprise members have not undertaken the practices described herein in isolation but as part of a common scheme and conspiracy. In violation of 18 U.S.C. § 1962(d), the PFAS Concealment Enterprise members conspired to violate 18 U.S.C. § 1962(c), as described herein. Various other persons, firms, and corporations, including third-party entities and individuals not named as defendants in this Complaint, have participated as co-conspirators with the PFAS Concealment Enterprise members in these offenses and have performed acts in furtherance of the conspiracy to increase or maintain revenues, increase market share, and/or minimize losses for the PFAS Concealment Enterprise members and their unnamed co-conspirators throughout the illegal scheme and common course of conduct.

**ANSWER:** 3M denies the allegations contained in Paragraph 210 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

188 of the Complaint as they pertain to other Defendants.

211.   The PFAS Concealment Enterprise members aided and abetted others in the violations of the above laws, thereby rendering them indictable as principals in the 18 U.S.C. §§ 1341 and 1343 offenses.

**ANSWER:** 3M denies the allegations contained in Paragraph 211 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 210 of the Complaint as they pertain to other Defendants.

212.   To achieve their common goals, the PFAS Concealment Enterprise members hid from the general public, fire departments, and others the emission dangers of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 212 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 212 of the Complaint as they pertain to other Defendants.

213.   The PFAS Concealment Enterprise members, with knowledge and intent, have agreed to the overall objectives of the PFAS Concealment Enterprise and participated in the common course of conduct to commit acts of fraud and indecency in designing, manufacturing, distributing, marketing, testing, and/or selling PFAS-infused products to turnout gear manufacturers.

**ANSWER:** 3M denies the allegations contained in Paragraph 213 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 213 of the Complaint as they pertain to other Defendants.

214.   The PFAS Concealment Enterprise members' conduct in furtherance of this scheme was intentional. Plaintiff and the Class members were harmed as a result of the PFAS Concealment Enterprise members' intentional conduct.

Plaintiff, the Class members, regulators, and consumers, among others, relied on the PFAS Concealment Enterprise members material misrepresentations and omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 214 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

214 of the Complaint as they pertain to other Defendants.

215.  As described herein, the PFAS Concealment Enterprise members engaged in a pattern of related and continuous predicate acts for many years. The predicate acts constituted a variety of unlawful activities, each conducted with the common purpose of defrauding Plaintiff and other Class members and obtaining significant monies and revenues from them and through them while providing PFAS-infused products to turnout gear manufacturers and others. The predicate acts also had the same or similar results, participants, victims, and methods of commission. The predicate acts were related and not isolated events.

**ANSWER:** 3M denies the allegations contained in Paragraph 215 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

215 of the Complaint as they pertain to other Defendants.

216.  The predicate acts all had the purpose of generating significant revenue and profits for the PFAS Concealment Enterprise members at the expense of Plaintiff, the Class members, and consumers. The predicate acts were committed or caused to be committed by the PFAS Concealment Enterprise members through their participation in the PFAS Concealment Enterprise and in furtherance of its fraudulent scheme.

**ANSWER:** 3M denies the allegations contained in Paragraph 216 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

216 of the Complaint as they pertain to other Defendants.

217.   The PFAS Concealment Enterprise members had a duty to disclose
the truth about the emissions dangers of PFAS-infused products to turnout gear
manufacturers, consumers, and others but never do so. The Hazard Communication
Standard requires that the chemical manufacturer, distributor, or importer provide
Safety Data Sheets (SDSs) (formerly Material Safety Data Sheets) for each
hazardous chemical to downstream users to communicate information on these
hazards.[45] The information contained in the SDS is largely the same as the Material
Safety Data Sheets, except now the SDSs are required to be presented in a
consistent user-friendly, 16-section format.[46]

**ANSWER:** 3M denies the allegations contained in Paragraph 217 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

217 of the Complaint as they pertain to other Defendants.

218.   On information and belief, Plaintiff alleges that the PFAS
Concealment Enterprise members never disclosed the emissions dangers of PFAS
in PFAS-infused products in SDSs and Material Safety Data Sheets for PFAS-
infused products that they sold to turnout gear manufacturers and others.

**ANSWER:** 3M denies the allegations contained in Paragraph 218 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

218 of the Complaint as they pertain to other Defendants.

---

[45] The Standard was first adopted in 1983 in the United States with limited scope (48 FR 53280; November 25, 1983). In 1987, it was expanded to cover all industries where employees are potentially exposed to hazardous chemicals (52 FR 31852; August 24, 1987).

[46] https://www.osha.gov/sites/default/files/publications/OSHA3514.pdf.

219.   The PFAS Concealment Enterprise members' violations of 18 U.S.C. § 1962(c) and (d) have directly and proximately caused injuries and damages to Plaintiff and Class members, all of whom are entitled to bring this action for three times their actual damages, costs, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1964(c). Each member of the PFAS Concealment Enterprise knew, understood, and intended for fire departments to purchase PFAS-infused turnout gear sold to Plaintiff and Class members, knowing that the PFAS emitted by turnout gear would injure Plaintiff and Class members. As a result of the conduct of the Enterprise, Plaintiff and Class members overpaid for turnout gear and/or were deprived of the ability to buy PFAS-free turnout gear.

**ANSWER:** The allegations contained in Paragraph 219 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 219 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 219 of the Complaint as they pertain to other Defendants. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

**B.    State Law Claims**

**1.    Claim brought on behalf of all Class members relating to their State-law claims for a single state law class in each state.**

**COUNT II - CONSPIRACY**

220.   Under the common law of each State for which claims are alleged below, Plaintiff alleges on information and belief that Defendants knowingly and intentionally conspired to engage in the wrongful conduct alleged in each Count under State law set forth below.

**ANSWER:** 3M denies the allegations contained in Paragraph 220 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 220 of the Complaint as they pertain to other Defendants.

### C.    State Law Claims

1.    **Claim brought on behalf of all Class members relating to their State-law claims for a single state law class in each state**.

## COUNT III - CONSPIRACY

221.   Under the common law of each State for which claims are alleged below, Plaintiff alleges on information and belief that Defendants knowingly and intentionally conspired to engage in the wrongful conduct alleged in each Count under State law set forth below.

**ANSWER:** 3M denies the allegations contained in Paragraph 221 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

221 of the Complaint as they pertain to other Defendants.

2.    **Claims brought by the Montana class for purchase of turnout gear in Montana.**

## COUNT IV - STRICT LIABILITY (DESIGN DEFECT)

222.   Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 221 of the Complaint as if fully set forth herein.

223.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and

PFAS-containing products.  3M denies the remaining allegations contained in

Paragraph 223 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 188 of the Complaint as they pertain to other Defendants.

224.   As manufacturers or distributors of PFAS-infused products,
Defendants had a duty not to place into the stream of commerce a product that is
unreasonably dangerous, and they owed that duty to all persons, including the
Montana Class members, who might be foreseeably harmed by PFAS-infused
products.

**ANSWER:** The allegations contained in Paragraph 224 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 224 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

188 of the Complaint as they pertain to other Defendants.

225.   PFAS-infused products are unreasonably dangerous for their
foreseeable uses and misuses because, among other things:

    a.   PFAS contamination causes extensive and persistent contamination of
the environment even when use in their foreseeable and intended
manner.

    b.   PFAS contamination poses significant threats to public health,
economic welfare, and the environment.

    c.   Defendants failed to disclose these threats to fire departments,
Montana Class members, and the public generally but instead
downplayed and misrepresented the dangers posed by their PFAS
products.

**ANSWER:** 3M denies the allegations contained in Paragraph 225 of the

Complaint, including each of its subparts, as they pertain to 3M. 3M denies that a

causal connection has been established between exposure to any PFAS at levels

typically found in the environment and any human health effects. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 225 of the Complaint as they pertain

to other Defendants.

226.   At all relevant times, PFAS-infused turnout gear was in a defective
condition unreasonably dangerous to the Montana Class members, to an extent
beyond that which would be expected or contemplated by an ordinary consumer
when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 226 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

226 of the Complaint as they pertain to other Defendants.

227.   At all relevant times, Montana Class members used turnout gear
infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 227 of the Complaint.

228.   Defendants knew of these risks and nevertheless failed to use
reasonable care in the design of their PFAS-infused products. Defendants could
have made products that did not contain the PFAS chemicals at issue in this
Complaint or could have designed their PFAS-infused products in ways that
substantially reduced or eliminated the health and environmental dangers posed by
PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative

designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 228 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 228 of the Complaint as they pertain to other Defendants.

229.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 229 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 229 of the Complaint as they pertain to other Defendants.

230.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 230 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 230 of the Complaint as they pertain to other Defendants.

231.  As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Montana Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 231 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 231 of the

Complaint as they pertain to other Defendants.

232.  These and other acts by Defendants were a direct and proximate cause of damages to Montana Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 232 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 188 of the

Complaint as they pertain to other Defendants.

### COUNT V - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

233.  Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 232 of the Complaint as if fully set forth herein.

234.  As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Montana Class

members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Montana Class members.

**ANSWER:** The allegations contained in Paragraph 234 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 234 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

235.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Montana Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 235 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained as they pertain to other Defendants.

236.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 236 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained as they pertain to other Defendants.

237.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 237 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained as they pertain to other Defendants.

238.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 238 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained as they pertain to other Defendants.

239.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Montana Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Montana Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 239 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

240.   These and other acts by Defendants were a direct and proximate cause of damages to Montana Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 240 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained as they pertain to other Defendants.

### COUNT VI - IMPLIED WARRANTY OF MERCHANTABILITY
### MONT. CODE ANN. § 30-2-314 FOR PLAINTIFF AND THE MONTANA CLASS

241.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 240 of the Complaint as if fully set forth herein.

242.   Plaintiff brings this claim individually and on behalf of the other members of the Montana Class.

**ANSWER:** The allegations contained in Paragraph 242 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 242 of the Complaint.

243.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in

Paragraph 243 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

244.   Pursuant to Mont. Code § 30-2-314, a warranty that the PFAS-infused products were in merchantable condition was implied by law, and the PFAS-infused products were bought and sold subject to an implied warranty of merchantability.

**ANSWER:** The allegations contained in Paragraph 244 of the Complaint state legal conclusions as to which no response is required. Paragraph 244 of the Complaint purports to characterize or quote provisions of a statute that speaks for itself, and therefore no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 244 of the Complaint as they pertain to 3M.

245.   Defendants were provided notice of these issues and defects.

**ANSWER:** 3M denies the allegations contained in Paragraph 245 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 245 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

246.   The PFAS-infused products did not comply with the implied warranty of merchantability because, at the time of sale and at all times thereafter, they were

defective and not in merchantable condition, would not pass without objection in the trade, and were not fit for the ordinary purpose for which they were used.

**ANSWER:** 3M denies the allegations contained in Paragraph 246 of the Complaint.

247.    Defendants were provided notice of these issues and defects.

**ANSWER:** 3M denies the allegations contained in Paragraph 247 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 247 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

248.    Plaintiffs and other Class members suffered injuries due to the defective nature of the PFAS-infused products and the Defendants' breach of the warranty of merchantability.

**ANSWER:** 3M denies the allegations contained in Paragraph 248 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained as they pertain to other Defendants.

249.   As a direct and proximate result of the Defendants' breach of the warranty of merchantability, Plaintiff and other Class members have been damaged in an amount to be proven at trial.

**ANSWER:** 3M denies the allegations contained in Paragraph 249 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M also lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained as they pertain

to other Defendants.

## COUNT VII - VIOLATIONS OF MONTANA CONSUMER PROTECTION ACT MONT. CODE ANN §§ 30-14-101 ET SEQ. BROUGHT ON BEHALF OF THE MONTANA CLASS

250.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 249 of the Complaint as if fully set forth herein.

251.   The Montana Consumer Protection Act (Montana CPA) prohibits "Unfair methods of competition and unfair and or deceptive acts or practices in the conduct of any trade or commerce…." Mont. Code Ann. § 30-14-103.

**ANSWER:** The quoted language in Paragraph 251 of the Complaint speaks

for itself. To the extent a response is required, 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 251 of the Complaint.

252.    Defendants, Plaintiff, and the Montana Class members are "persons" within the meaning of Mont. Code Ann. § 30-14-102 (6).

**ANSWER:** The allegations contained in Paragraph 252 state a legal conclusion, to which no response is required.  To the extent a response is required, 3M denies the allegations contained in Paragraph 252 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

253.    Defendants committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of Mont. Code. Ann. § 30-14-102 (8)(a).

**ANSWER:** 3M denies the allegations contained in Paragraph 253 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 253 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

254.    In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the Montana Class members were treated with PFAS-infused products, with the intent that other rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 254 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

255.   In purchasing their turnout gear, the Montana Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 255 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 255 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

256.   The Montana Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 256 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

257.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 257 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

258.   Defendants knew or should have known that their conduct violated the Montana CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 258 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

259.   Defendants owed the Montana Class members a duty to disclose the truth about PFAS-infused products because Defendants:

a.   Possessed superior knowledge that the PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Montana Class members; and

b.   Intentionally concealed the foregoing from the Montana Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 259 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

260.   Defendants' conduct proximately caused injuries to the Montana Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 260 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

261.   The Montana Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 261 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

262.   Defendants' violations present a continuing risk to the Montana Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 262 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

263.   The Montana Class members seek damages in amounts to be proven at trial, along with attorney's fees, costs, and punitive damages, and any other just and proper relief under Mont. Code Ann. § 30-14-102(8)(a).

**ANSWER:** The allegations contained in Paragraph 263 of the Complaint state legal conclusions as to which no response is required. Paragraph 263 of the Complaint purports to characterize or quote provisions of a statute that speaks for itself, and therefore no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

### 3.   Claims brought on behalf of Class members who installed their turnout gear in Alabama (the "Alabama Class members").

**COUNT VIII (AGAINST ALL DEFENDANTS) - ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (DESIGN DEFECT)**

264.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 263 of the Complaint as if fully set forth herein.

265.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and

PFAS-containing products.  3M denies the remaining allegations contained in

Paragraph 265 of the Complaint as they pertain to 3M. 3M also lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

as they pertain to other Defendants.

266.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Alabama Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 266 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 266 of the

Complaint as they pertain to 3M. 3M also lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

267.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment and to those who wear turnout gear.

    c.  Defendants failed to disclose these threats to fire departments, Alabama Class members, and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 267 of the Complaint, including each of its subparts as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

268.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Alabama Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 268 of the Complaint.

269.   At all relevant times, Alabama Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269 of the Complaint.

270.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this Complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 270 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

271.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 271 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

272. Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 272 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

273. As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Alabama Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 273 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

274. These and other acts by Defendants were a direct and proximate cause of damages to Alabama Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 274 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT IX (AGAINST ALL DEFENDANTS) - ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (FAILURE TO WARN)

275.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 274 of the Complaint as if fully set forth herein.

276.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Alabama Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Alabama Class members.

**ANSWER:** The allegations contained in Paragraph 276 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 276 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

277.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Alabama Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 277 of the Complaint as they pertain to 3M. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

278.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 278 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

279.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 279 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

280.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 280 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

281.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Alabama Class members, who would have heeded legally

adequate warnings about the dangers of PFAS products. At all relevant times, Alabama Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 281 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

282.   These and other acts by Defendants were a direct and proximate cause of damages to Alabama Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 282 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

> **4.    Claims brought on behalf of Class members who installed their turnout gear in Alaska (the "Alaska Class members").**

> **COUNT X (AGAINST ALL DEFENDANTS)**
> **- STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

283.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 282 of the Complaint as if fully set forth herein.

284.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 284 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

285.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Alaska Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 285 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 285 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

286.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment and to those who wear turnout gear.

    c.   Defendants failed to disclose these threats to fire departments, Alabama Class members, and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 286 of the Complaint, including each of its subparts as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

287.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to Alaska Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

   **ANSWER:** 3M denies the allegations contained in Paragraph 287 of the Complaint.

288.   At all relevant times, Alaska Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288 of the Complaint.

289.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative

designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 289 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

290.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 290 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

291.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 291 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

292.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Alaska Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 292 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

293.   These and other acts by Defendants were a direct and proximate cause of damages to Alaska Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 293 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

### COUNT XI (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

294.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 293 of the Complaint as if fully set forth herein.

295.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably

harmed by the ordinary use and misuse of their products, including Alaska Class members.

**ANSWER:** The allegations contained in Paragraph 295 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 295 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

296.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Alaska Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 296 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

297.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 297 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

298.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 298 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

299.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 299 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

300.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Alaska Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Alaska Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 300 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

301.   These and other acts by Defendants were a direct and proximate cause of damages to Alaska Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 301 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XII (AGAINST ALL DEFENDANTS) – VIOLATION OF THE ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT (ALASKA STAT. ANN. § 45.50.471 ET SEQ.)

302.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 301 of the Complaint as if fully set forth herein.

303.   The Alaska Unfair Trade Practices and Consumer Protection Act (Alaska CPA) declares unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce unlawful, including "using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged." ALASKA STAT. ANN. § 45.50.471(b)(12).

**ANSWER:** The cited statutory language in Paragraph 303 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 303 of the Complaint.

304.   The Alaska Class members are "consumers" within the meaning of Alaska Stat. Ann. § 45.50.561(4).

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 of the Complaint.

305.   Defendants were engaged "in the conduct of trade or commerce" within the meaning of Alaska Stat. Ann. § 45.50.471(a) when they sold their PFAS-infused products to turnout gear manufacturers.

**ANSWER:** 3M denies the allegations contained in Paragraph 305 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 305 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

306.   In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the Alaska Class members was treated with PFAS-infused products, with the intent that others rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 306 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

307.   In purchasing their turnout gear, the 669 Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 307 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 307 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

308.   The Alaska Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 308 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

309.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 309 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

310.   Defendants knew or should have known that their conduct violated the Alaska CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 310 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

311.   Defendants owed the Alaska Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a.   Possessed superior knowledge that their products were infused with PFAS and were applied to turnout gear purchased by the Alaska Class members; and

    b.   Intentionally concealed the foregoing from the Alaska Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 311 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

312.   Defendants' conduct proximately caused injuries to the Alaska Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 312 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

313.   The Alaska Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 313 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

314.   Defendants' violations present a continuing risk to the Alaska Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 314 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

315.   Pursuant to Alaska Stat. Ann. § 45.50.531(a), Alaska Class members seek "to recover for each unlawful act or practice three times the actual damages or $500, whichever is greater."

**ANSWER:** The allegations contained in Paragraph 315 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

316.    The Alaska Class members also seek attorneys' fees and any other just and proper relief available under the Alaska CPA.

**ANSWER:** The allegations contained in Paragraph 316 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

317.    On April 1, 2025, Plaintiff sent a letter to Defendants complying with Alaska Stat. Ann. § 45.50.535(b)(1).

**ANSWER:** 3M admits that it received correspondence from Plaintiff's counsel on April 13, 2025. 3M denies the remaining allegations contained in Paragraph 317 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

> **5.    Claims brought on behalf of Class members who installed their turnout gear in Arizona (the "Arizona Class members").**

**COUNT XIII (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

318.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 317 of the Complaint as if fully set forth herein.

319.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 319 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

320.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Arizona Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 320 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 320 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

321.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment and to those who wear turnout gear.

    c.  Defendants failed to disclose these threats to fire departments, Arizona Class members, and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 321 of the Complaint, including each of its subparts as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

322.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Arizona Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 322 of the Complaint.

323.   At all relevant times, the Arizona Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 323 of the Complaint.

324.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative

designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 324 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

325.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 325 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

326.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 326 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 326 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

326 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

327.   As a direct and proximate result of Defendants' unreasonably
dangerous design of PFAS-infused products, Arizona Class members have been
injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 327 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

328.   These and other acts by Defendants were a direct and proximate cause
of damages to Arizona Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 328 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XIV (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

329.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 328 of the Complaint as if fully set forth herein.

330.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Arizona Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Arizona Class members.

**ANSWER:** The allegations contained in Paragraph 330 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 330 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

331.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Arizona Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 331 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

332.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 332 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

333.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** The allegations contained in Paragraph 333 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 333 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 333 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

334.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 334 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 334 of the

Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 334 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

335.   Defendants' failure to warn proximately caused reasonably
foreseeable injuries to Arizona Class members, who would have heeded legally
adequate warnings about the dangers of PFAS products. At all relevant times,
Arizona Class members used their turnout gear with PFAS-infused products as
intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 335 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

336.   These and other acts by Defendants were a direct and proximate cause
of damages to Arizona Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 336 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XV (AGAINST ALL DEFENDANTS)
### - VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (ARIZ. REV. STAT. § 44-1521 ET SEQ.)

337.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 336 of the Complaint as if fully set forth herein.

338.   The Arizona Consumer Fraud Act (Arizona CFA) provides that the "act, use or employment by any person of any deception, deceptive act or practice, fraud … , misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale … of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. § 44-1522(A).

**ANSWER:** The cited statutory language in Paragraph 338 of the Complaint

speaks for itself. To the extent a response is required, 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 338 of the Complaint.

339.   Each Defendant and each Arizona Class member is a "person" within the meaning of the Arizona CFA, Ariz. Rev. Stat. § 44-1521(6).

**ANSWER:** The allegations contained in Paragraph 339 state a legal

conclusion, to which no response is required. To the extent that a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 339 of the Complaint.

340.   PFAS-infused products are "merchandise" within the meaning of Ariz. Rev. Stat. § 44-1521(5).

**ANSWER:** The cited statutory language speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 340 of the Complaint.

341.   Defendants' conduct, as set forth above, occurred in the conduct of trade or commerce.

**ANSWER:** 3M denies the allegations contained in Paragraph 341 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 341 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

342.   In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the Arizona Class members was treated with PFAS-infused products, with the intent that others rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 342 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

343.   In purchasing their turnout gear, the Arizona Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 343 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 343 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

344.   The Arizona Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 344 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 344 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

345.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 345 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

346.   Defendants knew or should have known that their conduct violated the Arizona CFA.

**ANSWER:** 3M denies the allegations contained in Paragraph 346 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

347.   Defendants owed the Arizona Class members a duty to disclose the truth about PFAS-infused products because Defendants:

a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Arizona Class members; and

b. Intentionally concealed the foregoing from the Arizona Class members.

**ANSWER:** The allegations contained in Paragraph 347 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 347 of the Complaint and each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

348.   Defendants' conduct proximately caused injuries to the Arizona Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 348 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

349.   The Arizona Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 349 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

350.   Defendants' violations present a continuing risk to the Arizona Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 350 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

351.   Pursuant to the Arizona CFA, Plaintiff seeks monetary relief against each Defendant in an amount to be determined at trial. Plaintiff also seeks punitive damages because each Defendant engaged in aggravated and outrageous conduct with an evil mind.

**ANSWER:** The allegations contained in Paragraph 351 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

6. **Claims brought on behalf of Class members who installed their turnout gear in Arkansas ("Arkansas Class members").**

**COUNT XVI (AGAINST ALL DEFENDANTS)
- STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

352.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 351 of the Complaint as if fully set forth herein.

353.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 353 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

354.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Arkansas Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 354 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 354 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

354 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

355.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner;

b. PFAS contamination poses significant threats to public health, economic welfare, and the environment and to those who wear turnout gear;

c. Defendants failed to disclose these threats to fire departments, Arkansas Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** The allegations contained in Paragraph 355 of the Complaint

and each of its subparts state legal conclusions as to which no response is required.

To the extent a response is required, 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies the allegations contained in

Paragraph 355 of the Complaint and each of its subparts as they pertain to 3M, and

3M lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 355 of the Complaint and each of its

subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

356.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Arkansas Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** The allegations contained in Paragraph 356 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 356 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 356 of the Complaint.

357.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** The allegations contained in Paragraph 357 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 357 of

the Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 357 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

358.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 358 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 358 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

359.   At all relevant times, Arkansas Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 359 of the Complaint.

360.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 360 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 360 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

360 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

361.   As a direct and proximate result of Defendants' unreasonably
dangerous design of PFAS-infused products, Arkansas Class members have been
injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 361 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

362.   These and other acts by Defendants were a direct and proximate cause
of damages to the Arkansas Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 362 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XVII (AGAINST ALL DEFENDANTS)
## - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

363.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 362 of the Complaint as if fully set forth herein.

364.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Arkansas Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Arkansas Class members.

**ANSWER:** The allegations contained in Paragraph 364 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 364 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

365.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Arkansas Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 365 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

366.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 366 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

367.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** The allegations contained in Paragraph 367 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 367 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 367 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

368.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 368 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 368 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 368 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

369.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Arkansas Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Arkansas Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 369 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

370.    These and other acts by Defendants were a direct and proximate cause of damages to the Arkansas Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 370 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### 7. Claims brought on behalf of Class members who installed their turnout gear in California ("California Class members).

### COUNT XVIII (AGAINST ALL DEFENDANTS) - VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200 ET SEQ.)

371.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 370 of the Complaint as if fully set forth herein.

372.   California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

**ANSWER:** The cited statutory language in Paragraph 372 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 372 of the Complaint.

373.   The California Class members and Defendants are "persons" within the meaning of Cal. Bus. & Prof. Code § 17201.

**ANSWER:** The allegations contained in Paragraph 373 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 373 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

374.   In purchasing their turnout gear, the California Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 374 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 374 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

375.   The California Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 375 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 375 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

376.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 376 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

377.    Defendants knew or should have known that their conduct violated the UCL.

**ANSWER:** 3M denies the allegations contained in Paragraph 377 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

378.    Defendants owed the California Class a duty to disclose the truth about PFAS-infused products because Defendants:

    a.    Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the California Class members; and

    b.    Intentionally concealed the foregoing from the California Class members.

**ANSWER:** The allegations contained in Paragraph 378 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 378 of the Complaint and each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

379.   Defendants' conduct proximately caused injuries to the California Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 379 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

380.   The California Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 380 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

381.   Defendants' violations present a continuing risk to Plaintiff as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 381 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

382. Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore to the California Class members any money it acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345; and for such other relief as may be appropriate.

**ANSWER:** The allegations contained in Paragraph 382 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as

against 3M.

## 8. Claims brought on behalf of Class members who installed their turnout gear in Colorado ("Colorado Class members").

### COUNT XIX (AGAINST ALL DEFENDANTS)
### - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

383. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 382 of the Complaint as if fully set forth herein.

384. At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and

PFAS-containing products. 3M denies the remaining allegations contained in

Paragraph 384 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

as they pertain to other Defendants.

385.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Colorado Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 385 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 385 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 385 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

386.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

   a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner;

   b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment;

   c.  Defendants failed to disclose these threats to fire departments, Colorado Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** The allegations contained in Paragraph 386 of the Complaint and each of its subparts state legal conclusions as to which no response is required.

158

To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 386 of the Complaint and each of its subparts as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 386 of the Complaint and each of its subparts. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

387.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Colorado Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** The allegations contained in Paragraph 387 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 387 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 387 of the Complaint.

388.   At all relevant times, the Colorado Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 388 of the Complaint.

389.    Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this Complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** The allegations contained in Paragraph 389 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 389 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 389 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

390.    At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 390 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 390 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

391.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 391 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 391 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 391 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

392.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Colorado Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 392 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

393.   These and other acts by Defendants were a direct and proximate cause of damages to the Colorado Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 393 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XX (AGAINST ALL DEFENDANTS)
### - STRICT PRODUCTS LIABILITY (FAILURE TO WARN) -

394.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 393 of the Complaint as if fully set forth herein.

395.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Colorado Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Colorado Class members.

**ANSWER:** The allegations contained in Paragraph 395 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 395 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

396.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Colorado Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 396 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

397.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 397 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

398.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** The allegations contained in Paragraph 398 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 398 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 398 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

399.   Defendants' PFAS-infused products were defective by virtue of their
inadequate warnings at the time they left Defendants' control, and those PFAS
products reached their end user without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 399 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 399 of the

Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 399 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

400.   Defendants' failure to warn proximately caused reasonably
foreseeable injuries to Colorado Class members, who would have heeded legally
adequate warnings about the dangers of PFAS products. At all relevant times,
Colorado Class members used their turnout gear with PFAS-infused products as
intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 400 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

401.   These and other acts by Defendants were a direct and proximate cause of damages to the Colorado Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 401 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### COUNT XXI (AGAINST ALL DEFENDANTS) - VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT (COLO. REV. STAT. § 6-1-101 ET SEQ.)

402.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 401 of the Complaint as if fully set forth herein.

403.   The Colorado Consumer Protection Act (Colorado CPA) prohibits deceptive practices in the course of a person's business, including but not limited to "fail[ing] to disclose material information concerning goods, services, or property which information was known at the time of an advertisement or sale if

such failure to disclose such information was intended to induce the consumer to enter into a transaction." Colo. Rev. Stat. § 6-1-105.

**ANSWER:** The cited statutory language in Paragraph 403 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 403 of the Complaint.

404.    Plaintiff, Colorado Class members, and Defendants are "persons" within the meaning of Colo. Rev. Stat. § 6-1-102(6).

**ANSWER:** The allegations contained in Paragraph 404 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 404 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

405.    The Colorado Class members are "consumers" for purposes of Colo. Rev. Stat. § 6-1-113(1)(a).

**ANSWER:** The allegations contained in Paragraph 405 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 405 of the Complaint.

406.    Each Defendant's conduct, as set forth above, occurred in the conduct of trade or commerce.

**ANSWER:** 3M denies the allegations contained in Paragraph 406 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 406 of the Complaint.

407.  In purchasing their turnout gear, the Colorado Class members were deceived by Defendants' failure to disclose the material information that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 407 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 407 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

408.  The Colorado Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 408 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 408 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

409.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 409 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

410.   Defendants knew or should have known that their conduct violated the Colorado CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 410 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

411.   Defendants owed the Colorado Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a.  Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Colorado Class members; and

    b.  Intentionally concealed the foregoing from the Colorado Class members.

**ANSWER:** The allegations contained in Paragraph 411 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 411 of the Complaint and each of its subparts as they pertain to 3M. 3M

lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

412.  Defendants' conduct proximately caused injuries to the Colorado
Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 412 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

413.  Pursuant to Colo. Rev. Stat. § 6-1-113, Plaintiff seeks monetary relief
against each Defendant measured as the greater of (a) actual damages in an amount
to be determined at trial and discretionary trebling of such damages, or (b)
statutory damages in the amount of $500 for each plaintiff or class member.

**ANSWER:** The allegations contained in Paragraph 413 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as

against 3M.

414.  Plaintiff also seeks attorneys' fees and any other just and proper
remedy under the Colorado CPA.

**ANSWER:** The allegations contained in Paragraph 414 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as

against 3M.

9.    **Claims brought on behalf of Class members who installed their turnout gear in Connecticut (collectively, "Connecticut Class members").**

**COUNT XXII (AGAINST ALL DEFENDANTS)**
**- STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

415.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 414 of the Complaint as if fully set forth herein.

416.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 416 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

417.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Connecticut Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 417 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 417 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

417 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

418.   PFAS-infused products are unreasonably dangerous for their
foreseeable uses and misuses because, among other things:

a.  PFAS cause extensive and persistent contamination of the
    environment even when used in their foreseeable and intended
    manner;

b.  PFAS contamination poses significant threats to public health,
    economic welfare, and the environment;

c.  Defendants failed to disclose these threats to fire departments,
    Connecticut Class members and the public generally but instead
    downplayed and misrepresented the dangers posed by their PFAS
    products.

**ANSWER:** The allegations contained in Paragraph 418 of the Complaint

and each of its subparts state legal conclusions as to which no response is required.

To the extent a response is required, 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies the allegations contained in

Paragraph 418 of the Complaint and each of its subparts as they pertain to 3M, and

3M lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 418 of the Complaint and each of its

subparts. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

419.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Connecticut Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** The allegations contained in Paragraph 419 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 419 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 419 of the Complaint.

420.   At all relevant times, Connecticut Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 420 of the Complaint.

421.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** The allegations contained in Paragraph 421 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 421 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 421 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

422.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 422 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 422 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

423.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 423 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 423 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

423 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

424.   As a direct and proximate result of Defendants' unreasonably
dangerous design of PFAS-infused products, Connecticut Class members have
been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 424 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

425.   These and other acts by Defendants were a direct and proximate cause
of damages to the Connecticut Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 425 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XXIII (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

426.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 425 of the Complaint as if fully set forth herein.

427.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Connecticut Class members, as well as to all turnout gear, manufacturers who treated their turnout gear, with PFAS-infused products before selling them to Connecticut Class members.

**ANSWER:** The allegations contained in Paragraph 427 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 427 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

428.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Connecticut Class members of those risks.

**ANSWER:** The allegations contained in Paragraph 428 of the Complaint state legal conclusions as to which no response is required. . To the extent a response is required, 3M denies the allegations contained in Paragraph 428 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

429.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:**  3M denies the allegations contained in Paragraph 429 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 429 of the Complaint as they pertain to other Defendants.

430.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 430 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 430 of the Complaint as they pertain to other Defendants.

431.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 431 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 431 of the Complaint as they pertain to other Defendants.

432.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Connecticut Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Connecticut Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** The allegations contained in Paragraph 432 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 432 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

433.   These and other acts by Defendants were a direct and proximate cause of damages to the Connecticut Class members.

**ANSWER:** The allegations contained in Paragraph 433 of the Complaint state legal conclusions as to which no response is required. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

as they pertain to other Defendants. 3M denies the remaining allegations contained in Paragraph 433 of the Complaint as they pertain to 3M.

10. **Claims brought on behalf of Class members who installed their turnout gear in Delaware ("Delaware Class members").**

**COUNT XXIV (AGAINST ALL DEFENDANTS) NEGLIGENCE (DESIGN DEFECT)**

434.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 433 of the Complaint as if fully set forth herein.

435.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 435 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants. 3M denies the remaining allegations contained in Paragraph 435 of the Complaint as they pertain to 3M.

436.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to negligently place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons,

including the Delaware Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 436 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants. 3M denies the remaining allegations contained in Paragraph 436 of the Complaint as they pertain to 3M.

437.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.  Defendants failed to disclose these threats to fire departments, Delaware Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 437 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 437 of the Complaint as they pertain to other Defendants.

438.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Delaware Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 438 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 438 of the Complaint as they pertain to other Defendants.

439.   At all relevant times, Delaware Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 439 of the Complaint.

440.   Defendants knew of these risks and nevertheless negligently failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** The allegations contained in Paragraph 440 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 440 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 440 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

441.   At all relevant times, the foreseeable risk of harm to public health,
property, and the environment posed by Defendants' PFAS-infused products
outweighed the utility of using PFAS in those products and outweighed the cost to
Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 441 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 441 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

442.   Defendants' PFAS-infused products were defectively and negligently
designed at the time they left Defendants' control, and those products reached their
end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 442 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 442 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

442 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

443.   As a direct and proximate result of Defendants' negligent design of unreasonably dangerous PFAS-infused products, Delaware Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 443 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

444.   These and other acts by Defendants were a direct and proximate cause of damages to the Delaware Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 444 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**COUNT XXV (AGAINST ALL DEFENDANTS) - NEGLIGENCE (FAILURE TO WARN)**

445.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 444 of the Complaint as if fully set forth herein.

446.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew or should have known about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Delaware Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Delaware Class members.

**ANSWER:** The allegations contained in Paragraph 446 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 446 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

447.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants negligently failed to warn turnout gear manufacturers, consumers, the public, and Delaware Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 447 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

448.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 448 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

449.   Defendants' inadequate and negligent warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** The allegations contained in Paragraph 449 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 449 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 449 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

450.   Defendants' PFAS-infused products were defective by virtue of their negligently inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 450 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 450 of the

Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 450 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

451.   Defendants' negligent failure to warn proximately caused reasonably
foreseeable injuries to Delaware Class members, who would have heeded legally
adequate warnings about the dangers of PFAS products. At all relevant times,
Delaware Class members used their turnout gear with PFAS-infused products as
intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 451 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

452.   These and other acts by Defendants were a direct and proximate cause
of damages to the Delaware Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 452 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

### COUNT XXVI (AGAINST ALL DEFENDANTS) - VIOLATION OF THE DELAWARE CONSUMER FRAUD ACT (DEL. CODE TIT. 6, § 2513 ET SEQ.)

453.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 452 of the Complaint as if fully set forth herein.

454.   The Delaware Consumer Fraud Act (Delaware CFA) prohibits the "act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale, lease or advertisement of any merchandise, whether or nor any person has in fact been misled, deceived, or damaged thereby." Del. Code Tit. 6, § 2513(a).

**ANSWER:** The cited statutory language in Paragraph 454 of the Complaint

speaks for itself. To the extent a response is required, 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 454 of the Complaint.

455.   Plaintiff, Delaware Class members, and Defendants are "persons" within the meaning of Del. Code Tit. 6, § 2511(7).

**ANSWER:** The allegations contained in Paragraph 455 state a legal

conclusion, to which no response is required. To the extent that a response is

required, 3M lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 455 of the Complaint as they pertain

to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

456.  Defendants' actions, as set forth above, occurred in the conduct of trade or commerce.

**ANSWER:** 3M denies the allegations contained in Paragraph 456 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 456 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

457.  In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the Delaware Class members were treated with PFAS-infused products, with the intent that others rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 457 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

458.  In purchasing their turnout gear, the Delaware Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 458 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

458 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

459.   The Delaware Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 459 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 459 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

460.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 460 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

461.   Defendants knew or should have known that their conduct violated the Delaware CFA.

**ANSWER:** 3M denies the allegations contained in Paragraph 461 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

462.   Defendants owed the Delaware Class a duty to disclose the truth about PFAS-infused products because Defendants:

   a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Delaware Class members; and

   b. Intentionally concealed the foregoing from the Delaware Class members.

**ANSWER:** The allegations contained in Paragraph 462 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 462 of the Complaint and each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

463.   Defendants' conduct proximately caused injuries to the Delaware Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 463 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

464.   The Delaware Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants'

conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 464 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

465.   Defendants' violations present a continuing risk to the Delaware Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 465 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

466.   Plaintiff seeks damages under the Delaware CFA for injury resulting from the direct and natural consequences of each Defendant's unlawful conduct. See, e.g., Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1077 (Del. 1980). Plaintiff also seeks attorneys' fees and any other just and proper relief available under the Delaware CFA.

**ANSWER:** The allegations contained in Paragraph 466 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

467.   Defendants engaged in gross, oppressive, or aggravated conduct justifying the imposition of punitive damages.

**ANSWER:** 3M denies the allegations contained in Paragraph 467 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## 11.   Claims brought on behalf of Class members who installed their turnout gear in Georgia ("Georgia Class members").

### COUNT XXVII (AGAINST ALL DEFENDANTS) - VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT (GA. CODE ANN. § 10-1-390 ET SEQ.)

468.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 467 of the Complaint as if fully set forth herein.

469.   The Georgia Fair Business Practices Act (Georgia FBPA) declares "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce" to be unlawful. Ga. Code Ann. § 10-1-393(b).

**ANSWER:** The cited statutory language in Paragraph 469 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 469 of the Complaint.

470.   The Georgia Class members are "consumers" within the meaning of Ga. Code Ann. § 10-1-392(a)(6).

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 470 of the Complaint.

471.   Each Defendant engaged in "trade or commerce" within the meaning of Ga. Code Ann. § 10-1-393(a)(28).

**ANSWER:** 3M denies the allegations contained in Paragraph 471 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 471 of the Complaint.

472.   In purchasing their turnout gear, the Georgia Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 472 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 472 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

473.   The Georgia Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 473 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 473 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

474.   Defendants' concealment, suppression, and omission of material facts
were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 474 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

475.   Defendants knew or should have known that their conduct violated the
Georgia FBPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 475 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

476.   Defendants owed the Georgia Class members a duty to disclose the
truth about PFAS-infused products because Defendants:

    a.   Possessed superior knowledge that their PFAS-infused products were
infused with PFAS and were applied to turnout gear purchased by the
Georgia Class members; and

    b.   Intentionally concealed the foregoing from the Georgia Class
members.

**ANSWER:** The allegations contained in Paragraph 476 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 476 of the Complaint and each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

477.   Defendants' conduct proximately caused injuries to the Georgia Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 477 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

478.   The Georgia Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 478 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

479.   Defendants' violations present a continuing risk to the Georgia Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 479 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

480.   Plaintiff and the Georgia Class members are entitled to recover damages and exemplary damages (for intentional violations) pursuant to Ga. Code Ann. § 10-1-399(a). Plaintiff also seeks attorneys' fees and any other just and proper relief available under the Georgia FBPA pursuant to Ga. Code Ann. § 10-1-399.

**ANSWER:** The allegations contained in Paragraph 480 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

481.   On April 1, 2025, Plaintiff sent a letter to Defendants complying with Ga. Code Ann. § 10-1-399(b).

**ANSWER:** 3M admits that it received correspondence from Plaintiff's counsel on April 13, 2025. 3M denies the remaining allegations contained in Paragraph 481 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XXVIII (AGAINST ALL DEFENDANTS)
## - VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (GA. CODE ANN. § 10-1-370 ET SEQ.)

482.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 481 of the Complaint as if fully set forth herein.

483.   Georgia's Uniform Deceptive Trade Practices Act (Georgia UDTPA) prohibits "deceptive trade practices." Ga. Code Ann. § 10-1-372(a).

**ANSWER:** The cited statutory language in Paragraph 483 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 483 of the Complaint.

484.   Defendants, Plaintiff, and Georgia Class members are "persons" within the meaning of Ga. Code Ann. § 10-1-371(5).

**ANSWER:** The allegations contained in Paragraph 484 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 484 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

196

485.   Defendants engaged in deceptive conduct, as alleged above for their violations of the Georgia FBPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 485 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

486.   The Georgia Class members seek attorneys' fees and any other just and proper relief available under Ga. Code Ann. § 10-1-373.

**ANSWER:** The allegations contained in Paragraph 486 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

**12.    Claims brought on behalf of Class members who installed their turnout gear in Hawaii ("Hawaii Class members").**

**COUNT XXIX (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

487.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 486 of the Complaint as if fully set forth herein.

488.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in

Paragraph 488 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

489.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Hawaii Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 489 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 489 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 489 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

490.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner;

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment;

    c.  Defendants failed to disclose these threats to fire departments, Hawaii Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** The allegations contained in Paragraph 490 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 490 of the Complaint and each of its subparts as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 490 of the Complaint and each of its subparts. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

491.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Hawaii Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** The allegations contained in Paragraph 491 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 491 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 491 of the Complaint.

492.   At all relevant times, Hawaii Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 492 of the Complaint.

493.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** The allegations contained in Paragraph 493 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 493 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 493 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

494.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products

outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 494 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 494 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

495.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 495 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 495 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 495 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

496.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Hawaii Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 496 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

497.    These and other acts by Defendants were a direct and proximate cause of damages to Hawaii Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 497 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XXX (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

498.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 497 of the Complaint as if fully set forth herein.

499.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Hawaii Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Hawaii Class members.

**ANSWER:** The allegations contained in Paragraph 499 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 499 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

500.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Hawaii Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 500 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

501.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 501 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

502.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** The allegations contained in Paragraph 502 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 502 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 502 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

503.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 503 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 503 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 503 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

504.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Hawaii Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Hawaii Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 504 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

505.   These and other acts by Defendants were a direct and proximate cause of damages to the Hawaii Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 505 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### 13.   Claims brought on behalf of Class members who installed their turnout gear in Illinois ("Illinois Class members").

## COUNT XXXI (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY
### (DESIGN DEFECT)

506.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 505 of the Complaint as if fully set forth herein.

507.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 507 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

508.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Illinois Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 508 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 508 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 508 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

509.    PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner;

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment;

    c.  Defendants failed to disclose these threats to fire departments, Illinois Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** The allegations contained in Paragraph 509 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 509 of the Complaint and each of its subparts as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 509 of the Complaint and each of its subparts. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

510.    At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Illinois Class members, to an extent

beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** The allegations contained in Paragraph 510 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 510 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 510 of the Complaint.

511. At all relevant times, the Illinois Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 511 of the Complaint.

512. Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** The allegations contained in Paragraph 512 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies the allegations contained in Paragraph 512 of

the Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 512 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

513.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 513 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 513 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

514.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 514 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 514 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

514 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

515.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Illinois Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 515 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

516.   These and other acts by Defendants were a direct and proximate cause of damages to the Illinois Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 516 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XXXII (AGAINST ALL DEFENDANTS)
## - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

517.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 516 of the Complaint as if fully set forth herein.

518.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Illinois Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Illinois Class members.

**ANSWER:** The allegations contained in Paragraph 518 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 518 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

519.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Illinois Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 519 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

520.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 520 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

521.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** The allegations contained in Paragraph 521 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 521 of the Complaint as they pertain to 3M, and 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 521 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

522.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** The allegations contained in Paragraph 522 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 522 of the

Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 522 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

523.    Defendants' failure to warn proximately caused reasonably
foreseeable injuries to Illinois Class members, who would have heeded legally
adequate warnings about the dangers of PFAS products. At all relevant times,
Illinois Class members used their turnout gear with PFAS-infused products as
intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 523 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

524.    These and other acts by Defendants were a direct and proximate cause
of damages to Illinois Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 524 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XXXIII (AGAINST ALL DEFENDANTS) - VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILL. COMP. STAT. ANN. 505/1 ET SEQ.)

525.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 524 of the Complaint as if fully set forth herein.

526.   The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) declares several specific actions to be unlawful, including "any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact."

**ANSWER:** The cited statutory language in Paragraph 526 of the Complaint

speaks for itself. To the extent a response is required, 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 526 of the Complaint.

527.   The Illinois Class members are "consumers" within the meaning of 815 ILCS 505/1(e).

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 527 of the Complaint.

528.   Defendants were engaged in "trade" and "commerce" within the meaning of 815 ILCS 505/1(f) when they sold their PFAS-infused products to turnout gear manufacturers.

**ANSWER:** 3M denies the allegations contained in Paragraph 528 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 528 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

529.   In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the Illinois Class members were treated with PFAS-infused products, with the intent that others rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 529 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

530.   In purchasing their turnout gear, the Illinois Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 530 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 530 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

531.   The Illinois Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 531 of the

Complaint as they pertain to 3M, and 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 531 of the Complaint. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

532.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 532 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

533.   Defendants knew or should have known that their conduct violated the ICFA.

**ANSWER:** 3M denies the allegations contained in Paragraph 533 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

534.   Defendants owed the Illinois Class members a duty to disclose the truth about PFAS-infused products because Defendants:

a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Illinois Class members; and

b. Intentionally concealed the foregoing from the Illinois Class members.

**ANSWER:** The allegations contained in Paragraph 534 of the Complaint and each of its subparts state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 534 of the Complaint and each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

535.   Defendants' conduct proximately caused injuries to the Illinois Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 535 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

536.   The Illinois Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants'

conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 536 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

537.    Defendants' violations present a continuing risk to the Illinois Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 537 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

538.    Pursuant to 815 ILCS 505/10a(a), the Illinois Class members seek monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $100 for each plaintiff.

**ANSWER:** The allegations contained in Paragraph 538 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

539.   The Illinois Class members seek attorneys' fees and any other just and proper relief available under 815 ILCS 505/10a(c).

**ANSWER:** The allegations contained in Paragraph 539 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as

against 3M.

**14.    Claims brought on behalf of Class members who installed their turnout gear in Indiana ("Indiana Class members").**

COUNT XXXIV (AGAINST ALL DEFENDANTS)
VIOLATION OF INDIANA PRODUCTS LIABILITY ACT IND. CODE ANN. § 34-20-1-1 ET SEQ. (DESIGN DEFECT)

540.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 539 of the Complaint as if fully set forth herein.

541.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 541 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

542.    At all times relevant to this action, Defendants had a duty to ensure that the design of PFAS-infused products made them reasonably fit and safe for the purpose for which they were intended.

**ANSWER:** The allegations contained in Paragraph 542 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 542 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

542 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

543.   Defendants' PFAS-infused products were not reasonably safe as
designed and have been unreasonably dangerous for their intended, foreseeable,
and ordinary use and disposal.

**ANSWER:** 3M denies the allegations contained in Paragraph 543 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

543 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

544.   PFAS-infused products are unreasonably dangerous for their
foreseeable uses and misuses because, among other things:

  a.  PFAS cause extensive and persistent contamination of the
      environment even when used in their foreseeable and intended
      manner.

  b.  PFAS contamination poses significant threats to public health,
      economic welfare, and the environment.

  c.  Defendants failed to disclose these threats to fire departments, Indiana
      Class members and the public generally but instead downplayed and
      misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 544 of the

Complaint, including each of its subparts, as they pertain to 3M. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 544 of the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

545.   At all relevant times, PFAS-infused turnout gear was in a defective
condition unreasonably dangerous to the Indiana Class members, to an extent
beyond that which would be expected or contemplated by an ordinary consumer
when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 545 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

545 of the Complaint.

546.   At all relevant times, Indiana Class members used turnout gear
infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 546 of the Complaint.

547.   Defendants knew of these risks and nevertheless failed to use
reasonable care in the design of their PFAS-infused products. Defendants could
have made products that did not contain the PFAS chemicals at issue in this
Complaint or could have designed their PFAS-infused products in ways that
substantially reduced or eliminated the health and environmental dangers posed by
PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative
designs rendered their products defective, not reasonably safe, and unreasonably
dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 547 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

547 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

548.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 548 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 548 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

548 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

549.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control. Defendants expected that their PFAS-infused products would reach consumers without a substantial change in their condition, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 549 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

549 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

550.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Indiana Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 550 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 550 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

551.    These and other acts by Defendants were a direct and proximate cause of damages to Indiana Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 551 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 551 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**COUNT XXXV (AGAINST ALL DEFENDANTS)**
**VIOLATION OF INDIANA PRODUCTS LIABILITY ACT**
**IND. CODE ANN. § 34-20-1-1 ET SEQ.**
**(FAILURE TO WARN)**

552.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 551 of the Complaint as if fully set forth herein.

553.   Defendants had a duty to reasonably warn Indiana Class members of the dangers posed by their PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 553 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 553 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 553 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

554.   Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including the Indiana Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to the Indiana Class members. Defendants, by exercising reasonable diligence, could have made such warnings available to those third parties. Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants

unreasonably failed to warn turnout gear manufacturers, consumers, the public, and Indiana Class members in particular of those risks.

**ANSWER:** The allegations contained in Paragraph 554 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 554 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 554 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

555.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 555 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 555 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

556.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 556 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 556 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

557.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 557 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 557 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

558.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Indiana Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Indiana Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 558 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 558 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

559.   These and other acts by Defendants were a direct and proximate cause of damages to Indiana Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 559 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 559 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**15.    Claims brought on behalf of Class members who installed their turnout gear in Iowa ("Iowa Class members").**

**COUNT XXXVI (AGAINST ALL DEFENDANTS)**
**DESIGN DEFECT CLAIM**

560.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 559 of the Complaint as if fully set forth herein.

561.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 561 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

562.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Iowa Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 562 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 562 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 562 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

563.    PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

c. Defendants failed to disclose these threats to fire departments, Iowa Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 563 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 563 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

564.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Iowa Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 564 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 564 of the Complaint.

565.   At all relevant times, Iowa Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 565 of the Complaint.

566.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could

have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 566 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 566 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

567.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 567 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 567 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 567 of the Complaint. 3M also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

568.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 568 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 568 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

569.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Iowa Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 569 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 569 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

570.   These and other acts by Defendants were a direct and proximate cause of damages to Iowa Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 570 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

570 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XXXVII (AGAINST ALL DEFENDANTS)
### FAILURE TO WARN CLAIM

571.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 570 of the Complaint as if fully set forth herein.

572.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Iowa Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Iowa Class members.

**ANSWER:** The allegations contained in Paragraph 572 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 572 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 572 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

573.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Iowa Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 573 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 573 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

574.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 574 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 574 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

575.    Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 575 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

575 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

576.    Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 576 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 576 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

577.    Defendants' failure to warn proximately caused reasonably foreseeable injuries to Iowa Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Iowa Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 577 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 577 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

578.   These and other acts by Defendants were a direct and proximate cause of damages to Iowa Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 578 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 578 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XXXVIII (AGAINST ALL DEFENDANTS)
### VIOLATION OF IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT (IOWA CODE § 714H.1 ET SEQ.)

579.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 578 of the Complaint as if fully set forth herein.

580.   The Iowa Private Right of Action for Consumer Frauds Act (Iowa CFA) prohibits any "practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact, with the intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission in connection with the advertisement, sale, or lease of consumer merchandise." IOWA CODE § 714H.3.

**ANSWER:** The allegations contained in Paragraph 580 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

581.   Each Defendant and each Iowa Class member is a "person" under IOWA CODE § 714H.2(7).

**ANSWER:** The allegations contained in Paragraph 581 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Iowa Class members are "persons" under the cited statute.

582.   The Iowa Class members are "consumers" as defined by IOWA CODE § 714H.2(3).

**ANSWER:** The allegations contained in Paragraph 582 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 582 of the Complaint.

583.   In purchasing their turnout gear, the Iowa Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 583 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 583 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

584.   The Iowa Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 584 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 584 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

585.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 585 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 585 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

586.   Defendants knew or should have known that their conduct violated the Iowa CFA.

**ANSWER:** 3M denies the allegations contained in Paragraph 586 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 586 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

587.   Defendants owed the Iowa Class members a duty to disclose the truth about PFAS-infused products because Defendants:

> a.   Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Iowa Class members; and
>
> b.   Intentionally concealed the foregoing from the Iowa Class members.

**ANSWER:** The allegations contained in Paragraph 587 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 587 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 587 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

588.   Defendants' conduct proximately caused injuries to the Iowa Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 588 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 588 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

589.    The Iowa Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 589 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

589 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

590.    Defendants' violations present a continuing risk to the Iowa Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 590 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

590 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

591.    Pursuant to IOWA CODE § 714H.5, Plaintiff seeks actual damages, statutory damages up to three times the amount of actual damages awarded as a

result of each Defendant's willful and wanton disregard for the rights of others, and attorneys' fees.

**ANSWER:** The allegations contained in Paragraph 591 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

### 16. Claims brought on behalf of Class members who installed their turnout gear in Maryland ("Maryland Class members").

### COUNT XXXIX (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
### (DESIGN DEFECT)

592. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 591 of the Complaint as if fully set forth herein.

593. At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products. 3M denies the remaining allegations contained in Paragraph 593 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

594. As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the

Maryland Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 594 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 594 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 594 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

595.  PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

   a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

   b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

   c. Defendants failed to disclose these threats to fire departments, Maryland Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 595 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 595 of the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

596.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Maryland Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 596 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

596 of the Complaint.

597.   At all relevant times, Maryland Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 597 of the Complaint.

598.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 598 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

598 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

599.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 599 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 599 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

599 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

600.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 600 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

600 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

601.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Maryland Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 601 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 601 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

602.   These and other acts by Defendants were a direct and proximate cause of damages to Maryland Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 602 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 602 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XL (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
#### (FAILURE TO WARN)

603.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 602 of the Complaint as if fully set forth herein.

604.  As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Maryland Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Maryland Class members.

**ANSWER:** The allegations contained in Paragraph 604 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 604 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 604 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

605.  Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Maryland Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 605 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 605 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

606.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 606 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 606 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

607.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 607 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 607 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

608.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 608 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

608 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

609.    Defendants' failure to warn proximately caused reasonably
foreseeable injuries to Maryland Class members, who would have heeded legally
adequate warnings about the dangers of PFAS products. At all relevant times,
Maryland Class members used their turnout gear with PFAS-infused products as
intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 609 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

609 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

610.    These and other acts by Defendants were a direct and proximate cause
of damages to Maryland Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 610 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

610 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XLI (AGAINST ALL DEFENDANTS)
## VIOLATION OF MARYLAND CONSUMER PROTECTION ACT
## (MD. CODE ANN., COM. LAW § 13-101 ET SEQ.)

611.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 610 of the Complaint as if fully set forth herein.

612.   The Maryland Consumer Protection Act (Maryland CPA) provides that a person may not engage in any unfair or deceptive trade practice in the sale or lease of any consumer good, including "failure to state a material fact if the failure deceives or tends to deceive" and "[d]eception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same," MD. CODE ANN., COM. LAW § 13-301, regardless of whether the consumer is actually deceived or damaged, MD. CODE ANN., COM. LAW § 13-302.

**ANSWER:** The allegations contained in Paragraph 612 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, the cited statutory provisions speak for themselves.

613.   Defendants, Plaintiff, and Maryland Class members are "persons" within the meaning of MD. CODE ANN., COM. LAW § 13-101(h).

**ANSWER:** The allegations contained in Paragraph 613 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 613 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

614.   In purchasing their turnout gear, the Maryland Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 614 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 614 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

615.   The Maryland Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 615 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 615 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

616.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 616 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

616 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

617.   Defendants knew or should have known that their conduct violated the Maryland CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 617 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 617 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

618.   Defendants owed the Maryland Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Maryland Class members; and

    b. Intentionally concealed the foregoing from the Maryland Class members.

**ANSWER:** The allegations contained in Paragraph 618 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 618 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 618 of the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

619.   Defendants' conduct proximately caused injuries to the Maryland Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 619 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

619 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

620.   The Maryland Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 620 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

620 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

621.   Defendants' violations present a continuing risk to the Maryland Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 621 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 621 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

622.   Pursuant to MD. CODE ANN., COM. LAW § 13-408, Plaintiff seeks actual damages, attorneys' fees, and any other just and proper relief available under the Maryland CPA.

**ANSWER:** The allegations contained in Paragraph 622 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

**17.    Claims brought on behalf of Class members who installed their turnout gear in Massachusetts ("Massachusetts Class members").**

**COUNT XLII (AGAINST ALL DEFENDANTS)**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(DESIGN DEFECT)**

623.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 622 of the Complaint as if fully set forth herein.

624.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and

PFAS-containing products.  3M denies the remaining allegations contained in

Paragraph 624 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

as they pertain to other Defendants.

625.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Massachusetts Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 625 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 625 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

625 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

626.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.   PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c. Defendants failed to disclose these threats to fire departments, Massachusetts Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 626 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 626 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

627. At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Massachusetts Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 627 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 627 of the Complaint.

628. At all relevant times, Massachusetts Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 628 of the Complaint.

629.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 629 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 629 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

630.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 630 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 630 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 630 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

631.    Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 631 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 631 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

632.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Massachusetts Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 632 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 632 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

633.   These and other acts by Defendants were a direct and proximate cause of damages to Massachusetts Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 633 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 633 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XLIII (AGAINST ALL DEFENDANTS)
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### (FAILURE TO WARN)

634.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 633 of the Complaint as if fully set forth herein.

635.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Massachusetts Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Massachusetts Class members.

**ANSWER:** The allegations contained in Paragraph 635 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 635 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 635 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

636.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Massachusetts Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 636 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 636 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

637.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 637 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 637 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

638.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 638 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

638 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

639.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 639 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

639 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

640.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Massachusetts Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant

times, Massachusetts Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 640 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 640 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

641. These and other acts by Defendants were a direct and proximate cause of damages to Massachusetts Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 641 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 641 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XLIV (AGAINST ALL DEFENDANTS)
## VIOLATION OF THE MASSACHUSETTS GENERAL LAW CHAPTER 93A
## (MASS. GEN. LAWS CH. 93A, § 1 ET SEQ.)

642. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 641 of the Complaint as if fully set forth herein.

643.   Plaintiffs have served a statutory demand letter and will amend to add a Section 93A claim in 30 days. This count is just a placeholder for now.

**ANSWER:** 3M admits that it received correspondence from Plaintiff's counsel on April 13, 2025. 3M denies the remaining allegations contained in Paragraph 643 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

644.   The Massachusetts Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 644 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 644 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

645.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 645 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 645 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

646.  Defendants knew or should have known that their conduct violated the MCPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 646 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 646 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

647.  Defendants owed the Massachusetts Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a.  Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Massachusetts Class members; and

    b.  Intentionally concealed the foregoing from the Massachusetts Class members.

**ANSWER:** The allegations contained in Paragraph 647 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 647 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 647 of the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

648.   Defendants' conduct proximately caused injuries to the Massachusetts Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 648 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

648 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

649.   The Massachusetts Class members were injured and suffered
ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of
Defendants' conduct. These injuries are the direct and natural consequence of
Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 649 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

649 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

650.    Defendants' violations present a continuing risk to the Massachusetts Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 650 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 650 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

651.    The Massachusetts Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of the Defendants' conduct. These injuries are the direct and natural consequence of the Defendants' misrepresentations and omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 651 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 651 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

652.    Pursuant to Mass. Gen. Laws ch. 93A, § 9, the Massachusetts Class members seek attorneys' fees, costs, and any other just and proper relief available under the MCPA.

**ANSWER:** The allegations contained in Paragraph 652 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

653.   On April 1, 2025, Plaintiff sent a letter to Defendants complying with MASS. GEN. LAWS CH. 93A, § 9(3).

**ANSWER:** 3M admits that it received correspondence from Plaintiff's counsel on April 13, 2025. 3M denies the remaining allegations contained in Paragraph 653 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## 18.    Claims brought on behalf of Class members who installed their turnout gear in Minnesota ("Minnesota Class members").

### COUNT XLV (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
### (DESIGN DEFECT)

654.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 653 of the Complaint as if fully set forth herein.

655.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 655 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

656.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Minnesota Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 656 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 656 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 656 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

657.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

c. Defendants failed to disclose these threats to fire departments, Minnesota Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 657 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 657 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

658.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Minnesota Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 658 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 658 of the Complaint.

659.   At all relevant times, Minnesota Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 659 of the Complaint.

660.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative

designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 660 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 660 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

661.    At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 661 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 661 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 661 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

662.    Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 662 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 662 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

663.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Minnesota Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 663 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 663 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

664.    These and other acts by Defendants were a direct and proximate cause of damages to Minnesota Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 664 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

664 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### COUNT XLVI (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
### (FAILURE TO WARN)

665.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 664 of the Complaint as if fully set forth herein.

666.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Minnesota Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Minnesota Class members.

**ANSWER:** The allegations contained in Paragraph 666 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 666 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 666 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

667.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Minnesota Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 667 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 667 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

668.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 668 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 668 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

669.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 669 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

669 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

670.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 670 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 670 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

671.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Minnesota Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Minnesota Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 671 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 671 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

672.   These and other acts by Defendants were a direct and proximate cause of damages to Minnesota Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 672 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 672 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### 19.   Claims brought on behalf of Class members who installed their turnout gear in Missouri ("Missouri Class members").

#### COUNT XLVII (AGAINST ALL DEFENDANTS)
#### STRICT PRODUCTS LIABILITY
#### (DESIGN DEFECT)

673.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 672 of the Complaint as if fully set forth herein.

674.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 674 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

675.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Missouri Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 675 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 675 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 675 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

676.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c. Defendants failed to disclose these threats to fire departments, Missouri Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 676 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 676 of the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

677.   At all relevant times, PFAS-infused turnout gear was in a defective
condition unreasonably dangerous to the Missouri Class members, to an extent
beyond that which would be expected or contemplated by an ordinary consumer
when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 677 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

677 of the Complaint.

678.   At all relevant times, Missouri Class members used turnout gear
infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 678 of the Complaint.

679.   Defendants knew of these risks and nevertheless failed to use
reasonable care in the design of their PFAS-infused products. Defendants could
have made products that did not contain the PFAS chemicals at issue in this
complaint or could have designed their PFAS-infused products in ways that
substantially reduced or eliminated the health and environmental dangers posed by
PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative
designs rendered their products defective, not reasonably safe, and unreasonably
dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 679 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

679 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

680.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 680 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 680 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

680 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

681.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 681 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

681 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

682.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Missouri Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 682 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

682 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

683.    These and other acts by Defendants were a direct and proximate cause of damages to Missouri Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 683 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

683 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT XLVIII (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
### (FAILURE TO WARN)

684.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 683 of the Complaint as if fully set forth herein.

685.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Missouri Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Missouri Class members.

**ANSWER:** The allegations contained in Paragraph 685 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 685 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 685 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

686.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Missouri Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 686 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 686 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

687.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 687 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 687 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

688.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 688 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

688 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

689.  Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 689 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 689 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

690.  Defendants' failure to warn proximately caused reasonably foreseeable injuries to Missouri Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Missouri Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 690 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 690 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

691.   These and other acts by Defendants were a direct and proximate cause of damages to Missouri Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 691 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 691 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### COUNT XLIX (AGAINST ALL DEFENDANTS)
### VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT
### (MO. REV. STAT. § 407.005 ET SEQ.)

692.   Plaintiff's incorporate by reference the allegations contained in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 691 of the Complaint as if fully set forth herein.

693.   The Missouri Merchandising Practices Act (Missouri MPA) makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise." MO. REV. STAT. § 407.020(1).

**ANSWER:** The allegations contained in Paragraph 693 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, the cited statutory provision speaks for itself.

694.    Defendants, Plaintiff, and Missouri Class members are "persons" within the meaning of MO. REV. STAT. § 407.010(5).

**ANSWER:** The allegations contained in Paragraph 694 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 694 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other Defendants.

695.    Defendants committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of MO. REV. STAT. § 407.010(7).

**ANSWER:** 3M denies the allegations contained in Paragraph 695 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 695 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other Defendants.

696.    In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the Missouri Class members were treated with PFAS-infused products, with the intent that others rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 696 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

697.    In purchasing their turnout gear, the Missouri Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 697 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 697 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

698.    The Missouri Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 698 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 698 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

699.    Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 699 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

699 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

700.   Defendants knew or should have known that their conduct violated the
Missouri MPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 700 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

700 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

701.   Defendants owed the Missouri Class members a duty to disclose the
truth about PFAS-infused products because Defendants:

    a.  Possessed superior knowledge that their PFAS-infused products were
       infused with PFAS and were applied to turnout gear purchased by the
       Missouri Class members; and

    b.  Intentionally concealed the foregoing from the Missouri Class
       members.

**ANSWER:** The allegations contained in Paragraph 701 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 701 of the

Complaint, including each of its subparts, as they pertain to 3M. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 701 of the Complaint. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

702.   Defendants' conduct proximately caused injuries to the Missouri
Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 702 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

702 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

703.   The Missouri Class members were injured and suffered ascertainable
loss, injury-in-fact, and/or actual damage as a proximate result of Defendants'
conduct. These injuries are the direct and natural consequence of Defendants'
omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 703 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

703 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

704.  Defendants' violations present a continuing risk to the Missouri Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 704 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 704 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

705.  The Missouri Class members seek damages in amounts to be proven at trial, along with attorneys' fees, costs, and punitive damages, and any other just and proper relief under MO. REV. STAT. § 407.025.

**ANSWER:** The allegations contained in Paragraph 705 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

**20.    Claims brought on behalf of Class members who installed their turnout gear in Nevada ("Nevada Class members").**

### COUNT L (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
### (DESIGN DEFECT)

706.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 705 of the Complaint as if fully set forth herein.

707.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 707 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

708.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Nevada Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 708 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 708 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 708 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

709.    PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.  Defendants failed to disclose these threats to fire departments, Nevada Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 709 of the Complaint, including each of its subparts, as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 709 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

710.    At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Nevada Class members, to an extent

beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 710 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 710 of the Complaint.

711.   At all relevant times, Nevada Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 711 of the Complaint.

712.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 712 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 712 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

713.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products

outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** The allegations contained in Paragraph 713 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 713 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 713 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

714.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 714 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 714 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

715.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Nevada Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 715 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 715 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

716.   These and other acts by Defendants were a direct and proximate cause of damages to Nevada Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 716 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 716 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LI (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY
#### (FAILURE TO WARN)

717.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 716 of the Complaint as if fully set forth herein.

718.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Nevada Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Nevada Class members.

**ANSWER:** The allegations contained in Paragraph 718 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 718 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 718 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

719.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Nevada Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 719 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 719 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

720.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 720 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 720 of the Complaint.

721.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 721 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

722.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 722 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

723.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Nevada Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times,

Nevada Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 723 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

724.   These and other acts by Defendants were a direct and proximate cause of damages to Nevada Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 724 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### COUNT LII (AGAINST ALL DEFENDANTS) - VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT (NEV. REV. STAT. § 598.0903 ET SEQ.)

725.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 724 of the Complaint as if fully set forth herein.

726.   The Nevada Deceptive Trade Practices Act (Nevada DTPA) prohibits deceptive trade practices. Nev. Rev. Stat. § 598.0923(1)(b) provides that a "person engages in a 'deceptive trade practice' when in the course of his or her business or

occupation he or she knowingly … [f]ails to disclose a material fact in connection with the sale or lease of goods or services."

**ANSWER:** The cited statutory language in Paragraph 726 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 726 of the Complaint.

727.   In purchasing their turnout gear, the Nevada Class members were deceived by Defendants' failure to disclose the material fact that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 727 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 727 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

728.   The Nevada Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 728 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 728 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

729.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 729 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

730.   Defendants knew or should have known that their conduct violated the Nevada DTPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 730 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

731.   Defendants owed the Nevada Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a.   Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Nevada Class members; and

    b.   Intentionally concealed the foregoing from the Nevada Class members.

**ANSWER:** The allegations contained in Paragraph 731 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 731 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

732.   Defendants' conduct proximately caused injuries to the Nevada Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 732 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

733.   The Nevada Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 733 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

734.   Defendants' violations present a continuing risk to the Nevada Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 734 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

735.   The Nevada Class members seek their actual damages, punitive damages, costs, attorney's fees, and all other appropriate and available remedies under the Nevada DTPA. Nev. Rev. Stat. § 41.600.

**ANSWER:** The allegations contained in Paragraph 735 of the Complaint characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 735 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

21.   **Claims brought on behalf of Class members who installed their turnout gear in New Hampshire ("New Hampshire Class members").**

**COUNT LIII (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

736.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 735 of the Complaint as if fully set forth herein.

737.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 737 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 737 of the Complaint as they pertain to other Defendants.

738.   As manufacturers or distributors of PFAS-infused products,
Defendants had a duty not to place into the stream of commerce a product that is
unreasonably dangerous, and they owed that duty to all persons, including the New
Hampshire Class members, who might be foreseeably harmed by PFAS-infused
products.

**ANSWER:** The allegations contained in Paragraph 738 state a legal

conclusion, to which no response is required. To the extent a response is required,

3M denies the allegations contained in Paragraph 738 of the Complaint as they

pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations as they pertain to other Defendants.

739.   PFAS-infused products are unreasonably dangerous for their
foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the
environment even when used in their foreseeable and intended
manner.

    b.  PFAS contamination poses significant threats to public health,
economic welfare, and the environment.

    c.  Defendants failed to disclose these threats to fire departments, New
Hampshire Class members and the public generally but instead
downplayed and misrepresented the dangers posed by their PFAS
products.

**ANSWER:** 3M denies the allegations contained in Paragraph 739 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

740.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the New Hampshire Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 740 of the

Complaint.

741.   At all relevant times, New Hampshire Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 741 of the Complaint.

742.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 742 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

743.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 743 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

744.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 744 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

745.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, New Hampshire Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 745 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

746.   These and other acts by Defendants were a direct and proximate cause of damages to New Hampshire Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 746 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT LIV (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

747.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 746 of the Complaint as if fully set forth herein.

748.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including New Hampshire Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to New Hampshire Class members.

**ANSWER:** The allegations contained in Paragraph 748 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 748 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

749.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and New Hampshire Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 749 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

750.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 750 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

751.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 751 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

752.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 752 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

753.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to New Hampshire Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, New Hampshire Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 753 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

754.   These and other acts by Defendants were a direct and proximate cause of damages to New Hampshire Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 754 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LV (AGAINST ALL DEFENDANTS) - VIOLATION OF THE NEW HAMPSHIRE CONSUMER PROTECTION ACT (N.H. REV. STAT. ANN. § 358-A:1 ET SEQ.)

755.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 754 of the Complaint as if fully set forth herein.

756.   The New Hampshire Consumer Protection Act (New Hampshire CPA) makes it "unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." N.H. Rev. Stat. § 358-A:2.

**ANSWER:** The cited statutory language in Paragraph 756 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 756 of the Complaint.

757.   Defendants, Plaintiff, and New Hampshire Class members are "persons" within the meaning of N.H. Rev. Stat. Ann. § 358-A:1.

**ANSWER:** The allegations contained in Paragraph 757 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 757 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

758. Defendants' actions as set forth herein occurred in the conduct of trade and commerce within the meaning of N.H. Rev. Stat. Ann. § 358-A:1.

**ANSWER:** 3M denies the allegations contained in Paragraph 758 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 758 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

759. In purchasing their turnout gear, the New Hampshire Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 759 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 759 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

760. The New Hampshire Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 760 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

760 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

761.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 761 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

762.   Defendants knew or should have known that their conduct violated the New Hampshire CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 762 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

763.   Defendants owed New Hampshire Class members a duty to disclose the truth about PFAS-infused products because Defendants:

   a.   Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the New Hampshire Class members; and

   b.   Intentionally concealed the foregoing from the New Hampshire Class members.

**ANSWER:** The allegations contained in Paragraph 763 of the Complaint state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 763 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

764.   Defendants' conduct proximately caused injuries to the New Hampshire Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 764 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

765.   The New Hampshire Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct, as a direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 765 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

766.    Defendants' violations present a continuing risk to the New Hampshire Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 766 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

767.    Because Defendants' willful conduct caused injury to Plaintiff's property through violations of the New Hampshire CPA, Plaintiff seeks recovery of actual damages or $1,000, whichever is greater; treble damages; costs and reasonable attorneys' fees; and any other just and proper relief under N.H. Rev. Stat. Ann. § 358-A:10.

**ANSWER:** The allegations contained in Paragraph 767 of the Complaint characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 767 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

22.    **Claims brought on behalf of Class members who installed their turnout gear in New Jersey ("New Jersey Class members").**

### COUNT LVI (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

768.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 767 of the Complaint as if fully set forth herein.

769.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products. 3M denies the remaining allegations contained in Paragraph 769 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 769 of the Complaint as they pertain to other Defendants.

770.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the New Jersey Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 770 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 770 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

771.    PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.  Defendants failed to disclose these threats to fire departments, New Jersey Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 771 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

772.    At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the New Jersey Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 772 of the Complaint.

773.   At all relevant times, New Jersey Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 773 of the Complaint.

774.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 774 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

775.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 775 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

776.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 776 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

777.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, New Jersey Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 777 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

778.   These and other acts by Defendants were a direct and proximate cause of damages to New Jersey Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 778 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LVII (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

779.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 778 of the Complaint as if fully set forth herein.

780.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including New Jersey Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to New Jersey Class members.

**ANSWER:** The allegations contained in Paragraph 780 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 780 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

781.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and New Jersey Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 781 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

782.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 782 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

783.    Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 783 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

784.    Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 784 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

316

785.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to New Jersey Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, New Jersey Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 785 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

786.   These and other acts by Defendants were a direct and proximate cause of damages to New Jersey Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 786 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**COUNT LVIII (AGAINST ALL DEFENDANTS) - VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT (N.J. STAT. ANN. § 56:8-1 ET SEQ.)**

787.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 786 of the Complaint as if fully set forth herein.

788.   The New Jersey Consumer Fraud Act (New Jersey CFA) makes unlawful the "act, use or employment by any person of any unconscionable

commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby." N.J. STAT. ANN. § 56:8-2.

**ANSWER:** The cited statutory language in Paragraph 788 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 788 of the Complaint.

789.   Defendants, Plaintiff, and the New Jersey Class members are "persons" within the meaning of N.J. Stat. Ann. § 56:8-1(d).

**ANSWER:** The allegations contained in Paragraph 789 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 789 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

790.   Defendants engaged in "sales" of "merchandise" within the meaning of N.J. Stat. Ann. § 56:8-1(c), (d).

**ANSWER:** The allegations contained in Paragraph 790 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 790 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

791.   In purchasing their turnout gear, the New Jersey Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 791 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

791 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

792.   The New Jersey Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 792 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

792 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

793.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 793 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

794.   Defendants knew or should have known that their conduct violated the New Jersey CFA.

**ANSWER:** 3M denies the allegations contained in Paragraph 794 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

795.   Defendants owed the New Jersey Class members a duty to disclose the truth about PFAS-infused products because Defendants:

a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the New Jersey Class members; and

b. Intentionally concealed the foregoing from the New Jersey Class members.

**ANSWER:** The allegations contained in Paragraph 795 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 795 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

796.   Defendants' conduct proximately caused injuries to the New Jersey Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 796 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

797.   The New Jersey Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 797 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

798.   Defendants' violations present a continuing risk to the New Jersey Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 798 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

799.   Plaintiff is entitled to recover treble damages, costs, and reasonable attorneys' fees pursuant to N.J. Stat. Ann. § 56:8-19, and any other just and appropriate relief.

**ANSWER:** The allegations contained in Paragraph 799 of the Complaint characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 799 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

### 23.    Claims brought on behalf of Class members who installed their turnout gear in New Mexico ("New Mexico Class members").

### COUNT LIX (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

800.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 799 of the Complaint as if fully set forth herein.

801.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 801 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 801 of the Complaint as they pertain to other Defendants.

802.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the New Mexico Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 802 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 802 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

803.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.   PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.   PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.   Defendants failed to disclose these threats to fire departments, New Mexico Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 803 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

804.    At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to New Mexico Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 804 of the

Complaint.

805.    At all relevant times, New Mexico Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 805 of the Complaint.

806.    Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 806 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

807.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 807 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

808.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 808 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

809.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, New Mexico Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 809 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

810.   These and other acts by Defendants were a direct and proximate cause of damages to New Mexico Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 810 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LX (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

811.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 810 of the Complaint as if fully set forth herein.

812.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including New Mexico Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to New Mexico Class members.

**ANSWER:** The allegations contained in Paragraph 812 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 812 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

813.  Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and New Mexico Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 813 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

814.  Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 814 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

815.  Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 815 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

816. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 816 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

817. Defendants' failure to warn proximately caused reasonably foreseeable injuries to New Mexico Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, New Mexico Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 817 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

818. These and other acts by Defendants were a direct and proximate cause of damages to New Mexico Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 818 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**COUNT LXI (AGAINST ALL DEFENDANTS) - VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT (N.M. STAT. ANN. § 57-12-1 ET SEQ.)**

819.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 818 of the Complaint as if fully set forth herein.

820.   The New Mexico Unfair Trade Practices Act (New Mexico UTPA) makes unlawful "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services … by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person," including but not limited to "failing to state a material fact if doing so deceives or tends to deceive." N.M. Stat. Ann. § 57-12-2(D).

**ANSWER:** The cited statutory language in Paragraph 820 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 820 of the Complaint.

821.   Defendants, Plaintiff, and the New Mexico Class members are "person[s]" within the meaning of N.M. Stat. Ann. § 57-12-2.

**ANSWER:** The allegations contained in Paragraph 821 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 821 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

822.   Defendants' actions as set forth herein occurred in the conduct of trade or commerce as defined by N.M. Stat. Ann. § 57-12-2.

**ANSWER:** 3M denies the allegations contained in Paragraph 822 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 822 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

823.   In purchasing their turnout gear, the New Mexico Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 823 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 823 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

824.   The New Mexico Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 824 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

824 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

825.   Defendants' concealment, suppression, and omission of material facts
were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 825 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

826.   Defendants knew or should have known that their conduct violated the
New Mexico UTPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 826 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

827.   Defendants owed the New Mexico Class members a duty to disclose
the truth about PFAS-infused products because Defendants:

  a. Possessed superior knowledge that their PFAS-infused products were
     infused with PFAS and were applied to turnout gear purchased by the
     New Mexico Class members; and

  b. Intentionally concealed the foregoing from the New Mexico Class
     members.

**ANSWER:** The allegations contained in Paragraph 827 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 827 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

828.  Defendants' conduct proximately caused injuries to the New Mexico Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 828 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

829.  The New Mexico Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 829 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

830.   Defendants' violations present a continuing risk to the New Mexico Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 830 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

831.   Because Defendants' unconscionable, willful conduct caused actual harm to Plaintiff, the New Mexico Class members seek recovery of actual damages or $100, whichever is greater; discretionary treble damages; reasonable attorneys' fees and costs; and all other proper and just relief available under N.M. Stat. Ann. § 57-12-10.

**ANSWER:** The allegations contained in Paragraph 831 of the Complaint characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 831 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**24.    Claims brought on behalf of Class members who installed their turnout gear in New York ("New York Class members").**

## COUNT LXII - NEW YORK CONSUMER PROTECTION CLAIM

832.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 831 of the Complaint as if fully set forth herein.

833.   Defendants' conduct violates New York Consumer Protection Statute General Business Law § 349.

**ANSWER:** The allegations contained in Paragraph 833 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 833 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**25.  Claims brought on behalf of Class members who installed their turnout gear in North Carolina ("North Carolina Class members").**

### COUNT LXIII (AGAINST ALL DEFENDANTS) - PRODUCTS LIABILITY (DESIGN DEFECT)

834.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 833 of the Complaint as if fully set forth herein.

835.  At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 835 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 835 of the Complaint as they pertain to other Defendants.

836.  As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to act negligently in placing into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the North Carolina Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 836 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 836 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

837.  PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment.

c.  Defendants failed to disclose these threats to fire departments, North Carolina Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 837 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

838.  At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the North Carolina Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 838 of the Complaint.

839.  At all relevant times, North Carolina Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 839 of the Complaint.

840.  Defendants knew of these risks and nevertheless failed to use reasonable care and acted negligently in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer,

alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 840 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

841.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 841 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

842.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 842 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

843.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, North Carolina Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 843 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

844.   These and other acts by Defendants were a direct and proximate cause of damages to North Carolina Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 844 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

### COUNT LXIV (AGAINST ALL DEFENDANTS) - PRODUCTS LIABILITY (FAILURE TO WARN)

845.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 844 of the Complaint as if fully set forth herein.

846.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to act unreasonably in failing to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew or should have known about. Defendants' duty to warn extended

to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including North Carolina Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to North Carolina Class members.

**ANSWER:** The allegations contained in Paragraph 846 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 846 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

847.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, they unreasonably failed to warn turnout gear manufacturers, consumers, the public, and North Carolina Class members in particular of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 847 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

848.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 848 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

849.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 849 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

850.   Defendants' PFAS-infused products acted unreasonably by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 850 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

851.   Defendants' failure to reasonably warn proximately caused reasonably foreseeable injuries to North Carolina Class members, who would have heeded legally adequate warnings about the dangers of PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 851 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

852.   At all relevant times, North Carolina Class members used turnout gear infused with PFAS as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 852 of the Complaint.

853.   Had Defendants reasonably provided adequate warnings regarding the dangers of PFAS to turnout gear manufacturers who treated turnout gear with PFAS-infused products, the turnout gear manufacturers would not have treated their turnout gear with those products. Similarly, had Defendants provided adequate warnings regarding the dangers of PFAS to North Carolina Class members about the dangers of turnout gear treated with PFAS-infused products, those products would not have gained widespread acceptance in the marketplace, and the North Carolina Class members would not have installed the turnout gear at issue.

**ANSWER:** 3M denies the allegations contained in Paragraph 853 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

854.   These and other acts by Defendants were a direct and proximate cause of damages to North Carolina Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 854 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXV (AGAINST ALL DEFENDANTS)
## - VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (N.C. GEN. STAT. § 75-1.1 ET SEQ.)

855.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 854 of the Complaint as if fully set forth herein.

856.   North Carolina's Unfair and Deceptive Acts and Practices Act (the North Carolina Act) broadly prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75-1.1(a).

**ANSWER:** The cited statutory language in Paragraph 856 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 856 of the Complaint.

857.   Defendants engaged in "commerce" within the meaning of N.C. Gen. Stat. § 75-1.1(b).

**ANSWER:** The allegations contained in Paragraph 857 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 857 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

858.   In purchasing their turnout gear, the North Carolina Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 858 of the

Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

858 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

859.   The North Carolina Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 859 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

859 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

860.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 860 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

861.   Defendants knew or should have known that their conduct violated the North Carolina Act.

**ANSWER:** 3M denies the allegations contained in Paragraph 861 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

862.   Defendants owed the North Carolina Class members a duty to disclose the truth about PFAS-infused products because Defendants:

   a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the North Carolina Class members; and

   b. Intentionally concealed the foregoing from the North Carolina Class members.

**ANSWER:** The allegations contained in Paragraph 862 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 862 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

863.   Defendants' conduct proximately caused injuries to the North Carolina Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 863 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

864.   The North Carolina Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 864 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

865.   Defendants' violations present a continuing risk to the North Carolina Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 865 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

866.   Plaintiff seeks an order for treble their actual damages, costs, attorney's fees, and any other just and proper relief available under the North Carolina Act, N.C. Gen. Stat. § 75-16.

**ANSWER:** The allegations contained in Paragraph 866 of the Complaint characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 866 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

**26.    Claims brought on behalf of Class members who installed their turnout gear in Oklahoma (collectively, "Oklahoma Class members").**

**COUNT LXVI (AGAINST ALL DEFENDANTS)**
**- STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

867.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 866 of the Complaint as if fully set forth herein.

868.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 868 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 868 of the Complaint as they pertain to other Defendants.

869.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Oklahoma Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 869 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 869 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

870.    PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

a.    PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

b.    PFAS contamination poses significant threats to public health, economic welfare, and the environment.

c.    Defendants failed to disclose these threats to fire departments, Oklahoma Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 870 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

871.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Oklahoma Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 871 of the

Complaint.

872.   At all relevant times, Oklahoma Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 872 of the Complaint.

873.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 873 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations as they

pertain to other Defendants.

874.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 874 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

875.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 875 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

876.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Oklahoma Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 876 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

877.   These and other acts by Defendants were a direct and proximate cause of damages to Oklahoma Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 877 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT LXVII (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

878.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 877 of the Complaint as if fully set forth herein.

879.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Oklahoma Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Oklahoma Class members.

**ANSWER:** The allegations contained in Paragraph 879 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 879 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

880.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Oklahoma Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 880 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

881.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 881 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

882.    Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 882 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

883.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 883 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

884.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Oklahoma Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Oklahoma Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 884 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

885.   These and other acts by Defendants were a direct and proximate cause of damages to Oklahoma Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 885 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXVIII (AGAINST ALL DEFENDANTS) –
## VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT (OKLA. STAT. TIT. 15, § 751 ET SEQ.)

886.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 885 of the Complaint as if fully set forth herein.

887.    The Oklahoma Consumer Protection Act (Oklahoma CPA) provides that a "person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act when, in the course of the person's business, the person … [c]ommits an unfair or deceptive trade practice as defined in Section 752 of this title." Okla. Stat. Tit. 15, § 753(21). Section 752(13) provides that a "deceptive trade practice" means "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."

**ANSWER:** The cited statutory language in Paragraph 887 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 887 of the Complaint.

888.    Defendants, Plaintiff, and Oklahoma Class members are "persons" within the meaning of Okla. Stat. Tit. 15, § 752.

**ANSWER:** The allegations contained in Paragraph 888 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 888 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

889.   Each Defendant is a "person," "corporation," or "association" within the meaning of Okla. Stat. Tit. 15, § 15-751(1).

**ANSWER:** The allegations contained in Paragraph 889 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 889 of the Complaint.

890.   In purchasing their turnout gear, the Oklahoma Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 890 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 890 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

891.   The Oklahoma Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 891 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 891 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

892.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 892 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

893.   Defendants knew or should have known that their conduct violated the Oklahoma CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 893 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

894.   Defendants owed the Oklahoma Class members a duty to disclose the truth about PFAS-infused products because Defendants:

a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Oklahoma Class members; and

b. Intentionally concealed the foregoing from the Oklahoma Class members.

**ANSWER:** The allegations contained in Paragraph 894 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 894 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

895.   Defendants' conduct proximately caused injuries to the Oklahoma Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 895 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

896.   The Oklahoma Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 896 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

897.   Defendants' violations present a continuing risk to the Oklahoma Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 897 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

898.   Because Defendants' unconscionable conduct caused injury to Plaintiff, Plaintiff seeks recovery of actual damages, discretionary penalties up to $2,000 per violation, and reasonable attorneys' fees, under Okla. Stat. Tit. 15, § 761.1. Plaintiff further seeks any other just and proper relief available under the Oklahoma CPA.

**ANSWER:** The allegations contained in Paragraph 898 of the Complaint characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 898 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**27.    Claims brought on behalf of Class members who installed their turnout gear in Oregon (collectively, "Oregon Class members").**

**COUNT LXIX (AGAINST ALL DEFENDANTS)
- STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

899.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 898 of the Complaint as if fully set forth herein.

900.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 900 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 900 of the Complaint as they pertain to other Defendants.

901.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Oregon Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 901 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 901 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

902.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

  a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

  b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.   Defendants failed to disclose these threats to fire departments, Oregon Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 902 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

903.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Oregon Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 903 of the Complaint.

904.   At all relevant times, Oregon Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 904 of the Complaint.

905.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative

designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 905 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

906.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 906 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

907.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 907 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

908.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Oregon Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 908 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

909.   These and other acts by Defendants were a direct and proximate cause of damages to Oregon Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 909 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXX (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

910.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 909 of the Complaint as if fully set forth herein.

911.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably

harmed by the ordinary use and misuse of their products, including Oregon Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Oregon Class members.

**ANSWER:** The allegations contained in Paragraph 911 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 911 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

912.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Oregon Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 912 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

913.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 913 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

914.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 914 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

915.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 915 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

916.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to Oregon Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Oregon Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 916 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

917.   These and other acts by Defendants were a direct and proximate cause of damages to Oregon Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 917 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXXI (AGAINST ALL DEFENDANTS) – VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES ACT (OR. REV. STAT. § 646.605 ET SEQ.)

918.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 917 of the Complaint as if fully set forth herein.

919.   The Oregon Unfair Trade Practices Act (Oregon UTPA) provides that a "person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following: … (u) Engages in any other unfair or deceptive conduct in trade or commerce." Or. Rev. Stat. § 646.608(1)(u).

**ANSWER:** The cited statutory language in Paragraph 919 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 919 of the Complaint.

920.   Each Defendant and each Oregon Class member is a "person" within the meaning of Or. Rev. Stat. § 646.605(4).

**ANSWER:** The allegations contained in Paragraph 920 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 920 of the Complaint.

921.   Their PFAS-infused products are "goods" within the meaning of Or. Rev. Stat. § 646.605(6).

**ANSWER:** The allegations contained in Paragraph 921 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 921 of the Complaint.

922.   In purchasing their turnout gear, the Oregon Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 922 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 922 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

923.   The Oregon Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 923 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 923 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

924.   Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 924 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

925.   Defendants knew or should have known that their conduct violated the Oregon UTPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 925 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

926.   Defendants owed the Oregon Class members a duty to disclose the truth about PFAS-infused products because Defendants:

   a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Oregon Class members; and

    b.  Intentionally concealed the foregoing from the Oregon Class members.

**ANSWER:** The allegations contained in Paragraph 926 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 926 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

927.  Defendants' conduct proximately caused injuries to the Oregon Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 927 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

928.  The Oregon Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 928 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

929.   Defendants' violations present a continuing risk to the Oregon Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 929 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

930.   The Oregon Class members are entitled to recover the greater of actual damages or $200 pursuant to Or. Rev. Stat. § 646.638(1), (8). Plaintiff is also entitled to punitive damages because Defendants engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.

**ANSWER:** The allegations contained in Paragraph 930 of the Complaint

characterize the relief sought by Plaintiff, to which no response is required. To the

extent a response is required, 3M denies the allegations contained in Paragraph 930

of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any

relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

931.   The Oregon Class members seek attorneys' fees and any other just and proper relief available under Or. Rev. Stat. § 646.638(1), (8).

**ANSWER:** The allegations contained in Paragraph 931 of the Complaint

characterize the relief sought by Plaintiff, to which no response is required. To the

extent a response is required, 3M denies the allegations contained in Paragraph 931 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

**28.    Claims brought on behalf of Class members who installed their turnout gear in Pennsylvania ("Pennsylvania Class members").**

**COUNT LXXII (AGAINST ALL DEFENDANTS)**
**- STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

932.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 931 of the Complaint as if fully set forth herein.

933.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and

PFAS-containing products.  3M denies the remaining allegations contained in

Paragraph 933 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 933 of the Complaint as they pertain to other Defendants.

934.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Pennsylvania Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 934 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 934 of the

Complaint.

935.    PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a.    PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b.    PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.    Defendants failed to disclose these threats to fire departments, Pennsylvania Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 935 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

936.    At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Pennsylvania Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 936 of the Complaint.

937.   At all relevant times, Pennsylvania Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 937 of the Complaint.

938.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 938 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

939.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 939 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

940.    Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 940 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

941.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Pennsylvania Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 941 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

942.    These and other acts by Defendants were a direct and proximate cause of damages to Pennsylvania Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 942 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXXIII (AGAINST ALL DEFENDANTS) - STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

943.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 942 of the Complaint as if fully set forth herein.

944.   As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Pennsylvania Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Pennsylvania Class members.

**ANSWER:** The allegations contained in Paragraph 944 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 944 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

945.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Pennsylvania Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 945 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

946.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 946 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

947.    Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 947 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

948.    Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 948 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

949.    Defendants' failure to warn proximately caused reasonably foreseeable injuries to Pennsylvania Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Pennsylvania Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 949 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

950.    These and other acts by Defendants were a direct and proximate cause of damages to Pennsylvania Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 950 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### COUNT LXXIV (AGAINST ALL DEFENDANTS) - VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 PA. CONS. STAT. § 201-1 ET SEQ.)

951.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 950 of the Complaint as if fully set forth herein.

952.    This claim is brought by Plaintiff on behalf of Pennsylvania purchasers who are members of the Class.

**ANSWER:** The allegations contained in Paragraph 952 of the Complaint characterize the Complaint as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 952 of the Complaint.

953.    The Pennsylvania Unfair Trade Practices and Consumer Protection Law (Pennsylvania CPL) prohibits unfair or deceptive acts or practices, including representing that goods or services have characteristics, benefits or qualities that they do not have; representing that goods or services are of a particular standard, quality or grade if they are of another; advertising goods or services with intent not to sell them as advertised; and engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4).

**ANSWER:** The cited statutory language in Paragraph 953 of the Complaint speaks for itself. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 953 of the Complaint.

954.    Defendants, Plaintiff, and Pennsylvania Class members are "persons" within the meaning of 73 Pa. Cons. Stat. § 201-2(2).

**ANSWER:** The allegations contained in Paragraph 954 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 954 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

955.  All of the acts complained of herein were perpetrated by Defendants in the course of trade or commerce within the meaning of 73 Pa. Cons. Stat. § 201-2(3).

**ANSWER:** 3M denies the allegations contained in Paragraph 955 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 955 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

956.  Defendants are liable to Plaintiff for treble their actual damages or $100, whichever is greater, and attorneys' fees and costs. 73 Pa. Cons. Stat. § 201-9.2(a).

**ANSWER:** The allegations contained in Paragraph 956 of the Complaint state legal conclusions and characterize the relief sought by Plaintiff, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 956 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**29.  Claims brought on behalf of Class members who installed their turnout gear in South Carolina (collectively, "South Carolina Class members").**

## COUNT LXXV (AGAINST ALL DEFENDANTS)
### - STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

957.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 956 of the Complaint as if fully set forth herein.

958.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products. 3M denies the remaining allegations contained in Paragraph 958 of the Complaint as they pertain to 3M.  3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 958 of the Complaint as they pertain to other Defendants.

959.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the South Carolina Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 959 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 959 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

960.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

   a.  PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

   b.  PFAS contamination poses significant threats to public health, economic welfare, and the environment.

   c.  Defendants failed to disclose these threats to fire departments, South Carolina Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 960 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

961.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the South Carolina Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 961 of the Complaint.

962.   At all relevant times, South Carolina Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 962 of the Complaint.

963.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 963 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 963 of the Complaint as they pertain to other Defendants.

964.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 964 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

965.   Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 965 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 965 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

966.   As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, South Carolina Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 966 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

967.   These and other acts by Defendants were a direct and proximate cause of damages to South Carolina Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 967 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT LXXVI (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

968.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 967 of the Complaint as if fully set forth herein.

969.    As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including South Carolina Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to South Carolina Class members.

**ANSWER:** The allegations contained in Paragraph 969 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 969 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

970.   Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and South Carolina Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 970 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

971.   Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 971 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

972.   Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 972 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

973.   Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 973 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

974.   Defendants' failure to warn proximately caused reasonably foreseeable injuries to South Carolina Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, South Carolina Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 974 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

975.   These and other acts by Defendants were a direct and proximate cause of damages to South Carolina Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 975 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXXVII (AGAINST ALL DEFENDANTS)
## VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
## (S.C. CODE ANN. § 39-5-10 ET SEQ.)

976.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 975 of the Complaint as if fully set forth herein.

977.    This claim is brought by Plaintiff on behalf of South Carolina purchasers who are members of the Class.

**ANSWER:** The allegations contained in Paragraph 977 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 977 of the Complaint.

978.    The South Carolina Unfair Trade Practices Act (South Carolina UTPA) prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. CODE ANN. § 39-5-20(a).

**ANSWER:** Paragraph 978 of the Complaint purports to characterize or quote provisions of a statute that speaks for itself, and therefore no response is required.

979.    Each Defendant is a "person" under S.C. CODE ANN. § 39-5-10.

**ANSWER:** The allegations contained in Paragraph 979 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 979 of the Complaint.

980.   Pursuant to S.C. CODE ANN. § 39-5-140(a), Plaintiff seeks monetary relief to recover their economic losses. Because Defendants' actions were willful and knowing, Plaintiff's damages should be trebled.

**ANSWER:** The allegations contained in Paragraph 980 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 980 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

981.   Plaintiff further alleges that Defendants' malicious and deliberate conduct warrants an assessment of punitive damages because Defendants carried out despicable conduct with willful and conscious disregard of the rights of others. Defendants' unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

**ANSWER:** The allegations contained in Paragraph 981 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 981 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M, including punitive damages. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**30.    Claims brought on behalf of Class members who installed their turnout gear in South Dakota ("South Dakota Class members").**

**COUNT LXXVIII (AGAINST ALL DEFENDANTS)**
**STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

982.    Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 981 of the Complaint as if fully set forth herein.

983.    At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 983 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

984.    As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the South Dakota Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 984 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 984 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

985.   PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

(1) PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

(2) PFAS contamination poses significant threats to public health, economic welfare, and the environment.

(3) Defendants failed to disclose these threats to fire departments, South Dakota Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 985 of the

Complaint, including each of its subparts, as they pertain to 3M. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

986.   At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the South Dakota Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 986 of the

Complaint.

987.   At all relevant times, South Dakota Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 987 of the Complaint.

988.   Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 988 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 988 of the Complaint as they pertain to other Defendants.

989.   At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 989 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

990.    Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 990 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 990 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

991.    As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, South Dakota Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 991 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

992.    These and other acts by Defendants were a direct and proximate cause of damages to South Dakota Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 992 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT LXXIX (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

993.    Plaintiff incorporates by reference the allegations in the preceding
paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 992 of the Complaint as if fully set forth herein.

994.    As manufacturers or distributors of PFAS-infused products,
Defendants had a strict duty to adequately warn against latent dangers resulting
from foreseeable uses and misuses of their products that Defendants knew about.
Defendants' duty to warn extended to all third parties who might be foreseeably
harmed by the ordinary use and misuse of their products, including South Dakota
Class members, as well as to all turnout gear manufacturers who treated their
turnout gear with PFAS-infused products before selling them to South Dakota
Class members.

**ANSWER:** The allegations contained in Paragraph 994 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 994 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

995.    Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and South Dakota Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 995 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

996.    Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 996 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

997.    Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 997 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

998. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 998 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

999. Defendants' failure to warn proximately caused reasonably foreseeable injuries to South Dakota Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, South Dakota Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 999 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1000. These and other acts by Defendants were a direct and proximate cause of damages to South Dakota Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1000 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**COUNT LXXX (AGAINST ALL DEFENDANTS)**
**VIOLATION OF THE SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW**
**(S.D. CODIFIED LAWS § 37-24-6 ET SEQ.)**

1001. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1000 of the Complaint as if fully set forth herein.

1002. The South Dakota Deceptive Trade Practices and Consumer Protection Law (South Dakota CPL) provides that it is a "deceptive act or practice for any person to … (1) Knowingly act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise or the solicitation of contributions for charitable purposes, regardless of whether any person has in fact been misled, deceived, or damaged thereby…." S.D. CODIFIED LAWS §§ 37-24-6.

**ANSWER:** Paragraph 1002 of the Complaint purports to characterize or quote provisions of a statute that speaks for itself, and therefore no response is required.

1003. In purchasing their turnout gear, the South Dakota Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the remaining allegations contained in Paragraph 1003 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1004. The South Dakota Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1004 of the Complaint. 3M denies the remaining allegations contained in Paragraph 1004 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1005. Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** The allegations contained in Paragraph 1005 of the Complaint state legal conclusions as to which no response is required. 3M denies the remaining allegations contained in Paragraph 1005 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1006. Defendants knew or should have known that their conduct violated the South Dakota CPL.

**ANSWER:** The allegations contained in Paragraph 1006 of the Complaint state legal conclusions as to which no response is required. 3M denies the remaining allegations contained in Paragraph 1006 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1007. Defendants owed the South Dakota Class members a duty to disclose the truth about PFAS-infused products because Defendants:

a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the South Dakota Class members; and

b. Intentionally concealed the foregoing from the South Dakota Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1007 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1008. Defendants' conduct proximately caused injuries to the South Dakota Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1008 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1009. The South Dakota Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 1009 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1010. Defendants' violations present a continuing risk to the South Dakota Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 1010 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1011. Under S.D. CODIFIED LAWS § 37-24-31, the South Dakota Class members are entitled to a recovery of their actual damages suffered as a result of Defendants' acts and practices.

**ANSWER:** The allegations contained in Paragraph 1011 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 1011 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

**31.    Claims brought on behalf of Class members who installed their turnout gear in Tennessee ("Tennessee Class members").**

**COUNT LXXXI (AGAINST ALL DEFENDANTS)**
**STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

1012. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1011 of the Complaint as if fully set forth herein.

1013. At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 1013 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1014. As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Tennessee Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 1014 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1014 of the Complaint.

1015. PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c. Defendants failed to disclose these threats to fire departments, Tennessee Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1015 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1016. At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Tennessee Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 1016 of the Complaint.

1017. At all relevant times, Tennessee Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1017 of the Complaint.

1018. Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could

have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 1018 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1018 of the Complaint as they pertain to other Defendants.

1019. At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 1019 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1020. Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1020 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1020 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

1021. As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Tennessee Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 1021 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1022. These and other acts by Defendants were a direct and proximate cause of damages to Tennessee Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1022 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXXXII (AGAINST ALL DEFENDANTS)
## STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

1023. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1022 of the Complaint as if fully set forth herein.

1024. As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Tennessee Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Tennessee Class members.

**ANSWER:** The allegations contained in Paragraph 1024 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1024 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1025. Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Tennessee Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 1025 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1026. Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 1026 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1027. Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 1027 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1028. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1028 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1029. Defendants' failure to warn proximately caused reasonably foreseeable injuries to Tennessee Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Tennessee Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 1029 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1030. These and other acts by Defendants were a direct and proximate cause of damages to Tennessee Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1030 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**32.   Claims brought on behalf of Class members who installed their turnout gear in Texas ("Texas Class members").**

COUNT LXXXIII (AGAINST ALL DEFENDANTS)
STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

1031. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1030 of the Complaint as if fully set forth herein.

1032. At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 1032 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1033. As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Texas Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 1033 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1033 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1034. PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.  Defendants failed to disclose these threats to fire departments, Texas
Class members and the public generally but instead downplayed and
misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1034 of the

Complaint, including each of its subparts as they pertain to 3M. 3M lacks

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations as they pertain to other Defendants.

1035.  At all relevant times, PFAS-infused turnout gear was in a defective
condition unreasonably dangerous to the Texas Class members, to an extent
beyond that which would be expected or contemplated by an ordinary consumer
when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 1035 of the

Complaint.

1036.  At all relevant times, Texas Class members used their turnout gear
with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 1036 of the Complaint.

1037.  Defendants knew of these risks and nevertheless failed to use
reasonable care in the design of their PFAS-infused products. Defendants could
have made products that did not contain the PFAS chemicals at issue in this
complaint or could have designed their PFAS-infused products in ways that
substantially reduced or eliminated the health and environmental dangers posed by
PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative
designs rendered their products defective, not reasonably safe, and unreasonably
dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 1037 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

1037 of the Complaint as they pertain to other Defendants.

1038. At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 1038 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1039. Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1039 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

1039 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1040. As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Texas Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 1040 of the

Complaint. 3M denies that a causal connection has been established between

exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1041. These and other acts by Defendants were a direct and proximate cause of damages to Texas Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1041 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT LXXXIV (AGAINST ALL DEFENDANTS) STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

1042. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1041 of the Complaint as if fully set forth herein.

1043. As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including Texas Class

members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Texas Class members.

**ANSWER:** The allegations contained in Paragraph 1043 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1043 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1044. Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Texas Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 1044 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1045. Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 1045 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1046. Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 1046 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1047. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1047 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1048. Defendants' failure to warn proximately caused reasonably foreseeable injuries to Texas Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Texas Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 1048 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1049. These and other acts by Defendants were a direct and proximate cause of damages to Texas Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1049 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

## COUNT LXXXV (AGAINST ALL DEFENDANTS)
### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT
### (TEX. BUS. & COM. CODE § 17.4 ET SEQ.)

1050. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this Complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 1049 of the Complaint as if fully set forth herein.

1051. The Texas Deceptive Trade Practices-Consumer Protection Act ("Texas DTPA") provides that "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful...." TEX. BUS. & COM. CODE § 17.46(a). The Texas DTPA further declares that "the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts: several specific actions to be unlawful, including: … (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed...."

**ANSWER:** Paragraph 1051 of the Complaint purports to characterize or

quote provisions of a statute that speaks for itself, and therefore no response is

required.

1052. Their PFAS-infused products are "goods" within the meaning of TEX. BUS. & COM. CODE § 17.45(1).

**ANSWER:** The allegations contained in Paragraph 1052 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1052 of the Complaint.

1053. Defendants, Plaintiff, and the Texas Class members are "persons" within the meaning of TEX. BUS. & COM. CODE § 17.45(3).

**ANSWER:** The allegations contained in Paragraph 1053 state a legal conclusion, to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1053 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1054. Each Plaintiff and each Texas Class member is a "consumer" within the meaning of TEX. BUS. & COM. CODE § 17.41(4).

**ANSWER:** The allegations contained in Paragraph 1054 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1054 of the Complaint.

1055. Defendants committed the acts complained of herein in the course of "trade" and "commerce" within the meaning of TEX. BUS. & COM. CODE § 17.41(6).

**ANSWER:** 3M denies the allegations contained in Paragraph 1055 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1055 of the Complaint as they pertain to other Defendants.

1056. In purchasing their turnout gear, the Texas Class members were deceived by Defendants' knowing failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1056 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1057. The Texas Class members reasonably relied on Defendants' knowing omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 1057 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1058. Defendants' knowing concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 1058 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1059. Defendants knew that their conduct violated the Texas DTPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 1059 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1060. Defendants owed the Texas Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Texas Class members; and

    b. Intentionally concealed the foregoing from the Texas Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1060 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1061. Defendants' conduct proximately caused injuries to the Texas Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1061 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1062. The Texas Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 1062 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1063. Defendants' violations present a continuing risk to the Texas Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 1063 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1064. As a direct and proximate result of Defendants' violations of the Texas DTPA, the Texas Class members have suffered injury-in-fact and/or actual damages.

**ANSWER:** 3M denies the allegations contained in Paragraph 1064 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1065. Plaintiff seeks monetary relief against Defendants measured as actual damages in an amount to be determined at trial, treble damages for Defendants' knowing violations of the Texas DTPA, and any other just and proper relief available under the Texas DTPA.

**ANSWER:** The allegations contained in Paragraph 1065 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1065 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1066. Alternatively, or additionally, pursuant to TEX. BUS. & COM. CODE § 17.50(b)(3) & (4), the Texas Class members are also entitled to disgorgement or to rescission or to any other relief necessary to restore any money or property that

was acquired from them based on violations of the Texas DTPA or which the Court deems proper.

**ANSWER:** The allegations contained in Paragraph 1066 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1066 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

1067. On April 1, 2025, Plaintiff sent a letter to Defendants complying with TEX. BUS. & COM. CODE ANN. § 17.505.

**ANSWER:** 3M admits that it received correspondence from Plaintiff's counsel on April 13, 2025. 3M denies the remaining allegations contained in Paragraph 1067 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**33. Claims brought on behalf of Class members who installed their turnout gear in Utah ("Utah Class members").**

**COUNT LXXXVI (AGAINST ALL DEFENDANTS)**
**STRICT PRODUCTS LIABILITY (DESIGN DEFECT)**

1068. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1067 of the Complaint as if fully set forth herein.

1069. At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products. 3M denies the remaining allegations contained in Paragraph 1069 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1070. As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous, and they owed that duty to all persons, including the Utah Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 1070 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1070 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1071. PFAS-infused products are unreasonably dangerous for their foreseeable uses and misuses because, among other things:

    a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

    b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

    c.  Defendants failed to disclose these threats to fire departments, Utah Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1071 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1072.  At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to the Utah Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 1072 of the Complaint.

1073.  At all relevant times, Utah Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1073 of the Complaint.

1074.  Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 1074 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

1074 of the Complaint as they pertain to other Defendants.

1075. At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 1075 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1076. Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1076 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph

1076 of the Complaint. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1077. As a direct and proximate result of Defendants' unreasonably dangerous design of PFAS-infused products, Utah Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 1077 of the

Complaint as they pertain to 3M. 3M denies that a causal connection has been

established between exposure to any PFAS at levels typically found in the

environment and any human health effects. 3M denies that Plaintiff is entitled to

any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1078. These and other acts by Defendants were a direct and proximate cause
of damages to Utah Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1078 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

### COUNT LXXXVII (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

1079. Plaintiff incorporates by reference the allegations in the preceding
paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 1078 of the Complaint as if fully set forth herein.

1080. As manufacturers or distributors of PFAS-infused products,
Defendants had a strict duty to adequately warn against latent dangers resulting
from foreseeable uses and misuses of their products that Defendants knew about.
Defendants' duty to warn extended to all third parties who might be foreseeably
harmed by the ordinary use and misuse of their products, including Utah Class

members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to Utah Class members.

**ANSWER:** The allegations contained in Paragraph 1080 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1080 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1081. Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Utah Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 1081 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1082. Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 1082 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1083. Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 1083 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1084. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1084 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1085. Defendants' failure to warn proximately caused reasonably foreseeable injuries to Utah Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Utah Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 1085 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1086. These and other acts by Defendants were a direct and proximate cause of damages to Utah Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1086 of the

Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

### 34.　Claims brought on behalf of Class members who installed their turnout gear in Washington ("Washington Class members").

### COUNT LXXXVIII (AGAINST ALL DEFENDANTS)
### VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT
### (WASH. REV. CODE ANN. § 19.86.010 ET SEQ.)

1087. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 1086 of the Complaint as if fully set forth herein.

1088. The Washington Consumer Protection Act (Washington CPA) broadly prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." WASH. REV. CODE. ANN. § 19.96.010.

**ANSWER:** Paragraph 1088 of the Complaint purports to characterize or

quote provisions of a statute that speaks for itself, and therefore no response is

required.

1089. Defendants committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of WASH. REV. CODE. ANN. § 19.96.010.

**ANSWER:** 3M denies the allegations contained in Paragraph 1089 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1089 of the Complaint as they pertain to other Defendants.

1090. In purchasing their turnout gear, the Washington Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1090 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1091. The Washington Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 1091 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1092. Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 1092 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1093. Defendants knew or should have known that their conduct violated the Washington CPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 1093 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1094. Defendants owed the Washington Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the Washington Class members; and

    b. Intentionally concealed the foregoing from the Washington Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1094 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1095. Defendants' conduct proximately caused injuries to the Washington Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1095 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1096. The Washington Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 1096 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1097. Defendants' violations present a continuing risk to the Washington Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 1097 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1098.  Defendants are liable to Plaintiff for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages, as well as any other remedies the Court may deem appropriate under WASH. REV. CODE. ANN. § 19.86.090.

**ANSWER:** The allegations contained in Paragraph 1098 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1098 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### 35.    Claims brought on behalf of Class members who installed their turnout gear in West Virginia ("West Virginia Class members").

#### COUNT LXXXIX (AGAINST ALL DEFENDANTS)
#### STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

1099.  Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1098 of the Complaint as if fully set forth herein.

1100.  At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 1100 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1101. As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is not reasonably safe, and they owed that duty to all persons, including the West Virginia Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 1101 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1101 of the Complaint.

1102. PFAS-infused products are not reasonably safe for their foreseeable uses and misuses because, among other things:

a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

c. Defendants failed to disclose these threats to fire departments, West Virginia Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1102 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1103. At all relevant times, PFAS-infused turnout gear was in a defective condition not reasonably safe for the West Virginia Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 1103 of the Complaint.

1104. At all relevant times, West Virginia Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1104 of the Complaint.

1105. Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and not reasonably safe for persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 1105 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1105 of the Complaint as they pertain to other Defendants.

1106. At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 1106 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1107. Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1107 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1107 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1108. As a direct and proximate result of Defendants' not reasonably safe design of PFAS-infused products, West Virginia Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 1108 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1109.  These and other acts by Defendants were a direct and proximate cause of damages to West Virginia Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1109 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

### COUNT XC (AGAINST ALL DEFENDANTS) STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

1110.  Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1109 of the Complaint as if fully set forth herein.

1111.  As manufacturers or distributors of PFAS-infused products, Defendants had a strict duty to adequately warn against latent dangers resulting from foreseeable uses and misuses of their products that Defendants knew about. Defendants' duty to warn extended to all third parties who might be foreseeably harmed by the ordinary use and misuse of their products, including West Virginia Class members, as well as to all turnout gear manufacturers who treated their turnout gear with PFAS-infused products before selling them to West Virginia Class members.

**ANSWER:** The allegations contained in Paragraph 1111 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1111 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1112. Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and West Virginia Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 1112 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1113. Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 1113 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1114. Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 1114 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1115. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1115 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1116. Defendants' failure to warn proximately caused reasonably foreseeable injuries to West Virginia Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, West Virginia Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 1116 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1117. These and other acts by Defendants were a direct and proximate cause of damages to West Virginia Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1117 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

## COUNT XCI (AGAINST ALL DEFENDANTS)
## VIOLATION OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT
## (W. VA. CODE § 46A-1-101 ET SEQ.)

1118. Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1117 of the Complaint as if fully set forth herein.

1119. The West Virginia Consumer Credit and Protection Act (West Virginia CCPA) prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." W. VA. CODE § 46A-6-104. Without limitation, "unfair or deceptive" acts or practices include: "The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby...." W. VA. CODE § 46A-6-102(7)(M).

**ANSWER:** Paragraph 1119 of the Complaint purports to characterize or quote provisions of a statute that speaks for itself, and therefore no response is required.

1120. Each Defendant and each West Virginia Class member is a "person" under W. VA. CODE § 46A-1-102(31).

**ANSWER:** The allegations contained in Paragraph 1120 state a legal conclusion, to which no response is required. To the extent that a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1120 of the Complaint.

1121. The West Virginia Class members are "consumers" as defined by W. VA. CODE §§ 46A-1-102(12) and 46A-6-102(2), who purchased turnout gear treated with PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 1121 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1121 of the Complaint.

1122. Defendants committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of W. VA. CODE § 46A-6-102(6).

**ANSWER:** 3M denies the allegations contained in Paragraph 1122 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1122 of the Complaint as they pertain to other Defendants.

1123. In the conduct of trade or commerce, Defendants knowingly concealed, suppressed, and omitted the material fact that turnout gear purchased by the West Virginia Class members were treated with PFAS-infused products, with the intent that others rely upon the concealment, suppression, or omission.

**ANSWER:** 3M denies the allegations contained in Paragraph 1123 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1124. In purchasing their turnout gear, the West Virginia Class members were deceived by Defendants' failure to disclose that their turnout gear was treated with PFAS-infused products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1124 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1125. The West Virginia Class members reasonably relied on Defendants' omissions, and they did not and could not unravel Defendants' deception on their own.

**ANSWER:** 3M denies the allegations contained in Paragraph 1125 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1126. Defendants' concealment, suppression, and omission of material facts were likely to and did in fact deceive reasonable consumers.

**ANSWER:** 3M denies the allegations contained in Paragraph 1126 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1127. Defendants knew or should have known that their conduct violated the West Virginia CCPA.

**ANSWER:** 3M denies the allegations contained in Paragraph 1127 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1128. Defendants owed the West Virginia Class members a duty to disclose the truth about PFAS-infused products because Defendants:

    a. Possessed superior knowledge that their PFAS-infused products were infused with PFAS and were applied to turnout gear purchased by the West Virginia Class members; and

    b. Intentionally concealed the foregoing from the West Virginia Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1128 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1129. Defendants' conduct proximately caused injuries to the West Virginia Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1129 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1130. The West Virginia Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of

Defendants' conduct. These injuries are the direct and natural consequence of Defendants' omissions.

**ANSWER:** 3M denies the allegations contained in Paragraph 1130 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1131. Defendants' violations present a continuing risk to the West Virginia Class members. Defendants' unlawful acts and practices complained of herein affect the public interest.

**ANSWER:** 3M denies the allegations contained in Paragraph 1131 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1132. Pursuant to W. VA. CODE § 46A-6-106, Plaintiff seeks monetary relief against the Defendants measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $200 per violation of the West Virginia CCPA for each Plaintiff.

**ANSWER:** The allegations contained in Paragraph 1132 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1132 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other Defendants.

1133. Plaintiff also seeks punitive damages against the Defendants because they carried out despicable conduct with willful and conscious disregard of the rights of others, subjecting Plaintiff to cruel and unjust hardship as a result.

**ANSWER:** 3M denies the allegations contained in Paragraph 1133 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M, including punitive damages. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1134. Plaintiff further seeks restitution, punitive damages, costs of Court, attorney's fees under W. VA. CODE § 46A-5-101 et seq., and any other just and proper relief available under the West Virginia CCPA.

**ANSWER:** The allegations contained in Paragraph 1134 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1134 of the Complaint. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M.

1135. On April 1, 2025, Plaintiff sent a letter to Defendants complying with W. VA. CODE § 46A-6-106(b).

**ANSWER:** 3M admits that it received correspondence from Plaintiff's counsel on April 13, 2025. 3M denies the remaining allegations contained in Paragraph 1135 of the Complaint as they pertain to 3M. 3M lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

**36.    Claims brought on behalf of Class members who installed their turnout gear in Wisconsin ("Wisconsin Class members").**

### COUNT XCII (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY (DESIGN DEFECT)

1136.   Plaintiff incorporates by reference the allegations in the preceding paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1 through 1135 of the Complaint as if fully set forth herein.

1137.   At all times relevant to this Complaint, Defendants were engaged in the business of selling PFAS-infused products.

**ANSWER:** 3M admits that it has, at certain times, sold certain PFAS and PFAS-containing products.  3M denies the remaining allegations contained in Paragraph 1137 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1138.   As manufacturers or distributors of PFAS-infused products, Defendants had a duty not to place into the stream of commerce a product that is unreasonably dangerous and not reasonably safe, and they owed that duty to all persons, including the Wisconsin Class members, who might be foreseeably harmed by PFAS-infused products.

**ANSWER:** The allegations contained in Paragraph 1138 of the Complaint state legal conclusions as to which no response is required. To the extent a response is required, 3M denies the allegations contained in Paragraph 1138 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1139. PFAS-infused products are unreasonably dangerous and not reasonably safe for their foreseeable uses and misuses because, among other things:

  a. PFAS cause extensive and persistent contamination of the environment even when used in their foreseeable and intended manner.

  b. PFAS contamination poses significant threats to public health, economic welfare, and the environment.

  c. Defendants failed to disclose these threats to fire departments, Wisconsin Class members and the public generally but instead downplayed and misrepresented the dangers posed by their PFAS products.

**ANSWER:** 3M denies the allegations contained in Paragraph 1139 of the Complaint, including each of its subparts as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1140. At all relevant times, PFAS-infused turnout gear was in a defective condition unreasonably dangerous to (and not reasonably safe for) the Wisconsin Class members, to an extent beyond that which would be expected or contemplated by an ordinary consumer when used in an ordinary and reasonably foreseeable manner.

**ANSWER:** 3M denies the allegations contained in Paragraph 1140 of the Complaint.

1141. At all relevant times, Wisconsin Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1141 of the Complaint.

1142. Defendants knew of these risks and nevertheless failed to use reasonable care in the design of their PFAS-infused products. Defendants could have made products that did not contain the PFAS chemicals at issue in this complaint or could have designed their PFAS-infused products in ways that substantially reduced or eliminated the health and environmental dangers posed by PFAS, the omission of which renders those products not reasonably safe. Defendants' failure to adopt those reasonable, feasible, safer, alternative designs rendered their products defective, not reasonably safe, and unreasonably dangerous to persons and to property.

**ANSWER:** 3M denies the allegations contained in Paragraph 1142 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1142 of the Complaint as they pertain to other Defendants.

1143. At all relevant times, the foreseeable risk of harm to public health, property, and the environment posed by Defendants' PFAS-infused products outweighed the utility of using PFAS in those products and outweighed the cost to Defendants of reducing or eliminating such risk.

**ANSWER:** 3M denies the allegations contained in Paragraph 1143 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1144. Defendants' PFAS-infused products were defectively designed at the time they left Defendants' control, and those products reached their end users without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1144 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1144 of the Complaint. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1145. As a direct and proximate result of Defendants' unreasonably dangerous and not reasonably safe design of PFAS-infused products, Wisconsin Class members have been injured.

**ANSWER:** 3M denies the allegations contained in Paragraph 1145 of the Complaint as they pertain to 3M. 3M denies that a causal connection has been established between exposure to any PFAS at levels typically found in the environment and any human health effects. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1146. These and other acts by Defendants were a direct and proximate cause of damages to Wisconsin Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1146 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief

whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations as they pertain to other

Defendants.

### COUNT XCIII (AGAINST ALL DEFENDANTS)
### STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

1147. Plaintiff incorporates by reference the allegations in the preceding
paragraphs of this complaint.

**ANSWER:** 3M incorporates by reference its responses to Paragraphs 1

through 1146 of the Complaint as if fully set forth herein.

1148. As manufacturers or distributors of PFAS-infused products,
Defendants had a strict duty to adequately warn against latent dangers resulting
from foreseeable uses and misuses of their products that Defendants knew about.
Defendants' duty to warn extended to all third parties who might be foreseeably
harmed by the ordinary use and misuse of their products, including Wisconsin
Class members, as well as to all turnout gear manufacturers who treated their
turnout gear with PFAS-infused products before selling them to Wisconsin Class
members.

**ANSWER:** The allegations contained in Paragraph 1148 of the Complaint

state legal conclusions as to which no response is required. To the extent a

response is required, 3M denies the allegations contained in Paragraph 1148 of the

Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations as they pertain to other

Defendants.

1149. Notwithstanding Defendants' superior knowledge of the risks posed by PFAS-infused products, Defendants failed to warn the public and Wisconsin Class members of those risks.

**ANSWER:** 3M denies the allegations contained in Paragraph 1149 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1150. Any warnings that Defendants might have disseminated were rendered ineffective by their false and misleading public statements about the dangers of PFAS-infused products, and their widespread and longstanding efforts to conceal and misrepresent the public health and environmental impacts of PFAS.

**ANSWER:** 3M denies the allegations contained in Paragraph 1150 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1151. Defendants' inadequate warnings and instructions rendered PFAS-infused products defective and not reasonably safe.

**ANSWER:** 3M denies the allegations contained in Paragraph 1151 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1152. Defendants' PFAS-infused products were defective by virtue of their inadequate warnings at the time they left Defendants' control, and those PFAS products reached their end user without substantial change in their condition.

**ANSWER:** 3M denies the allegations contained in Paragraph 1152 of the Complaint as they pertain to 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1153. Defendants' failure to warn proximately caused reasonably foreseeable injuries to Wisconsin Class members, who would have heeded legally adequate warnings about the dangers of PFAS products. At all relevant times, Wisconsin Class members used their turnout gear with PFAS-infused products as intended.

**ANSWER:** 3M denies the allegations contained in Paragraph 1153 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1154. These and other acts by Defendants were a direct and proximate cause of damages to Wisconsin Class members.

**ANSWER:** 3M denies the allegations contained in Paragraph 1154 of the Complaint as they pertain to 3M. 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M. 3M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to other Defendants.

1155. On April 1, 2025, Plaintiff mailed the statutory notice required by Wyoming Statutes § 40-12-109.

**ANSWER:** 3M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1155 of the Complaint. 3M notes that paragraph 1155 appears to reference Wyoming statutory requirements in the context of Wisconsin Class claims.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of itself, its members, and members of the Class, seek monetary and equitable relief, including:

A.      Compensatory damages and treble damages as allowed by law;

B.      A corrective notice program under Fed. R. Civ. P. (b)(23); and

C.      Such other and further relief as the Court deems appropriate.

**ANSWER:** 3M denies that Plaintiff is entitled to any relief whatsoever as against 3M, including but not limited to compensatory damages, treble damages, corrective notice programs, or any other equitable or legal relief.

## 3M'S AFFIRMATIVE AND OTHER DEFENSES

3M asserts the following additional defenses and affirmative defenses. In disclosing these defenses, 3M does not assume any burden of proof not otherwise required by law. 3M reserves its right to amend this Answer.

### I.    FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

### II.    SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks Article III standing to assert claims against 3M where the alleged injury is not traceable to 3M.

### III.    THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff, a Montana-based entity alleging Montana-based injuries, lacks standing to assert claims under the laws of states other than Montana.

### IV.    FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, acquiescence, waiver, estoppel, accord and satisfaction, ratification, and unclean hands.

## V.    FIFTH DEFENSE

Plaintiff's claims are barred because 3M had no duty to Plaintiff.

## VI.    SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, statute(s) of repose, or other rules, regulations, or doctrines requiring the institution of an action within a certain prescribed period of time or by a certain date.

## VII.    SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all relevant times, 3M exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## VIII.    EIGHTH DEFENSE

3M asserts the change of the product, material, or equipment's condition as a defense.

## IX.    NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged injuries, if any, resulted from the acts and/or omissions of co-defendants or non-parties other than 3M.

## X.    TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if any, were not caused by any conduct of 3M, and/or because they are the

result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct or product sold by 3M.

## XI.    ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no action of 3M was the proximate, substantial, or actual cause of Plaintiff's alleged injuries.

## XII.    TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege that 3M supplied any PFAS or PFAS-containing products that ended up in turnout gear purchased by Plaintiff, and any causal chain is too attenuated to establish proximate cause.

## XIII.    THIRTEENTH DEFENSE

3M denies, to the extent the actions alleged may have occurred, that any other person or entity engaging in the activities alleged was acting as the agent or servant of 3M or at the instruction or subject to the control of 3M with regard to any of the actions described in the Complaint; thus, 3M is not liable for any acts or omissions of such third parties and non-parties.

## XIV.    FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because costs allegedly to be incurred in the future are remote, speculative, conjectural, contingent, unreasonable, excessive, and/or arbitrary and capricious.

## XV.    FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and 3M may not be held liable under retroactive theories not requiring proof of fault or causation.

## XVI.    SIXTEENTH DEFENSE

At all times relevant hereto, the state of the medical, industrial, and scientific arts was that there was no generally accepted or recognized knowledge of any unsafe, inherently dangerous, hazardous, or defective character or nature of PFAS, or related substances, so that there was no duty by 3M to know of any such character or nature or to warn Plaintiff or others similarly situated, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

## XVII.    SEVENTEENTH DEFENSE

At all times during the conduct of its corporate operations, the agents, servants, and/or employees of 3M used proper methods in designing, testing, and manufacturing its products in conformity with the federal and state regulations, standards, specifications, and laws in effect; the available knowledge and research of the scientific and industrial communities; the generally recognized and prevailing industry standards; and the state of the art in existence at the time the

design was prepared and the products, materials, and/or equipment manufactured

and tested.

## XVIII.    EIGHTEENTH DEFENSE

This action is barred by Plaintiff's failure to join necessary and/or

indispensable parties.

## XIX.    NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the sophisticated

purchaser/user, sophisticated/learned intermediary, sophisticated/knowledgeable

user, bulk supplier, component part supplier, or other similar or related doctrines.

## XX.    TWENTIETH DEFENSE

The 3M products at issue, if any, were reasonably fit, suitable, and safe for

their intended purpose.

## XXI.    TWENTY-FIRST DEFENSE

The 3M products at issue, if any, were not inherently dangerous and did not

otherwise present a foreseeable danger to Plaintiff.

## XXII.    TWENTY-SECOND DEFENSE

Plaintiff was not a reasonably foreseeable or intended user of any 3M

products at issue in the Complaint.

## XXIII.    TWENTY-THIRD DEFENSE

Plaintiff's claims are barred to the extent they seek to hold 3M liable for any claims for which it would be a violation of public policy to hold 3M liable, including but not limited to claims for punitive damages and/or penalties.

## XXIV.    TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any award of damages should be limited under relevant law to the extent any fault, negligence, assumption of risk, and/or other culpable conduct by Plaintiff and/or by other persons or entities, including, but not limited to, co-defendants and non-parties, caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common law or statutory doctrines apply.

## XXV.    TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, and any award of damages should be limited to the extent any fault, negligence, assumption of risk, and/or other culpable conduct by other persons or entities, including, but not limited to, co-defendants and non-parties, caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk,

voluntary exposure, and/or other applicable common law or statutory doctrines apply.

## XXVI.    TWENTY-SIXTH DEFENSE

3M cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of 3M, which is expressly denied.

## XXVII.    TWENTY-SEVENTH DEFENSE

If found, in whole or in part, either directly or indirectly, liable for damages, liability for which 3M denies, then 3M is entitled to (i) statutory contribution and/or (ii) common law contribution and indemnification from other persons or entities.

## XXVIII.    TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to allege a feasible or reasonable alternative design for the PFAS, or related substances or products containing such substances, that were manufactured or sold by 3M.

## XXIX.    TWENTY-NINTH DEFENSE

Plaintiff is not entitled to recover from 3M more than 3M's fair, equitable, and proportionate share, if any, of the costs and damages alleged by Plaintiff, or to otherwise recover from 3M more than the amount of such relief, if any, for which 3M is liable.

## XXX.    <u>THIRTIETH DEFENSE</u>

Plaintiff's claims are barred to the extent that they seek to recover costs, damages, and expenses that Plaintiff incurred unnecessarily or improperly.

## XXXI.    <u>THIRTY-FIRST DEFENSE</u>

The damages sought by Plaintiff, if awarded, should be reduced by any amounts Plaintiff may recover from any other sources, and Plaintiff is barred from any form of double recovery regardless of the nature or source of such recovery.

## XXXII.    <u>THIRTY-SECOND DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable steps to mitigate Plaintiff's alleged damage and by the doctrines of avoidable consequences, open and obvious risk, assumption of risk, voluntary exposure, and acquiescence.

## XXXIII.    <u>THIRTY-THIRD DEFENSE</u>

To the extent that Plaintiff has received or may receive some or all of the requested relief from a governmental agency or other third party, 3M asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

## XXXIV.    <u>THIRTY-FOURTH DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

## XXXV.    THIRTY-FIFTH DEFENSE

Plaintiff's request to recover attorney's fees and expenses is barred, in whole or in part, to the extent recovery of attorney's fees and expenses is not expressly authorized by Montana or other applicable law.

## XXXVI.    THIRTY-SIXTH DEFENSE

Plaintiff has no evidence upon which punitive or exemplary damages may be awarded under relevant statutory or common law.

## XXXVII.    THIRTY-SEVENTH DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or violate the due process protections afforded by the United States Constitution and the Constitutions of relevant states.

## XXXVIII.    THIRTY-EIGHTH DEFENSE

To the extent Plaintiff is seeking punitive damages, 3M specifically incorporates by reference any and all standards and limitations regarding the determination and/or enforceability of punitive damage awards specified in decisions of the United States Supreme Court, including, but not limited to, *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993).

## XXXIX.    THIRTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of Federal Preemption, including express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specifications, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch .

## XL.    FORTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that Plaintiff's alleged injuries were caused by exposure to any product(s) attributable to 3M.

## XLI.    FORTY-FIRST DEFENSE

Plaintiff's equitable claims are barred because Plaintiff has an adequate remedy at law.

## XLII.    FORTY-SECOND DEFENSE

Plaintiff may be barred by the doctrine of res judicata and collateral estoppel from forms of relief sought in the Complaint.

## XLIII.    FORTY-THIRD DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, permitted, ratified, or were aware of and acquiesced in actions by 3M that are the subject of Plaintiff's claims. 3M is not

responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## XLIV.    FORTY-FOURTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

## XLV.    FORTY-FIFTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent they violate 3M's First Amendment rights to free speech.

## XLVI.    FORTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by various provisions, including but not limited to provisions concerning disclaimer of warranties, limitations of liability, and exculpation of liability, that are contained in documents such as agreements between 3M and its customers, purchase orders, and Material Safety Data Sheets.

## XLVII.    FORTY-SEVENTH DEFENSE

3M is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by Montana statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages, including but not limited to state tort reform measures and statutes that, although not affirmative defenses, preclude or limit Plaintiff's ability to pursue compensatory and punitive

damages, limit the amount of damages available, and/or provide procedural requirements and protections to a defendant.

## XLVIII.    FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the relief sought will not redress the alleged harm.

## XLIX.    FORTY-NINTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because Plaintiff lacks privity with 3M.

## L.    FIFTIETH DEFENSE

3M is not liable for any products, chemicals, or substances not manufactured or used by 3M.

## LI.    FIFTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, for failing to link any of its alleged harm to any product(s) manufactured by 3M.

## LII.    FIFTY-SECOND DEFENSE

Plaintiff's alleged claims are barred to the extent Plaintiff's response actions will be, are, or have been excessive, unnecessary, unreasonable, and/or inconsistent with statutory requirements.

## LIII.    FIFTY-THIRD DEFENSE

3M lacked knowledge of the Plaintiff, any individuals similarly situated, or the alleged actions of the other Defendants as described in the Complaint.

Accordingly, 3M contends that it cannot be held liable for any of the claims brought against it in this Action.

## LIV.    FIFTY-FOURTH DEFENSE

Plaintiff lacks statutory standing to pursue a civil RICO claim against 3M under the indirect-purchaser rule because Plaintiff did not purchase turnout gear directly from 3M.

## LV.    FIFTY-FIFTH DEFENSE

Plaintiff's RICO claim fails because the Complaint does not plausibly allege that 3M conducted or participated in the conduct of an enterprise, as opposed to conducting its own business affairs.

## LVI.    FIFTY-SIXTH DEFENSE

Plaintiff's RICO claim fails because the Complaint does not plausibly allege the existence of a RICO enterprise, whether as a legal entity or as an "associated-in-fact" enterprise with an ascertainable structure, common purpose, and ongoing organization.

## LVII.    FIFTY-SEVENTH DEFENSE

Plaintiff's RICO claim fails because the Complaint does not plausibly allege that any of 3M's supposed racketeering activities proximately caused Plaintiff's alleged injuries.

## LVIII.    FIFTY-EIGHTH DEFENSE

Plaintiff's RICO claim fails because ordinary business interactions between separate companies do not establish the requisite enterprise relationship for RICO liability.

## LIX.    FIFTY-NINTH DEFENSE

Plaintiff's RICO claim is barred because the alleged "PFAS Concealment Enterprise" lacks the organizational structure, common purpose, and ongoing relationships required for an associated-in-fact enterprise under 18 U.S.C. § 1961(4).

## LX.    SIXTIETH DEFENSE

Plaintiff's RICO conspiracy claim under 18 U.S.C. § 1962(d) fails because Plaintiff has failed to adequately plead a substantive violation of RICO.

## LXI.    SIXTY-FIRST DEFENSE

Plaintiff's Montana Consumer Protection Act ("MCPA") claim and similar claims under the laws of any other relevant jurisdiction fails because Plaintiff has not alleged detrimental reliance on any statements made by 3M as required under law.

## LXII.    SIXTY-SECOND DEFENSE

Plaintiff's MCPA claim and similar claims under the laws of any other relevant jurisdiction fail because Plaintiff, as a municipal entity purchasing turnout gear for its firefighters, is not a "consumer" within the meaning of the relevant law.

### LXIII.     SIXTY-THIRD DEFENSE

Plaintiff's design defect claims fail because Plaintiff has not alleged that 3M caused any alleged defects in Plaintiff's turnout gear.

### LXIV.     S SIXTY-FOURTH DEFENSE

Plaintiff's failure-to-warn claims fail because Plaintiff has not alleged that 3M had a duty to warn Plaintiff or that any warning by 3M would have prevented Plaintiff's alleged injuries.

### LXV.     SIXTY-FIFTH DEFENSE

Plaintiff's implied warranty of merchantability claims fail because Plaintiff has not alleged privity with 3M and because the turnout gear at issue was manufactured and sold by other Defendants.

### LXVI.     SIXTY-SIXTH DEFENSE

Plaintiff's conspiracy claims fail because Plaintiff has failed to plead an underlying tort or wrong forming the basis for civil conspiracy.

### LXVII.     SIXTY-SEVENTH DEFENSE

Plaintiff's claims alleged in the Complaint may not be properly maintained or certified as a Class Action.

### LXVIII.     SIXTY-EIGHTH DEFENSE

No class can be certified because none of the criteria of Federal Rule of Civil Procedure 23 have been or can be satisfied.

## LXIX.    SIXTY-NINTH DEFENSE

Plaintiff's claims do not raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the purported class, and any factual and legal issues that are common do not predominate over non-common issues.

## LXX.    SEVENTIETH DEFENSE

Plaintiff's claims are not typical of the claims of each member of the purported class.

## LXXI.    SEVENTY-FIRST DEFENSE

Plaintiff cannot fairly and adequately protect and represent the interests of each member of the putative class, and Plaintiff lacks standing and class standing to assert claims on behalf of the putative class.

## LXXII.    SEVENTY-SECOND DEFENSE

The class action allegations of the Complaint are barred in that trying Plaintiff's claims through a class action or other aggregate proceeding would violate 3M's due process and other constitutional rights by (a) allowing for the recovery of damages by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (c) depriving 3M of its right to defend itself with respect to individual claims.

## LXXIII.    SEVENTY-THIRD DEFENSE

This Court lacks personal jurisdiction over 3M. 3M is not subject to general personal jurisdiction in Montana because Montana is neither its place of incorporation nor its principal place of business. 3M is not subject to specific personal jurisdiction in Montana because Plaintiff has not alleged that 3M purposefully directed any activities at Montana relating to the claims in this action.

## LXXIV.    RESERVATION OF DEFENSES

3M incorporates by reference as if set forth herein in their entirety all applicable defenses set forth in the answers of all other defendants, except to the extent they seek to impose any liability on or allocation of fault to 3M, and, further, reserves the right to amend or supplement these defenses with any additional defenses that may become available during discovery or at trial.

## DEMAND FOR JURY TRIAL

3M hereby demands a jury trial of all issues so triable.

WHEREFORE, Defendant 3M Company prays that Plaintiffs' Complaint and all causes of action against it be dismissed with prejudice, together with costs and disbursements. 3M further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.

DATED this 3rd day of February, 2026.

/s/ Brianne C. McClafferty
Brianne C. McClafferty
Holland & Hart LLP

ATTORNEYS FOR DEFENDANT
3M COMPANY