# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| CITY AND COUNTY OF BUTTE-SILVER BOW, MONTANA; SANTA MONICA, CALIFORNIA; CITY OF STAMFORD, CONNECTICUT; OLD MYSTIC FIRE DISTRICT, CONNECTICUT; MAYOR AND CITY COUNCIL OF BALTIMORE, MARYLAND; CHARLES COUNTY, MARYLAND; CITY OF ST. LOUIS, MISSOURI; KANSAS CITY, MISSOURI; ANNISTON, ALABAMA; LITTLE ROCK, ARKANSAS; PINE BLUFF, ARKANSAS; MARKHAM, ILLINOIS; GARY, INDIANA; WORCESTER, MASSACHUSETTS; BOROUGH OF EMMAUS, PENNSYLVANIA; and CITY OF OAK CREEK, WISCONSIN, | |
| Plaintiffs, | Case No. 2:25-cv-00036-BMM |
| v. | |
| 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY); DUPONT DE NEMOURS, INC.; EIDP, INC. (F/K/A E. I. DUPONT DE NEMOURS AND COMPANY); THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; GLOBE MANUFACTURING COMPANY, LLC; FIRE-DEX LLP; MORNING PRIDE MANUFACTURING LLC, W.L. GORE & ASSOCIATES, INC.; LION GROUP, INC.; and INNOTEX CORP, | |
| Defendants. | |

## PROTECTIVE ORDER

To enable the flow of discovery material and adequately protect material that is entitled to be kept confidential, under the circumstances of this particular case, and to promote compliance with the Local Rules and practices of the United States District Court for the District of Montana, the parties (the "Parties," and each individually a "Party") have jointly submitted, and the Court approves, this proposed Protective Order, pursuant to Fed. R. Civ. P. 26(c) and D. Mont. L. R. 26.4.

**Purposes and Limitations.** The Parties anticipate producing Material (as defined in paragraph 2.b below) to each other that contains confidential, proprietary, or sensitive information. The Parties are willing to provide this Material to each other for inspection and review under this Protective Order containing the hereinafter stated terms and conditions. By entering this Protective Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any Party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.

It is hereby ORDERED as follows:

1.    **<u>Scope</u>.** This Protective Order shall apply to Materials exchanged by the Parties to this Action or by third parties in discovery in this matter as further set forth below. Nothing in this Protective Order creates a presumption or implies that Material designated by a Party pursuant to this Protective Order actually constitutes

2

protected information under applicable law, and such determination may be made at a later time by this Court.

2.      **Definitions.** As used in this Protective Order, the terms below have the following meanings. If not expressly defined herein, all terms used in this Protocol shall be defined as they are in *The Sedona Conference Glossary: eDiscovery and Digital Information Management, Fifth Edition (2020)*.

      a.      **"Action"** refers to this litigation captioned *City & Cnty. Of Butte-Silver Bow, et al. v. 3M Co. et al.*, Case No. 25-cv-00036, and any appeal from that action.

      b.      **"Material"** or **"Materials"** refers to documents, information, or any other tangible material or thing produced in the Action, including all materials within the scope of Fed. R. Civ. P. 26(b)(1), includes all materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure, and all exhibits, evidence, or testimony used or given at trial, at hearings, in depositions, or in other proceedings in the Action and any other means of presenting, producing, or revealing information.

      c.      **"Producing Party"** or **"Designating Party"** is the Party or non-party producing Material and/or designating Material as Confidential Material, Highly Confidential Material, or Export Control Material.

d.   **"Receiving Party"** is a Party or non-party receiving or having access to Material.

e.   **"Challenging Party"** is the Party that challenges a particular designation of Material as Confidential Material, Highly Confidential Material, or Export Control Material pursuant to Section 11 of this Protective Order.

f.   A **"Competitor"** means any manufacturer (including its affiliates) involved in the manufacture or sale of any per- or polyfluoroalkyl substances ("PFAS") or product that has a PFAS constituent, as that term is used in the Complaint in this Action.

g.   A **"TOG Competitor"** is any business involved in the manufacture, assembly, distribution, or sale of firefighting gear or the components of firefighting gear.

h.   **"Confidential Material"** means Material designated as Confidential Material in accordance with this Protective Order unless (a) the Designating Party withdraws the confidential designation, or (b) the Court has determined that the Material does not constitute Confidential Material. A Party may only designate Material as Confidential Material if it has a good-faith basis to believe that the Material is, constitutes, or contains Material that is confidential under statute, rule, or other

4

applicable law, including Material or other tangible things that is confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publicly available, Confidential Health Information, Protected Health Information, Personally Identifiable Information or that otherwise meets the standard for protection set forth in Federal Rule of Civil Procedure 26(c)(1)(G). Notwithstanding the foregoing, a Producing Party may not designate as Confidential Materials any Materials that have been made publicly available, including through properly unsealed court filings, public EPA dockets, and/or other similar means by which the Material was placed in the public domain, except where the Material was made public in violation of this Protective Order. References to "Confidential" shall mean "Confidential Material."

i.    **"Highly Confidential Material"** means Material designated as Highly Confidential Material in accordance with this Protective Order unless (a) the Designating Party withdraws the Highly Confidential Material designation, or (b) the Court has determined that the Material does not constitute Highly Confidential Material. A Party may only designate Material as Highly Confidential Material if it has a good-faith basis to believe that (a) the Material is, constitutes, or contains Information that

5

is confidential under statute, rule, or other applicable law, including Material, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, Confidential Health Information, Protected Health Information, Personally Identifiable Information or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and (b) (i) the Material could provide its Competitor(s) with an advantage, including, for example, an economic advantage, or (ii) the Material, if released would cause harm to the interests of a governmental entity. Materials designated as "Highly Confidential Material" pursuant to this paragraph are not permitted to be shown to a Competitor(s). "Highly Confidential" shall mean "Highly Confidential Material."

j. **"Highly Confidential Information TOG"** means Highly Confidential Information that is designated by a TOG Competitor, including the defendants to this Action as well as future Defendants who identify themselves to the receiving parties as turnout gear defendants. Highly Confidential Information TOG shall be treated as Highly Confidential Information, except to the extent different treatment is prescribed herein.

k.  **"Export Control Material"** means Material designated as Export Control Material in accordance with this Protective Order unless (a) the Designating Party withdraws the export control designation, or (b) the Court has determined that the Material does not constitute Export Control Material. A Party may only designate Material as "Export Control Material" if it has a good-faith basis to believe that the Material is subject to United States' export control law and regulations. The regulatory obligations with regard to such Materials are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130.

l.  **"Confidential Health Information"** means any patient health information protected by any state or federal law, including, but not limited to patient/insured/member medical records, patient/insured/member claims information, and other information that the Producing Party reasonably believes might contain sensitive personal health information. "Confidential Health Information" does not include any Material in which the Producing Party has redacted the identifiers listed below in paragraph 2.m and does not have actual knowledge that the information could be used alone or in combination

with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing Material that originally contained "Confidential Health Information."

m.   **"Protected Health Information"** shall be defined as set forth in 45 C.F.R. §160.103, including but not limited to: health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual; medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format, to the extent that they identify or reasonably could be expected to identify an individual. Protected Health Information also includes information that

8

contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

- Names;

- All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

- All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, and age to a level of detail greater than in years;

- Telephone numbers;

- Fax numbers;

- Electronic mail addresses;

- Social security numbers;

- Medical record numbers;

- Health plan beneficiary numbers;

- Account numbers;

- Certificate/license numbers;

- Vehicle identifiers and serial numbers, including license plate numbers;

- Device identifiers and serial numbers;

- Web universal resource locators ("URLs");

- Internet protocol ("IP") address numbers;

- Biometric identifiers, including finger and voice prints;

- Full face photographic images and any comparable images;

- Any other unique identifying number, characteristic, or code;

9

- Any other information that the Producing Party knows could be used alone or in combination with other Protected Health Information to identify an individual who is the subject of the information; and

- Family health or social information.

n.    **"Personally Identifiable Information"** shall include the following types of information:

- Social security numbers;

- Account numbers;

- Certificate/license numbers;

- Vehicle identifiers and serial numbers, including license plate numbers;

- Device identifiers and serial numbers;

- Medical record numbers;

- Health plan beneficiary numbers;

- Internet protocol ("IP") address numbers;

- Biometric identifiers, including finger and voice prints;

- Full face photographic images and any comparable images; and

- Any other unique identifying number, characteristic, or code.

The Parties agree that any Confidential Health Information, Protected Health Information, and Personally Identifiable Information whether contained in Materials produced in this litigation or otherwise shall be deemed "Confidential Material" and, as such, subject to the

terms of this Protective Order. Employee medical files shall be deemed "Highly Confidential Material" and, as such, subject to the terms of this Protective Order.

The Parties also seek to ensure that any person who receives and stores Confidential Health Information, Protected Health Information, and Personally Identifiable Information in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, Protected Health Information, and Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Confidential Health Information, Protected Health Information, and Personally Identifiable Information they may receive from any person in connection with this Action.

o.  **"Designated Material"** shall mean any Material designated as Confidential Material, Highly Confidential Material, Export Control Material, Confidential Health Information, Personal Health Information, and/or Personally Identifiable Information under the terms of the Protective Order.

11

3.      **Access to Confidential Material**. All "Confidential Material" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation or any alternative dispute resolution of this Action or the pursuit of insurance coverage for this Action, consistent with the restrictions on use of "Confidential Material" contained in this Protective Order. If Confidential Material is to be used or introduced in open court during trial, the Parties shall confer and seek guidance from the Court reasonably in advance of trial on the use or introduction of such Confidential Material. Except as otherwise determined with the Court's guidance after such conferral, access to any Confidential Materials shall be limited to:

a.      Judges, court reporters, court personnel, videographers, mediators, and special masters during hearings, arguments, depositions, and any other judicial proceedings in or in connection with this Action.

b.      The Parties and counsel for the Parties in this Action, including the outside and in-house counsel of the Parties, and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, including those who have responsibility for pursuing insurance coverage in this Action, in all cases only to the extent reasonably necessary to render professional services in connection with this Action.

c.   Messenger, copy, and other clerical services vendors not employed by a Party or its counsel, only to the extent reasonably necessary to assist the Parties and counsel for the Parties in rendering professional services in this Action.

d.   Defendants' insurers, reinsurers, reinsurance intermediaries, retrocessionaires, lenders, parent companies, member companies, and third-party agents and counsel for such entities, auditors, accountants, and regulators.

e.   Consultants, investigators, and experts retained or consulted by Defendants or their counsel to assist in pursuing insurance coverage for this Action.

f.   Subject to paragraph 7 below, witnesses during depositions, hearings, and trial testimony in this Action, either during deposition or trial testimony or to the extent reasonably necessary to prepare such persons to testify, and counsel for such persons to the extent not included in Section 3(b).

g.   Subject to paragraph 7 below, consultants or experts retained for the purpose of assisting counsel in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

h.  Subject to paragraph 7 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Material or maintaining database programs for handling Material for this Action.

i.  Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Protective Order, including paragraph 7 herein.

4.  **<u>Access to Highly Confidential Material</u>**. All "Highly Confidential Material" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation or any alternative dispute resolution of this Action, consistent with the restrictions on use of "Highly Confidential Material" contained in this Protective Order. Materials designated as "Highly Confidential Material" cannot be disclosed for pursuit of insurance coverage for this Action without consent of the Producing Party. If Highly Confidential Material is to be used or introduced in open court during trial, the Parties shall confer and seek guidance from the Court reasonably in advance of trial on the use or introduction of such Highly Confidential Material. Except as otherwise determined with the Court's guidance after such conferral, access to any Highly Confidential Material shall be limited to:

a.   Judges, court reporters, court personnel, videographers, mediators, and special masters in connection with hearings, arguments, depositions, and any other judicial proceedings in this Action.

b.   Counsel for the Parties in this Action, including the outside counsel of the Parties and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, and the in-house counsel of the Parties who do not directly advise on underlying business issues relevant for purposes of the Action and the secretaries, paralegals, assistants, and other employees of such counsel, in all cases only to the extent reasonably necessary to render professional services in this Action.

c.   Subject to paragraph 7 below, personnel of a Party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to "Highly Confidential Material" dated prior to January 1, 2006, if any is produced in this action, to the extent necessary to assist with the litigation.

d.   Messenger, copy, and other clerical services vendors not employed by a Party or its counsel, only to the extent reasonably necessary to assist

the Parties and counsel for the Parties in rendering professional services in this Action.

e.  Subject to paragraph 7 below, witnesses during depositions and trial testimony in this Action.

f.  Subject to paragraph 7 below, persons noticed for depositions or designated as trial witnesses in this Action to the extent reasonably necessary to prepare such persons to testify.

g.  Subject to paragraph 7 below, consultants or experts retained for the purpose of assisting counsel in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

h.  Subject to paragraph 7 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Materials or designating database programs for handling Materials for this Action.

i.  Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Protective Order, including paragraph 7 herein.

5.      **Access to Highly Confidential Information TOG**. All "Highly Confidential Information TOG" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation or any alternative dispute resolution of this Action, consistent with the restrictions on use of "Highly Confidential Material" contained in this Protective Order. Materials designated as "Highly Confidential Information TOG" cannot be disclosed for pursuit of insurance coverage for this Action without consent of the Producing Party. If Highly Confidential Information TOG is to be used or introduced in open court during trial, the Parties shall confer and seek guidance from the Court reasonably in advance of trial on the use or introduction of such Highly Confidential Information TOG. Except as otherwise determined with the Court's guidance after such conferral, access to any Highly Confidential Information TOG shall be limited to:

    a.      Judges, court reporters, court personnel, videographers, mediators, and special masters in connection with hearings, arguments, depositions, and any other judicial proceedings in this Action.

    b.      Counsel for the Parties in this Action, including the outside counsel of the Parties and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, including those who have responsibility for pursuing insurance coverage in this

Action, in all cases only to the extent reasonably necessary to render professional services in connection with this Action.

c.  Subject to paragraph 7 below, as to each TOG Competitor, in-house counsel employed by that TOG Competitor, provided that (i) the in-house counsel has regular involvement in this Action, (ii) the in-house counsel does not directly advise on business issues, and (iii) disclosure to the in-house counsel is reasonably necessary to this Action; and also provided that before disclosing Highly Confidential Information TOG to in house counsel, the TOG Competitor intending to do so must first identify that in-house counsel to the Producing Party, who will have 14 calendar days to object, whereafter the Parties will have 7 calendar days to resolve the objection or seek a ruling from the Court. While awaiting a ruling on an objection that has been presented to the Court, disclosure of Highly Confidential Information TOG may not be made to the in-house counsel under objection. No employee of a TOG Competitor may access Highly Confidential Information TOG unless otherwise permitted by this Order.

d.  Messenger, copy, and other clerical services vendors not employed by a Party or its counsel, only to the extent reasonably necessary to assist

18

the Parties and counsel for the Parties in rendering professional services in this Action.

e.    Subject to paragraph 7 below, witnesses during depositions and trial testimony in this Action may be shown, but shall not be permitted to retain, Highly Confidential Information TOG, provided that, unless otherwise agreed to by the relevant parties after conferring or ordered by the Court, no Highly Confidential Information TOG of one TOG Competitor may be shown to any witness who is a current employee of another TOG Competitor who is not otherwise authorized to receive the Highly Confidential Information TOG under this Order. Parties who intend during a deposition or trial in this Action to disclose Highly Confidential Information TOG from one TOG Competitor to a current employee of another TOG Competitor must first before doing so confer with the designating Party and, absent agreement, raise the issue with the Court for resolution.

f.    Subject to paragraph 7 below, persons noticed for depositions or designated as trial witnesses in this Action to the extent reasonably necessary to prepare such persons to testify; provided that unless otherwise agreed to by the relevant parties after conferring, no Highly Confidential Information TOG of one TOG Competitor may be shown

to any witness who is a current employee of another TOG Competitor who is not otherwise authorized to receive the Highly Confidential Information TOG under this Order.

g.   Subject to paragraph 7 below, consultants or experts retained for the purpose of assisting counsel in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members, except that, unless otherwise agreed to by the relevant parties after conferring, Highly Confidential Information TOG may not be shown to such consultants or experts who are a current employee of a TOG Competitor.

h.   Subject to paragraph 7 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Materials or designating database programs for handling Materials for this Action, except that, unless otherwise agreed to by the relevant parties after conferring, Highly Confidential Information TOG may not be shown to such consultants or experts who are a current employee of a TOG Competitor.

j.   Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree

to be bound as set forth in this Protective Order, including paragraph 7 herein.

6.    **Access to Export Control Material**. All "Export Control Material" produced in discovery shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Export Control Material" contained in this Protective Order and under applicable United States law. Export Control Material shall not be disclosed to any individual who is not a U.S. Person (as defined by 31 C.F.R. § 560.314) or stored on cloud servers or any media physically located outside of the United States. By entering into this Protective Order, the Parties and their counsel hereby give their assurances that they will implement practices and controls to ensure that access to Export Control Material is restricted to "U.S. Persons" in compliance with the International Traffic in Arms Regulations and Export Administration Regulations. Materials designated as "Export Control Material" cannot be disclosed for pursuit of insurance coverage for this Action without consent of the Producing Party.

7.    **Signing Exhibit A**. Before disclosing Confidential Material or Highly Confidential Material or Highly Confidential Material TOG to any person listed in paragraphs 3(e)-(h) or paragraphs 4(c), (e)-(i), or paragraphs 5(c), (e)-(i) or Export Control Material as set forth in Paragraph 6, the Party proposing such disclosure

must provide a copy of this Protective Order to such person, who must sign the attached Exhibit A. That Party must retain a signed copy on file for inspection by the Court. If the person to whom disclosure is contemplated refuses to sign Exhibit A and is a witness being deposed or compelled to testify pursuant to a subpoena, notice, or other order of this Court, then the Parties will work cooperatively to seek a ruling on the issue by the Court prior to the person's scheduled testimony. While awaiting a ruling on the issue by the Court, no one may disclose Confidential Information, Highly Confidential Information, or Export Control Material to the person at issue.

8.      **Filing Confidential Information or Export Control Material, Highly Confidential Material or Highly Confidential Information TOG with the Court**. Pursuant to the D. Mont. L. R. 5.2 and 26.4 the Parties may seek to restrict public access to Confidential Material, Export Control Material, Highly Confidential Material and Highly Confidential Information TOG contained in Materials filed with the Court. Any request to restrict access must comply with the requirements of the D. Mont. L. R. 5.2 and 26.4.

Any Receiving Party who seeks to file with the Court any Material that has previously been designated by any Producing Party as "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG" or "Export Control Material" shall either (a) obtain the Producing Party's permission to remove

the "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," or "Export Control" designation for the Material, or (b) seek to keep the Material confidential upon motion and in accordance with applicable law, including Rules 5.2 and 26.4 of the Local Rules of this Court. If the filing Party is not the party who designated the Material as Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, or Export Control Material, the Designating Party must file a response or join in the motion within 14 days.

9.      **Designating Information as Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, or Export Control Material**. The Parties may only designate Materials as Confidential Material, Highly Confidential Material, Highly Confidential Information TOG and/or Export Control Material if they have a good-faith basis to believe that the Materials are Confidential Material, Highly Confidential Material, Highly Confidential Information TOG and/or Export Control Material, as the case may be, under statute, rule, or other applicable law and subject to paragraph 2 above. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party

must promptly notify all other Parties that it is withdrawing the mistaken designation.

With respect to Materials that are produced in TIFF format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION TOG" and/or "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" in the Materials in a manner reasonably calculated to be observed by anyone who obtains possession of the Materials. The addition of any designation pursuant to this Protective Order shall not be deemed an alteration of the Materials. With respect to Materials that are produced in native format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION TOG" and/or "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" on a cover sheet produced in TIFF format along with the native file and may include, at the Producing Party's discretion, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION TOG" and/or "EXPORT CONTROL" in the file name of the native file as produced. If a Party adds a designation to the file name

24

for Material produced in native format pursuant to the Stipulated Joint Protocol Governing Discovery of Documents and Electronically Stored Information entered in this Action, then such additions will not be considered an alteration of the file.

10.    **<u>Re-Production of Materials from Other Related Litigation(s)</u>**. To the extent that any Party re-produces Materials from other related litigation(s), all such Material clearly marked as being "Confidential Material" and subject to a protective order in such litigation will be deemed designated as "Confidential Material" in this Action (subject to challenge in this Action as provided below in Paragraph 12); all such Material clearly marked "Export Control Material" will be deemed designated as "Export Control Material" in this Action (subject to challenge in this Action as provided below in Paragraph 12); and all such Material clearly marked "Highly Confidential Material" or "Highly Confidential Information TOG" will be deemed designated as "Highly Confidential Material" or "Highly Confidential Information TOG" in this Action (subject to challenge in this Action as provided below in Paragraph 12). For the avoidance of doubt, for purposes of reproductions, the Parties agree that the provisions of the respective protective orders entered in other litigations shall remain in full force and effect and shall in no way be superseded or nullified by the entry of this Protective Order, except that no party shall assert or argue that production or use of such reproduced Materials in this Action is a violation of any such prior protective orders. Nothing in this Protective Order shall permit a

25

Party to designate any portion of Material produced from other related litigation(s) as "Confidential Material," "Export Control Material," or "Highly Confidential Material" or "Highly Confidential Information TOG" or to reassert or assert a Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control claim over such Material from other related litigation(s) if:

a. The confidentiality or Export Control designation for such Material from other litigation(s) has been withdrawn by the Producing Party during the course of the other related litigation in which the Material originally was produced; or

b. A Court overseeing another litigation(s) in which such Material was/were originally produced previously overruled the confidentiality or Export Control designation for such Material.

Notwithstanding the foregoing provisions, for Materials re-produced in this Action from other related litigation, a Producing Party is not precluded from newly designating re-produced Material or amending a designation of re-produced Material in a reasonable and particularized manner upon a Producing Party's discovery of the need for such amendment(s). In such instances, a Producing Party shall promptly designate or amend a designation of re-produced Material. Contemporaneously with producing a new or amended designation, a Producing Party shall set forth in writing the good-faith basis supporting a new or amended designation and, if requested, shall

confer with a Receiving Party about same. A Receiving Party may contest the designation applied to re-produced Material in this Action if the Receiving Party has a demonstrated good-faith basis to believe that the re-produced Material is no longer appropriate for designation as Confidential or Highly Confidential because it has been published in the public domain or otherwise become public other than through the actions of the Receiving Party.

11.   **Designating Deposition Transcripts as Confidential, Highly Confidential, or Export Control**. Depositions or portions of depositions taken in this Action and any Materials used at those depositions may be designated as "Confidential" or "Highly Confidential" or "Highly Confidential Information TOG" and/or "Export Control Material" pursuant to the terms of this Protective Order. A Party may designate deposition exhibits or transcripts as Confidential, Highly Confidential, Highly Confidential Information TOG, and/or Export Control Material, on the record at the time the testimony or exhibit is offered, at which time such testimony or exhibit shall be marked "Confidential," "Highly Confidential," "Highly Confidential Information TOG," and/or "Export Control Material" by the court reporter and shall be subject to the full protection of this Protective Order. If on the record designation occurs, the Designating Party must memorialize such on the record designation by the "line and page" process that follows. If assertions of designations are reserved or otherwise not made at the deposition, to designate

27

deposition transcripts as Confidential or Highly Confidential Highly Confidential Information TOG, and/or Export Control Material, a Party must make a "line and page" designation by written notice to the other parties within 30 calendar days after receipt of the transcript of the deposition from the court reporter. Exhibits will retain the designations of Confidential, Highly Confidential, Highly Confidential Information TOG, and/or Export Control Material that may appear on their faces unless otherwise indicated in writing by the Party that originally designated the document. Unless otherwise agreed, depositions and Materials, or exhibits used at those depositions shall be treated as "Highly Confidential" during the 30-calendar-day period following receipt of the transcript from the court reporter, after which time, the failure of a Party to make the above-required designation in writing within 30 (thirty) days of its receipt of the deposition transcript (or such additional time to which the parties may agree) shall result in waiver of any claim of the transcript being deemed either "Confidential," "Highly Confidential," "Highly Confidential Information TOG," or "Export Control Material," subject to paragraph 12 below.

12.    **Contesting Designation of Documents**. If any Party believes that any Material produced in this litigation that is designated Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and/or Export Control Material does not constitute Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and/or Export Control Material, then that

Party may challenge that designation by promptly notifying the Designating Party in writing, identifying the Material contested, and articulating the reason(s) for challenging the designation. The Producing Party or its counsel shall thereafter, within twenty-one (21) days respond to such objection in writing by any of the following (i) agreeing to remove the designation; (ii) stating the reasons for such designation, or (iii) stating the reasons why additional time is needed to respond. If a large volume of documents are contested at once, the Producing Party may request more than 21 days to respond to such objection. If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) at issue, the objecting party may move the Court for an order withdrawing the designation as to the specific designation(s) on which the Parties could not agree. On such motion, the Producing Party shall have the burden of proving that "good cause" exists for the designation at issue. Pending resolution of the Parties' dispute over a designation, the Material in question shall be treated as originally designated by the Producing Party.

13.    **<u>Failure to Designate Materials</u>**. Subject to and without in any way changing the restrictions and limitations set forth in Paragraph 8 above, any Party who fails to identify Material as Confidential Material, Highly Confidential, Material Highly Confidential Information TOG, and/or Export Control Material shall promptly correct the designation, if such designation is permitted under Paragraph 9 above.

Such correction shall be made by providing written notice of the amended designation and substituted copies of the previously produced Material with the appropriate confidentiality and/or Export Control Information designation. Any party that received such previously undesignated Material shall make reasonable efforts to retrieve the original versions of such Material from any person to whom they were provided that would not be entitled to receive the Material under this Protective Order; provided, however, that any party who had received such previously unmarked Material shall have no liability for having received or shared any such Material contained within such Material prior to receipt of the proper designation as Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, or Export Control Material as provided herein, and subject to the Receiving Party's right to challenge any such Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, or Export Control Material designation under the terms of this Protective Order. Such disclosure will not on its own be deemed a waiver in whole or in part of the Producing Party's claim of Confidential, Highly Confidential, Highly Confidential Information TOG, or Export Control status, either as to specific Material disclosed or on the same or related subject matter. Within a reasonable time of receiving such notice, the Receiving Parties will mark the Material and all copies "Confidential Material," "Highly Confidential Material," "Highly Confidential Information

30

TOG," and/or "Export Control Material," as the case may be, and treat the Material as Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and/or Export Control Material, as the case may be, under the terms of this Protective Order, and subject to the Receiving Parties' right to challenge any such designation under the terms of this Protective Order. Notice under this section will be deemed to apply to all copies of the Material disclosed.

14.    **<u>No Waiver of Any Privilege Upon Production</u>**. The parties have agreed that, in discovery in this lawsuit, they do not intend to disclose Material subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privileges or protections.

    a.    The production of any privileged or otherwise protected or exempted Material, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to attorney work-product materials, or the subject matter thereof, as to the produced Material, or any other Material.

    b.    The production of privileged or work-product protected Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state

proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

c.    The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that privileged or work-product protected Material has been produced. Upon receiving written notice from the Producing Party that privileged and/or work-product protected Material has been produced, all such Material, and all copies thereof, shall be returned to the Producing Party or destroyed and provide the Producing Party a certification of destruction within ten (10) calendar days of receipt of such notice and the Receiving Party shall not use such information or information derived from such information for any purpose, except as provided in Paragraph 14(d) herein, until further order of the Court. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Material in hard copy or electronic format, including any Material loaded to databases, and will transmit a clawback notice to individuals or entities other than counsel to whom such Material(s) has been, or might have been, disclosed.

d.    The Receiving Party may contest the Producing Party's privilege or work-product designation and shall give the Producing Party written

notice of the reason for such disagreement. Following a Producing Party's receipt of a Receiving Party's challenge to a clawback, the Producing Party shall respond in writing within twenty-one (21) calendar days by either (a) withdrawing the privilege claim and providing the previously withheld information, (b) identifying all bases for rejecting the challenge to the privilege claim(s) asserted, or (c) identifying why additional time is needed to respond. If a large volume of documents are contested at once, the Producing Party may request more than 21 days to respond to such objection. To the extent any privilege claims are not withdrawn, the Parties may meet and confer in good faith and attempt to resolve or reach mutual compromises about said challenge. However, the Receiving Party may not challenge the privilege or protection claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

e.  Analyses, memoranda, or notes internally generated by a Receiving Party based upon such produced Material – whether in hard copy or electronic format – shall promptly be sequestered in a reasonable manner (e.g., by placing hard copy materials in a sealed envelope or by placing electronic materials on a secured environment) and shall be destroyed in the event that (a) the Receiving Party does not contest that

the Material is privileged or subject to other protections, or (b) the Court rules that the Material is privileged or subject to other protections. Such analyses, memoranda, or notes may only be removed from the sealed envelopes or sequestered electronic spaces and returned to their intended purpose in the event that (a) the Producing Party agrees in writing that the Material is not privileged or subject to other protections, or (b) the Court rules that the Material is not privileged or subject to other protections.

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected Material before production.

For Materials re-produced in this Action from other litigation, and subject to the foregoing provisions of Paragraph 14, a Producing Party is not precluded from asserting privilege and clawing back reproduced Material in accordance with applicable law. In such instances, a Producing Party shall promptly notify other Parties in this Action in writing of the assertion of privilege and clawback of such Materials under the provisions of Paragraph 14. Contemporaneously with the written clawback notice, a Producing Party shall set forth in writing the grounds for the clawback, including for example factual and legal bases, and if requested shall confer with a Receiving Party about same. A Receiving Party may contest the

34

clawback of reproduced material in this Action in accordance with the provisions of Paragraph 14 and applicable law.

This Paragraph 14 shall be interpreted in accordance with Rule 502(d) of the Federal Rules of Evidence as applied by the Court of Appeals for the Ninth Circuit and the United States District Court for the District of Montana.

15.    **Legal Process for Designated Material**. Subject to paragraph 17 below, if Confidential Material, Highly Confidential Information TOG, Highly Confidential Material, and/or Export Control Material of a Producing Party is sought from a Receiving Party by a discovery request, subpoena, order, Montana's Freedom of Information Act (Mont. Code Ann. § 2-6-1). and/or other form of legal process from or by any person, court, or administrative or legislative body, then the party receiving the discovery request, subpoena, order, or other form of legal process must promptly notify the Producing Party. The party receiving the request must not, except to the extent required by applicable law, provide or otherwise disclose such Material until 30 calendar days after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order or other form of legal process. In the event the Producing Party objects to disclosure and intervenes or otherwise moves to quash the request, subpoena, or order, the party to whom the discovery request, subpoena, order, or other form of legal process agrees not to make

any disclosure in response to it until the resolution of the objection by the appropriate court or agency or until directed to do so by court order.

16.    **Storage and Transmittal**. The Parties seek to ensure that any person who receives, transmits, and stores Designated Material in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of Designated Material, and to prevent unpermitted use or disclosure of such Designated Material. Receiving Parties shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Designated Material.

17.    **Use of Designated Material**. Each person given access to Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, or Export Control Material shall treat it as appropriate under this Protective Order and shall take all actions necessary to protect the information. Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and Export Control Material shall be used by a party or person receiving such Material solely for purposes of this Action, and must not be used for any business, competitive, legal, or any other purpose unrelated to this Action without the express written consent of counsel for the Producing Party or by order of the Court. Nothing in this Protective Order limits any Party to this Action from disclosing or otherwise using in this Action:

36

a.    its own Material produced or disclosed in this Action;

b.    any Material produced or disclosed in this Action not designated as "Confidential Material" or "Highly Confidential Material" "Highly Confidential Information TOG," and/or "Export Control Material"; or

c.    Material that a Party already possessed through proper means from other sources, including but not limited to discovery a Party obtained in similar litigation; provided, however, that this provision does not limit a Party's obligations to produce, disclose, or otherwise provide reasonable notice in this Action of such Materials it already possesses in accordance with discovery obligations of the Federal Rules of Civil Procedure.

18.    **Designated Material Produced by a Non-Party**. Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Protective Order. All Material designated by the non-party as Confidential Material, Highly Confidential Information TOG, Highly Confidential Material, and/or Export Control Material will be treated in the same manner as any Confidential Material, Highly Confidential Information TOG, Highly Confidential Material and/or Export Control Material (as the case may be) produced by the Parties.

37

19.    **<u>Non-Termination</u>**. The duty to treat Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and Export Control Material as set forth in this Protective Order survives the completion of this Action. At the conclusion of this Action by settlement, jury verdict, judgment order, or otherwise, including any and all appeals, and the resolution of insurance claims through settlement, or the non-appealable order disposing of any action concerning the pursuit of insurance coverage for this Action, each Party so requested must either return all Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and Export Control Material to counsel for the Party that produced it; or must destroy it and provide a written certification of such destruction, unless otherwise agreed among the Parties. The return or destruction of Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and Export Control Material under this paragraph will include, without limitation, all copies and duplicates thereof. The Parties will certify, within 90 days of receipt of a written request for certification, or such other time frame agreed among the parties, that all Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and Export Control Material required to be returned or destroyed has been so returned or destroyed, unless otherwise agreed by the Parties. Unless otherwise ordered by the Court, this Paragraph does not apply to (a) copies of pleadings or other papers that have been filed with the Court and that contain

Confidential Material, Highly Confidential Material, Highly Confidential Information TOG, and/or Export Control Material; (b) the Parties' counsel's work product; or (c) official deposition, trial or other Court transcripts and exhibits thereto. The terms and provisions of this Protective Order will continue to apply to any such materials retained by counsel.

20.    **<u>Non-Waiver of Objections</u>**. Neither this Protective Order nor any of the provisions described herein is a waiver of any Party's right to object to the admissibility or discoverability of any Material on bases not addressed by this Protective Order; or to seek further protection from the Court before producing Material that any Party believes may not be adequately protected by the provisions of this Protective Order, or to seek leave to refuse production of such Material.

21.    **<u>Data Security</u>.** Receiving Parties agree to take reasonable precautions to protect "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material" from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to using user-specific passwords or PIN numbers where appropriate to protect electronically stored information, and using appropriate physical security measures to safeguard hardcopy documents, ensuring that:

    a.    "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material" in

paper format is to be maintained in a secure location with access limited to persons entitled to access "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material" under this Order; and

b.  Summaries of "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material," including any lists, memorandum, indices or compilations prepared or based on an examination of "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material," that quote from or paraphrase "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material in a manner that enables it to be identified, shall be accorded the same status of confidentiality as the underlying "Confidential Material," "Highly Confidential Material," "Highly Confidential Information TOG," and/or "Export Control Material."

22.  **<u>Use of Materials With Generative AI.</u>** To the extent any Party uses any tool, including but not limited to any Generative AI tool, into which any Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material is entered or uploaded by any means (whether direct input or document

40

upload, in whole or in part), it is expected under the Protective Order that such Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material entered into the tool and results received from the tool shall (i) be viewable only by persons authorized to receive Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material under the Protective Order, (ii) not be accessible to any person who is not authorized to receive Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material under the Protective Order, (iii) be available exclusively for a use that is expressly permitted by the Protective Order, (iv) be protected by secure data encryption, (v) not be hosted on public cloud servers, and (vi) not be used to train or improve any public models or tools, including but not limited to any public Generative AI models. Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material should only be entered into tools maintained or contained on premises or within a private cloud environment to maintain greater control over data security and privacy, and under no circumstances may Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material be uploaded to a tool or product that is accessible to the public at large. Before submitting any Confidential, Highly Confidential, Highly Confidential Information TOG or Export Control Material to a Generative AI or any similar tool, a Party shall ensure that it (or its vendor) can delete all such Material

from the tool at the conclusion of this Action, including any derivative Materials stored within the tool. The obligations and restrictions of this paragraph apply even where the Material has been anonymized.

23.    **<u>No Admissions or Prejudice</u>**. Nothing in this Protective Order, or any action taken in compliance with it, shall (a) operate as an admission against interest by any Party, (b) prejudice in any way the right of any Party to seek a determination that Designated Materials should or must be disclosed, (c) prejudice in any way the right of a Party to seek a determination that any Designated Materials are required to be disclosed, or (d) prejudice in any way the right of any Receiving Party to seek a determination that Designated Materials were not properly designated. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential or Export Control Information.

24.    **<u>Enforcement</u>**. This Order shall continue to be effective following termination of this Action, and the United States District Court for the District of Montana shall retain jurisdiction with respect to this Protective Order after the final judgment or dismissal of this Action. For purposes of enforcement and other matters related to this Protective Order, each person given access to Designated Materials under this Protective Order will be deemed to have agreed and will be subject to the jurisdiction of this Court for purposes of enforcement.

25. **Modification Permitted**. This Protective Order may be modified at any time by the Court on its own motion or, for good cause shown, on motion of a Party or non-party or by agreement of the Parties with the Court's approval.

26. **Persons Bound**. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, later-added parties, third-party subpoena recipients and Persons made subject to this Protective Order by its terms.

   **DATED this 28th day of May 2026.**


_____
Brian Morris, Chief District Judge
United States District Courts